DONOVAN & YEE LLP
The Soho Building
110 Greene Street
New York, New York 10012
(212) 226-7700
MARYA LENN YEE (MY 4608)
ANDREA L. CALVARUSO (AC 0514)

Attorneys for Plaintiff
Anna Sui Corp.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANNA SUI CORP.,

      Plaintiff,

  -v.-

FOREVER 21, INC., FOREVER 21 RETAIL, INC.,
FOREVER 21 LOGISTICS, LLC and
DO WON CHANG,

      Defendants.
------------------------------------------------------------x

07 CV 3235

07 Civ. _____



## COMPLAINT

Plaintiff Anna Sui Corp. ("Plaintiff" or "Sui") alleges the following for its complaint against Defendants Forever 21, Inc., Forever 21 Retail, Inc., Forever 21 Logistics, LLC and Do Won Chang (each a "Defendant" and collectively "Defendants"), on personal knowledge and on information and belief, as appropriate:

## THE PARTIES

1.     Anna Sui Corp. is a New York corporation with a principal place of business and executive offices at 250 West 39th Street, New York, New York 10018.

2.     Upon information and belief, Defendant Forever 21, Inc. is a Delaware corporation with a principal place of business and executive offices at 2001 S. Alameda Street, Los Angeles, California 90058. Forever 21, Inc. does business in this District with store locations throughout the State and City of New York, and via its website at www.forever21.com.

3.     Upon information and belief, Defendant Forever 21 Retail, Inc. is a California corporation with a principal place of business and executive offices at 2001 S. Alameda Street, Los Angeles, California 90058. Forever 21 Retail, Inc. does business in this District with store locations throughout the State and City of New York.

4.     Upon information and belief, Defendant Forever 21 Logistics, LLC is a Delaware limited liability company with its principal place of business and executive offices at 9 East Lookerman Street, Dover, Delaware 19901. Forever 21 Logistics, LLC is doing business in the State of New York and in this District.

5.     Upon information and belief, Defendant Do Won Chang is an individual and the Chief Operating Officer of Defendant companies. Defendant Do Won Chang is a dominant and controlling force in the infringing activities complained of herein.

## JURISDICTION AND VENUE

6.     Sui brings this action under the Copyright Act of 1976, 17 U.S. C. §§ 101, *et seq*. (the "Copyright Act"), the Lanham Trade-Mark Act, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), and the laws of the State of New York, including §§ 349 *et seq.* of the New York General Business Law, against Defendants for, *inter alia*, willful infringement of Sui's registered and common law copyrights, unfair competition and false designation of origin or sponsorship, and

unfair competition under New York State law.

7.      This Court has jurisdiction pursuant to Sections 501, *et seq.* of the Copyright Act, Section 1125(a) of the Lanham Act and 28 U.S.C. § 1331, 1332 and 1338(a) over causes of action alleging copyright infringement, unfair competition and false designation of origin. Supplemental jurisdiction is proper under 28 U.S.C. § 1338 and 1367 over causes of action created by the laws of the State of New York because these claims arise as part of the same case or controversy.

8.      Venue is proper in this District under 28 U.S.C. § 1391 as the Defendants conduct business in this District, a substantial portion of the activity of which Plaintiff complains took place in this District, Defendants are subject to personal jurisdiction in this District, and the individual Defendant is a conscious, active and dominant force in the infringing activity complained of herein.

## BACKGROUND

9.      Anna Sui is a leading designer of women's fashions and a fixture of the American fashion world. For over 25 years Anna Sui has been identified as one of the "coolest" names in American fashion, known for her signature head-to-toe designs. Ms. Sui's designs mix vintage styles with current cultural iconography to produce hip and exuberant original clothes, a "pastiche of hip and haute styles" (*New York Times)*. Her runway shows are one of the most anticipated each season. *Time* magazine has named Ms. Sui one of "This Decade's Top 5 Fashion Icons."

10.     In 1992, Ms. Sui opened the first of her own stores and in 1993 she won the prestigious CFDA Perry Ellis Award for New Fashion Talent. For at least the past 15 years, Ms. Sui and her designs have been regularly featured in the premier pages of the industry's leading journals, including but not limited to *Vogue, Elle* and *Women's Wear Daily.* Plaintiff's business, under

3

Ms. Sui's leadership and inspiration, has grown to now include distribution in over 300 sales outlets in 30 countries; accessory, shoe, cosmetic and fragrance lines; and the licensing of the ANNA SUI brand and Sui designs to various products, from a limited collection of Mattel BARBIE dolls to a limited collection of Samsung phones. Her designs are regularly featured on leading celebrity talents such as Christina Ricci, Cher, Naomi Campbell, Lindsay Lohan, Maria Sharapova and Courtney Love.

11.     Plaintiff Sui was incorporated March 26, 1981 and holds all right, title and interest to the ANNA SUI name and Ms. Sui's designs. Sui's business growth and leadership in the industry has been regularly heralded in the general and business press, including in such leading journals as *The New York Times, Time* and *Forbes*. Sui has received enormous unsolicited media coverage and is widely admired as a cutting edge designer. Sui is now a fashion leader in the design, development, manufacture and sale of women's apparel, accessories, cosmetics and related goods (the "Sui Products").

12.     Sui is the owner of numerous trademark registrations for its mark ANNA SUI as well as numerous copyright registrations filed with the U.S. Copyright Office for its unique and original print and fabric designs (the "Sui Designs"). Sui Products bearing the Sui Designs have become widely recognized for their distinctive and original style, and for their high quality of manufacture. Authentic Sui Products bearing the Sui Designs bear the ANNA SUI mark. The current Sui Products collection is available at www.annasui.com and at its flagship store at 113 Greene Street, New York, New York in this District.

13.     As a result of the quality and reputation of the Sui Products and the desirability and recognition of the Sui Designs, Sui has achieved an outstanding reputation in the marketplace and among consumers. The Sui Products and the Sui Designs have come to symbolize the reputation and goodwill of Ms. Sui and her company, Plaintiff Sui.

14. Sui Products are sold in ANNA SUI boutiques and in hundreds of high-end retail outlets in the U.S. and throughout the World, including such high-end department stores as Neiman-Marcus, Bergdorf Goodman, Henri Bendel and Saks Fifth Avenue. Sui's advertising and promotions are well known for their unique presentation and style, tailored to each season's Sui Designs. Sui Designs and Sui's marketing efforts and the quality of its Sui Products have resulted in hundreds of millions of dollars in sales per annum for Sui Products.

15. At certain times each year, Sui and the entire high-end fashion industry present their designs for the coming season to the trade. These collections are shown for the first time each year at the New York Spring and Fall fashion weeks at Bryant Park. The new collections receive widespread media attention and are a centerpiece of fashion and lifestyle news for weeks. Fashion critics publish daily reports of the collections and remark on the designs they believe will prove most popular with consumers and the fashion press.

## DEFENDANTS' INFRINGING ACTIVITIES

16. A few weeks ago, it was brought to the attention of Sui that Defendants were selling and offering for sale in their stores numerous women's clothing items bearing a striking similarity to the Sui Products featured at the most recent New York Fashion Week shows. Indeed, much of the collection displayed by Sui at the shows had itself not yet been finally manufactured and Sui's own distribution of some of its newest Sui Products not yet released. Upon investigation, Sui determined that Defendants had copied numerous of Sui's most recent Sui Designs and that Defendants had made an ongoing practice of such copying from a number of recent collections, since at least late 2005. Such copying was clearly blatant and intentional. A detailing of the Sui Designs copied, particularly when viewed in the context of the similarity of the overall garment designs in which the infringing designs are incorporated, makes evident that Defendants copying was willful as a matter of law.

17. For example, in 2005, Sui created the Sui Design "Medallions," an enlarged sample of which is annexed hereto as Exhibit 1-A. "Medallions" was incorporated prominently as an alternating print in an original Sui Product. Photos of the Sui Product bearing the "Medallions" Sui Design and Defendants' infringing product are annexed hereto as Exhibit 1-B. Defendants have copied "Medallions" as the alternating print with "Stained Glass Border," referenced in Paragraph 18 below, in the dress shown in Exhibit 2-B and bearing an overall striking similarity to the entire design of a Sui Product. "Medallions" is the subject of U.S. Copyright Reg. No. VA 1-391-590. A true and accurate copy of the Certificate of Registration for "Medallions" is annexed hereto as Exhibit 1-C.

18. In 2005, Sui also created the Sui Design "Stained Glass Border," an enlarged sample of which is annexed hereto as Exhibit 2-A. "Stained Glass Border" was incorporated prominently in an original Sui Product. Defendants have copied "Stained Glass Border" as one of two prints in a dress bearing an overall striking similarity to the entire design of a Sui Product. Photos of the Sui Product bearing the "Stained Glass Border" Sui Design, together with "Medallions" referenced in Paragraph 17 above, and Defendants' infringing product are annexed hereto as Exhibit 2-B. "Stained Glass Border" is the subject of U.S. Copyright Reg. No. VA 1-391-586. A true and accurate copy of the Certificate of Registration for "Stained Glass Border" is annexed hereto as Exhibit 2-C.

19. In 2006, Sui created the Sui Design "Roses Stripe Border," an enlarged sample of which is annexed hereto as Exhibit 3-A. "Roses Stripe Border" was incorporated prominently in numerous original Sui Products. Defendants have copied "Roses Stripe Border" in numerous garments bearing overall striking similarity to the entire design of the Sui Products. Photos of the Sui Products bearing the "Roses Stripe Border" Sui Design and Defendants' infringing products are annexed hereto as Exhibit 3-B. "Roses Stripe Border" is the subject of U.S. Copyright Reg. No. VA 1-391-591. A true and accurate copy of the Certificate of Registration for "Roses Stripe Border" is annexed hereto as Exhibit 3-C.

20.     In 2006, Sui also created the Sui Design "Popcorn Floral," an enlarged sample of which is annexed hereto as Exhibit 4-A. "Popcorn Floral" was incorporated prominently in numerous original Sui Products. Defendants have copied "Popcorn Floral" in numerous garments bearing overall striking similarity to the entire design of the Sui Products. Photos of the Sui Products bearing the "Popcorn Floral" Sui Design and Defendants' infringing products are annexed hereto as Exhibit 4-B. "Popcorn Floral" is the subject of U.S. Copyright Reg. No. VA 1-391-588. A true and accurate copy of the Certificate of Registration for "Popcorn Floral" is annexed hereto as Exhibit 4-C.

21.     In 2006, Sui also created the Sui Design "All Over Trees," an enlarged sample of which is annexed hereto as Exhibit 5-A. "All Over Trees" was incorporated prominently in numerous original Sui Products. Defendants have copied "All Over Trees" in a garment bearing overall striking similarity to the entire design of the Sui Products. Photos of the Sui Products bearing the "All Over Trees" Sui Design and Defendants' infringing product are annexed hereto as Exhibit 5-B. "All Over Trees" is the subject of U.S. Copyright Reg. No. VA 1-391-589. A true and accurate copy of the Certificate of Registration for "All Over Trees" is annexed hereto as Exhibit 5-C.

22.     In 2005, Sui created the Sui Design "Butterfly Border Stripe," an enlarged sample of which is annexed hereto as Exhibit 6-A. "Butterfly Border Stripe" was incorporated prominently in numerous original Sui Products. Defendants have copied "Butterfly Border Stripe" in a garment bearing overall striking similarity to the entire design of the Sui Products. Photos of the Sui Products bearing the "Butterfly Border Stripe" Sui Design and Defendants' infringing product are annexed hereto as Exhibit 6-B. "Butterfly Border Stripe" is the subject of U.S. Copyright Reg. No. VA 1-391-593. A true and accurate copy of the Certificate of Registration for "Butterfly Border Stripe" is annexed hereto as Exhibit 6-C.

23.     In 2005, Sui also created the Sui Design "Dotted Rose Border," an enlarged sample of which is annexed hereto as Exhibit 7-A. "Dotted Rose Border" was incorporated prominently in an original Sui Product. Defendants have copied "Dotted Rose Border" in a garment bearing overall striking similarity to the entire design of the Sui Product. Photos of the Sui Product bearing the "Dotted Rose Border" Sui Design and Defendants' infringing product are annexed hereto as Exhibit 7-B. "Dotted Rose Border" is the subject of U.S. Copyright Reg. No. VA 1-391-587. A true and accurate copy of the Certificate of Registration for "Dotted Rose Border" is annexed hereto as Exhibit 7-C.

24.     In 2005, Sui also created the Sui Design "Shadow Leaf Border," an enlarged sample of which is annexed hereto as Exhibit 8-A. "Shadow Leaf Border" was incorporated prominently in numerous original Sui Products. Defendants have copied "Shadow Leaf Border" in numerous garments bearing overall striking similarity to the entire design of the Sui Products. Photos of the Sui Products bearing the "Shadow Leaf Border" Sui Design and Defendants' infringing products are annexed hereto as Exhibit 8-B. "Shadow Leaf Border" is the subject of U.S. Copyright Reg. No. VA 1-391-595. A true and accurate copy of the Certificate of Registration for "Shadow Leaf Border" is annexed hereto as Exhibit 8-C.

25.     Sui is also the owner of the design "Embroidered Rose Bouquets," an enlarged sample of which is annexed hereto as Exhibit 9-A. "Embroidered Rose Bouquets" was incorporated prominently in an original Sui Product. Defendants have copied "Embroidered Rose Bouquets" in a garment bearing overall striking similarity to the entire design of the Sui Product. Photos of the Sui Product bearing the "Embroidered Rose Bouquets" Sui Design and Defendants' infringing product are annexed hereto as Exhibit 9-B. "Embroidered Rose Bouquets" is the subject of U.S. Copyright Reg. No. VA 1-391-627. A true and accurate copy of the Certificate of Registration for "Embroidered Rose Bouquets" is annexed hereto as Exhibit 9-C.

26.     Copying by Defendants of the Sui embroidery designs has been both by copying the embroidery and as reproduction of the embroidery as a printed design. In 2006, Sui created the

design "Embroidered Floral Vines," an enlarged sample of which is annexed hereto as Exhibit 10-A. "Embroidered Floral Vines" was incorporated prominently in an original Sui Product. Defendants have copied the "Embroidered Floral Vines" embroidery as the print in a garment bearing overall striking similarity to the entire design of the Sui Product. Photos of the Sui Product bearing the "Embroidered Floral Vines" Sui Design and Defendants' infringing product are annexed hereto as Exhibit 10-B. "Embroidered Floral Vines" is the subject of U.S. Copyright Reg. No. VA 1-391-620. A true and accurate copy of the Certificate of Registration for "Embroidered Floral Vines" is annexed hereto as Exhibit 10-C.

27.     In 2005, Sui created the Sui Design "Floral Leaves Border," an enlarged sample of which is annexed hereto as Exhibit 11-A. "Floral Leaves Border" was incorporated prominently in numerous original Sui Products. Defendants have copied "Floral Leaves Border" in numerous garments bearing overall striking similarity to the entire design of the Sui Products. Photos of the Sui Products bearing the "Floral Leaves Border" Sui Design and Defendants' infringing products are annexed hereto as Exhibit 11-B. "Floral Leaves Border" is the subject of U.S. Copyright Reg. No. VA 1-391-594. A true and accurate copy of the Certificate of Registration for "Floral Leaves Border" is annexed hereto as Exhibit 11-C.

28.     In 2006, Sui created the Sui Design "Tea Party Border," an enlarged sample of which is annexed hereto as Exhibit 12-A. "Tea Party Border" was incorporated prominently in an original Sui Product. Defendants have copied "Tea Party Border" in a garment bearing overall striking similarity to the entire design of the Sui Product. Photos of the Sui Product bearing the "Tea Party Border" Sui Design and Defendants' infringing product are annexed hereto as Exhibit 12-B. "Tea Party Border" is the subject of U.S. Copyright Reg. No. VA 1-391-592. A true and accurate copy of the Certificate of Registration for "Tea Party Border" is annexed hereto as Exhibit 12-C.

29.     In 2006, Sui created the Sui Design "Circle Scallop Border," an enlarged sample of which is annexed hereto as Exhibit 13-A. "Circle Scallop Border" was incorporated prominently in numerous original Sui Products. Defendants have copied "Circle Scallop Border" in numerous garments bearing overall striking similarity to the entire design of the Sui Product. Photos of the Sui Products bearing the "Circle Scallop Border" Sui Design and Defendants' infringing products are annexed hereto as Exhibit 13-B. "Circle Scallop Border" is the subject of a pending U.S. Copyright Application. A true and accurate copy of the application for "Circle Scallop Border" is annexed hereto as Exhibit 13-C.

30.     In 2004, Sui created the Sui Design "Battenburg Embroidery," an enlarged sample of which is annexed hereto as Exhibit 14-A. "Battenburg Embroidery" was incorporated prominently in an original Sui Product. Defendants have copied "Battenburg Embroidery" in a garment bearing overall striking similarity to the entire design of the Sui Product. Photos of the Sui Product bearing the "Battenburg Embroidery" Sui Design and Defendants' infringing product are annexed hereto as Exhibit 14-B. "Battenburg Embroidery" is the subject of a pending U.S. Copyright Application. A true and accurate copy of the application for "Battenburg Embroidery" is annexed hereto as Exhibit 14-C.

31.     In 2005, Sui created the Sui Design "Floral Vines Border," an enlarged sample of which is annexed hereto as Exhibit 15-A. "Floral Vines Border" was incorporated prominently in an original Sui Product. Defendants have copied "Floral Vines Border" in a garment bearing overall striking similarity to the entire design of the Sui Product. Photos of the Sui Product bearing the "Floral Vines Border" Sui Design and Defendants' infringing product are annexed hereto as Exhibit 15-B. "Floral Vines Border" is the subject of a pending U.S. Copyright Application. A true and accurate copy of the application for "Floral Vines Border" is annexed hereto as Exhibit 15-C.

32. In 2006, Sui created the Sui Design "Circles and Block Stripe Border," an enlarged sample of which is annexed hereto as Exhibit 16-A. "Circles and Block Stripe Border" was incorporated prominently in an original Sui Product. Defendants have copied "Circles and Block Stripe Border" in a garment bearing overall striking similarity to the entire design of the Sui Product. Photos of the Sui Product bearing the "Circles and Block Stripe Border" Sui Design and Defendants' infringing product are annexed hereto as Exhibit 16-B. "Circles and Block Stripe Border" is the subject of a pending U.S. Copyright Application. A true and accurate copy of the application for "Circles and Block Stripe Border" is annexed hereto as Exhibit 16-C.

33. Defendants' intention to infringe is beyond question. Even in the instance of less copyrightable designs, Defendants have sought out Sui Designs to reproduce for their stores. On information and belief, Defendants, to fill out their line of copies of copyrighted Sui Products, also copied other Sui Products in order to present a more comprehensive collection and unfairly compete with Sui. For example, in 2006, Sui created the Sui Product named "Striped Shirt." Photos of the Sui Product bearing the "Striped Shirt" Sui Design and Defendants' copy are annexed hereto as Exhibit 17.

34. Without authorization or license from Sui, Defendants have flagrantly copied and reproduced for sale or offer for sale, and are marketing, promoting, displaying and distributing women's apparel nearly identical to the copyrightable designs of Sui (the "Infringing Products") in direct competition with Sui. In most instances, Defendants have painstainkingly reproduced the same colorways, the same construction detail and the same scale of design in each Infringing Product. In some instances, Defendants' Infringing Products have appeared in the marketplace in advance of the release of the Sui Products from which they were copied, tarnishing Sui's reputation as a fashion leader and the exclusivity of the Sui Designs that Sui customers covet.

35. On information and belief, Defendants' conduct has been willful, with knowledge of Sui's rights and/or in reckless disregard of them, and Defendants are unlawfully profiting from the unauthorized reproduction of the copyrighted Sui Designs.

## FIRST CLAIM

### Willful Copyright Infringement in Violation of 17 U.S.C. § 101, et seq.

36. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 35, as if fully set forth herein.

37. Sui is the owner of the Sui Designs and the copyrights embodied therein.

38. Defendants are not authorized by Sui to reproduce, display, offer for sale or sell copies of the Sui Designs.

39. Sui has developed a reputation and valuable goodwill in the unique and original appearance of the Sui Designs and the Sui Products.

40. As a result of Defendants' willful and infringing conduct, Sui has suffered damages in an amount not yet known but to be proven at a trial of this action.

41. Sui will continue to be damaged by Defendants' unauthorized conduct unless they are enjoined by this Court from any further manufacture, display, promotion, distribution, offer for sale or sale of the Infringing Products.

42. Sui has no adequate remedy at law.

43. In light of the foregoing, Plaintiff is entitled to an injunction prohibiting Defendants from using the Sui Designs or any designs substantially similar thereto, a recall of the Infringing Products, and to recover from Defendants all damages that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their actions in an amount not yet known and to be determined at a trial of this action.

## SECOND CLAIM

### Unfair Competition and False Designation
### of Origin or Sponsorship in Violation of 15 U.S.C. § 1125(a)

44.     Plaintiff repeats and alleges the allegations contained in paragraphs 1 through 43, as if fully set forth herein.

45.     The Infringing Products are nearly identical to the Sui Products bearing the Sui Designs that are solely associated with Sui. Defendants' sales and offer for sale of the Infringing Products is likely to cause confusion in the marketplace as to the source or sponsorship of the Infringing Products.

46.     Defendants have unfairly competed with Sui.

47.     Defendants have misrepresented the source of the Infringing Products. Plaintiff has been harmed and will continue to be irreparably harmed as a result of Defendants' willful and unlawful actions unless Defendants are enjoined from their unlawful conduct.

48.     Plaintiff has no adequate remedy at law.

49.     In light of the foregoing, Plaintiff is entitled to an injunction prohibiting Defendants from using the Sui Designs or any designs substantially similar thereto, a recall of the Infringing Products, and to recover from Defendants all damages that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above, in an amount not yet known, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

50.     Further, pursuant to 17 U.S.C. § 1117(b), Plaintiff is entitled to three times the amount of the above profits or damages, whichever is greater, and its attorney's fees and costs.

## THIRD CLAIM

### Unlawful Trade Practices in Violation
### Of New York General Business Law

51.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 50, as if fully set forth herein.

52.     Defendants' knowing unauthorized use of the Sui rights is in direct competition with the Sui Products.

53.     Defendants' use of imitations of the Sui Designs is likely to deceive consumers into believing that the Infringing Products are associated with or authorized by Sui when such is not the case.

54.     Defendants activities are recurring and are likely to continue to deceive the consuming public.

55.     Plaintiff has been harmed and will continue to be irreparably harmed as a result of Defendants' unlawful actions unless Defendants are enjoined from their unlawful conduct.

56.     Plaintiff has no adequate remedy at law.

57.     In light of the foregoing, Plaintiff is entitled to an injunction prohibiting Defendants from using the Sui Designs or any designs substantially similar thereto, a recall of the Infringing Products, and to recover from Defendants all damages that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their actions in an amount not yet known and to be determined at a trial of this action.

## FOURTH CLAIM

**Common Law Unfair Competition in Violation
of New York State Law**

58.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 57, as if fully set forth herein.

59.     The name and mark ANNA SUI has developed enormous goodwill in the marketplace and has come to be associated with the Sui Products and the Sui Designs. Defendants' unauthorized use of the Sui Designs is calculated to permit Defendants to palm off their Infringing Products as Sui Products, all to the detriment of Sui.

60.     Defendants have infringed knowingly and with total disregard for the fame and reputation of Sui and the Sui rights with the intention of trading on the goodwill and reputation associated therewith. Defendants' continued unauthorized use of the Sui Designs will continue to mislead the relevant purchasers into assuming a connection between Defendants and Sui when none exists.

61.     Defendants' actions have caused Sui damage and are likely to continue to cause Sui damage unless enjoined.

62.     Plaintiff has no adequate remedy at law.

63.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Sui Designs or any designs substantially similar thereto, a recall of the Infringing Products and damages attributable to such infringing use in an amount not yet known but to be determined at a trial of this action.

        WHEREFORE, Plaintiff Anna Sui Corp. demands judgment against Defendants on the foregoing claims as follows:

A.      That Defendants, their agents, servants, employees, licensees, sponsors, associates, and

attorneys, and all persons acting by, through, or in active concert with any of them, be permanently enjoined from using the Sui Designs or any designs substantially similar thereto in any manner, including but not limited to manufacture, development, promotion, advertising, distribution, offer for sale or sale of goods bearing the Sui Designs, or otherwise infringing the Sui Products;

B.    That Defendants, their agents, servants, employees, licensees, sponsors, associates, and attorneys, and all persons acting by, through, or in active concert with any of them, be ordered to recall, remove and return to Sui for destruction all goods, advertisements, web materials, or other products bearing infringements of the Sui Designs or any designs substantially similar thereto;

C.    That Defendants, their agents, servants, employees, licensees, sponsors, associates, and attorneys, and all persons acting by, through, or in active concert with any of them, be enjoined from otherwise infringing the Sui rights;

D.    That Defendants, their agents, servants, employees, licensees, sponsors, associates, and attorneys, and all persons acting by, through, or in active concert with any of them, be enjoined from otherwise unfairly competing with Sui;

E.    That Defendants be made to account to Plaintiff for all gains, profits and advantages derived from Defendants' wrongful acts;

F.    That Plaintiff recover from Defendants all of Defendants' profits and all damages, including lost profits, sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate, pursuant to the Copyright Act, the Lanham Act and New York State law;

G.    That Plaintiff be awarded all the costs, disbursements and attorneys' fees incurred by Plaintiff in bringing this claim; and

H.    Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all triable issues raised in this action.

Dated: New York, New York
April 20, 2007

DONOVAN & YEE LLP
Attorneys for Plaintiff
Anna Sui Corp.

By_____
MARYA LENN YEE (MY 4608)
ANDREA L. CALVARUSO (AC 0514)
The Soho Building
110 Greene Street, Suite 700
New York, New York 10012
(212) 226-7700