Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
David J. Lorenz (DL 3072)
Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

Attorneys for Defendants
Forever 21, Inc., Forever 21 Retail,
Inc., Forever 21 Logistics, LLC,
Do Won Chang and Jin Sook Chang

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

ANNA SUI CORP.,

                Plaintiff,

     -v-

FOREVER 21, INC., FOREVER 21 RETAIL,
INC., FOREVER 21 LOGISTICS, LLC,
DO WON CHANG, JIN SOOK CHANG,
GADZOOKS, INC., GERALD P. SZCZEPANSKI
and JOHN DOES 1 to 20,

                Defendants.

-------------------------------------------------------------x

07 Civ. 3235 (TPG)

**ANSWER TO FIRST
AMENDED COMPLAINT**

ECF

    Defendants Forever 21, Inc., Forever 21 Retail, Inc., Forever 21 Logistics, LLC, Do Won Chang and Jin Sook Chang (hereinafter collectively referred to as "Defendants") by and through their attorneys, hereby answer the First Amended Complaint of Anna Sui Corp. (hereinafter referred to as "Plaintiff") as follows:

## THE PARTIES

1.      Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 1 in the First Amended Complaint and, therefore, deny the same.

2.      Defendant Forever 21, Inc. admits that Forever 21, Inc. is a Delaware corporation with its principal place of business and executive offices at 2001 S. Alameda Street, Los Angeles, California 90058. Defendant Forever 21, Inc. admits that Forever 21 Retail, Inc. is doing business throughout the State of New York through the internet. Defendant Forever 21, Inc. denies the remaining allegations in Paragraph 2 of the First Amended Complaint.

3.      Defendant Forever 21 Retail, Inc. admits the allegations in Paragraph 3 of the First Amended Complaint.

4.      Defendant Forever 21 Logistics, LLC admits that Forever 21 Logistics, LLC is a Delaware limited liability company. Defendant Forever 21 Logistics, LLC denies the remaining allegations in Paragraph 4 of the First Amended Complaint.

5.      Defendants admit that they own and manage retail outlets in the U.S. and Canada. Defendanst are without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the growth of the retail chains and, therefore, deny the same. Defendants deny the remaining allegations in Paragraph 5 of the First Amended Complaint.

6.      Defendant Do Wong Chang admits that he is an individual and co-founder and Chief Executive Officer of Forever 21, Inc. Defendant Do Wong Chang denies the remaining allegations in Paragraph 6 of the First Amended Complaint.

7.     Defendant Jin Sook Chang admits that she is an individual and the co-founder of and Head Buyer for Forever 21, Inc.  Defendant Jin Sook Chang denies the remaining allegations in Paragraph 7 of the First Amended Complaint.

8.     Defendants deny the allegations in the first sentence of Paragraph 8 of the First Amended Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and, therefore, deny the same.

9.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the First Amended Complaint and, therefore, deny the same.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the First Amended Complaint and, therefore, deny the same.

## JURISDICTION AND VENUE

11.     Defendants admit that the First Amended Complaint purports to allege an action under the Copyright Act of 1976, 17 U.S. C. §§ 101, *et seq.* ("the Copyright Act"), the Lanham Trade-Mark Act, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), and the laws of the State of New York, including §§ 349 *et seq.* of the new York General Business Law, against Defendants. Defendants deny the remaining allegations in Paragraph 11 of the First Amended Complaint.

12.     Defendants admit that this Court has jurisdiction pursuant to Sections 501, *et seq.* of the Copyright Act, Section 1125(a) of the Lanham Act and 28 U.S.C. §§ 1331, 1332 and 1338(a) over causes of action alleging copyright infringement, unfair competition and false designation of origin.  Defendants admit that this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338 and 1367 over causes of action created by the laws of the State of New York

3

arising as part of the same case or controversy. Defendants deny the remaining allegations in Paragraph 12 of the First Amended Complaint.

13.     Defendants Forever 21, Inc. and Forever 21 Retail, Inc. admit that they are subject to personal jurisdiction in this District and that venue is proper in this District only as to those Defendants. Defendants deny that personal jurisdiction and venue are proper in this District for Defendant Forever 21 Logistics, LLC; Defendant Do Won Chang; and Defendant Jin Sook Chang. Defendants deny the remaining allegations in Paragraph 13 of the First Amended Complaint.

## **BACKGROUND**

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the First Amended Complaint and, therefore, deny the same.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the First Amended Complaint and, therefore, deny the same.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the First Amended Complaint and, therefore, deny the same.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the First Amended Complaint and, therefore, deny the same.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the First Amended Complaint and, therefore, deny the same.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the First Amended Complaint and, therefore, deny the same.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the First Amended Complaint and, therefore, deny the same.

## DEFENDANTS' INFRINGING ACTIVITIES

21.     Defendants are without knowledge or information sufficient to form belief as to the truth of the allegations in Paragraph 21 of the First Amended Complaint and, therefore, deny the same.

22.     Defendants admit that a Complaint was prepared and filed with the Court. Defendants admit that Plaintiff has contacted Defendants. Defendants deny the remaining allegations in Paragraph 22 of the First Amended Complaint.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 23 of the First Amended Complaint and, therefore, deny the same. Defendants deny the allegations in the third sentence of Paragraph 23 of the First Amended Complaint.

24.     Defendants admit that Defendants deal with a variety of vendors. Defendants deny the remaining allegations in Paragraph 24 of the First Amended Complaint.

25.    Defendants admit that Plaintiff has attached photographs and a purported true and accurate copy of a Certificate of Registration to the First Amended Complaint as Exhibits. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of the First Amended Complaint, including the validity of the Certificate of Registration, and therefore deny the same.

26.    Defendants admit that Plaintiff has attached photographs and a purported true and accurate copy of a Certificate of Registration to the First Amended Complaint as Exhibits. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 of the First Amended Complaint, including the validity of the Certificate of Registration, and therefore deny the same.

27.    Defendants admit that Plaintiff has attached photographs and a purported true and accurate copy of a Certificate of Registration to the First Amended Complaint as Exhibits. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the First Amended Complaint, including the validity of the Certificate of Registration, and therefore deny the same.

28.    Defendants admit that Plaintiff has attached photographs and a purported true and accurate copy of a Certificate of Registration to the First Amended Complaint as Exhibits. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of the First Amended Complaint, including the validity of the Certificate of Registration, and therefore deny the same.

29.    Defendants admit that Plaintiff has attached photographs and a purported true and accurate copy of a Certificate of Registration to the First Amended Complaint as Exhibits. Defendants are without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 29 of the First Amended Complaint, including the validity of the Certificate of Registration, and therefore deny the same.

30.    Defendants admit that Plaintiff has attached photographs and a purported true and accurate copy of a Certificate of Registration to the First Amended Complaint as Exhibits. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of the First Amended Complaint, including the validity of the Certificate of Registration, and therefore deny the same.

31.    Defendants admit that Plaintiff has attached photographs and a purported true and accurate copy of a Certificate of Registration to the First Amended Complaint as Exhibits. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the First Amended Complaint, including the validity of the Certificate of Registration, and therefore deny the same.

32.    Defendants admit that Plaintiff has attached photographs and a purported true and accurate copy of a Certificate of Registration to the First Amended Complaint as Exhibits. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of the First Amended Complaint, including the validity of the Certificate of Registration, and therefore deny the same.

33.    Defendants admit that Plaintiff has attached photographs and a purported true and accurate copy of a Certificate of Registration to the First Amended Complaint as Exhibits. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the First Amended Complaint, including the validity of the Certificate of Registration, and therefore deny the same.

34.     Defendants admit that Plaintiff has attached photographs and a purported true and accurate copy of a Certificate of Registration to the First Amended Complaint as Exhibits. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 of the First Amended Complaint, including the validity of the Certificate of Registration, and therefore deny the same.

35.     Defendants admit that Plaintiff has attached photographs and a purported true and accurate copy of a Certificate of Registration to the First Amended Complaint as Exhibits. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the First Amended Complaint, including the validity of the Certificate of Registration, and therefore deny the same.

36.     Defendants admit that Plaintiff has attached photographs and a purported true and accurate copy of a Certificate of Registration to the First Amended Complaint as Exhibits. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 of the First Amended Complaint, including the validity of the Certificate of Registration, and therefore deny the same.

37.     Defendants admit that Plaintiff has attached photographs and a purported true and accurate copy of a Certificate of Registration to the First Amended Complaint as Exhibits. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 of the First Amended Complaint, including the validity of the Certificate of Registration, and therefore deny the same.

38.     Defendants admit that Plaintiff has attached photographs and a purported true and accurate copy of an application for registration to the First Amended Complaint as Exhibits. Defendants deny that this Court has jurisdiction pursuant to Sections 501, *et seq.* of the

Copyright Act over the alleged designs of the Plaintiff attached in Exhibit 14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 of the First Amended Complaint, including the validity of the application for registration, and therefore deny the same.

39.     Defendants admit that Plaintiff has attached photographs and a purported true and accurate copy of a Certificate of Registration to the First Amended Complaint as Exhibits. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 of the First Amended Complaint, including the validity of the Certificate of Registration, and therefore deny the same.

40.     Defendants admit that Plaintiff has attached photographs and a purported true and accurate copy of a Certificate of Registration to the First Amended Complaint as Exhibits. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 of the First Amended Complaint, including the validity of the Certificate of Registration, and therefore deny the same.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the First Amended Complaint and, therefore, deny the same.

42.     Defendants admit that Plaintiff has attached photographs and a purported true and accurate copy of a Certificate of Registration to the First Amended Complaint as Exhibits. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 of the First Amended Complaint, including the validity of the Certificate of Registration, and therefore deny the same.

43.    Defendants admit that Plaintiff has attached photographs and a purported true and accurate copy of a Certificate of Registration to the First Amended Complaint as Exhibits. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 of the First Amended Complaint, including the validity of the Certificate of Registration, and therefore deny the same.

44.    Defendants admit that Plaintiff has attached photographs and a purported true and accurate copy of a Certificate of Registration to the First Amended Complaint as Exhibits. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 of the First Amended Complaint, including the validity of the Certificate of Registration, and therefore deny the same.

45.    Defendants admit that Plaintiff has attached photographs and a purported true and accurate copy of a Certificate of Registration to the First Amended Complaint as Exhibits. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 of the First Amended Complaint, including the validity of the Certificate of Registration, and therefore deny the same.

46.    Defendants admit that Plaintiff has attached photographs and a purported true and accurate copy of an application for registration to the First Amended Complaint as Exhibits. Defendants deny that this Court has jurisdiction pursuant to Sections 501, *et seq.* of the Copyright Act over the alleged designs of the Plaintiff attached in Exhibit 21 (incorrectly identified as part of Exhibit 20 in the First Amended Complaint). Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 of the First Amended Complaint, including the validity of the application for registration, and therefore deny the same.

10

47. Defendants admit that Plaintiff has attached photographs to the First Amended Complaint as Exhibits. Defendants deny the remaining allegations in Paragraph 47 of the First Amended Complaint.

48. Defendants are without knowledge or information sufficient to form a belief as to the definition of "extraterritorial jurisdictions" and therefore deny the allegations in the last sentence of Paragraph 48 of the First Amended Complaint. Defendants deny the remaining allegations in Paragraph 48.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the First Amended Complaint and, therefore, deny the same.

50. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 50 of the First Amended Complaint and, therefore, deny the same. Defendants deny the remaining allegations in Paragraph 50.

51. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the First Amended Complaint and, therefore, deny the same.

52. Defendants deny the allegations set forth in Paragraph 52 of the First Amended Complaint.

### FIRST CLAIM
### WILLFUL COPYRIGHT INFRINGEMENT
### IN VIOLATION OF 17 U.S.C. § 101, ET SEQ.

53. Defendants repeat and reallege their answers contained in paragraphs 1 through 52, as if fully set forth herein.

54.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the First Amended Complaint and, therefore, deny the same.

55.    Defendants admit receiving no authorization from Plaintiff but deny that any such authorization is required. Defendants deny the remaining allegations in Paragraph 55 of the First Amended Compliant.

56.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the First Amended Complaint and, therefore, deny the same.

57.    Defendants deny the allegations in Paragraph 57 of the First Amended Complaint.

58.    Defendants deny the allegations in Paragraph 58 of the First Amended Complaint.

59.    Defendants deny the allegations in Paragraph 59 of the First Amended Complaint.

60.    Defendants deny the allegations in Paragraph 60 of the First Amended Complaint.

**SECOND CLAIM**
**UNFAIR COMPETITION AND FALSE DESIGNATION**
**OF ORIGIN OR SPONSORSHIP IN VIOLATION OF 15 U.S.C. § 1125(A)**

61.    Defendants repeat and reallege their answers contained in paragraphs 1 through 60, as if fully set forth herein.

62.    Defendants deny the allegations in Paragraph 62 of the First Amended Complaint.

63.    Defendants deny the allegations in Paragraph 63 of the First Amended Complaint.

64.    Defendants deny the allegations in Paragraph 64 of the First Amended Complaint.

65.    Defendants deny the allegations in Paragraph 65 of the First Amended Complaint.

66.    Defendants deny the allegations in Paragraph 66 of the First Amended Complaint.

67. Defendants deny the allegations in Paragraph 67 of the First Amended Complaint.

## THIRD CLAIM
## UNLAWFUL TRADE PRACTICES IN VIOLATION
## OF NEW YORK GENERAL BUSINESS LAW

68. Defendants repeat and reallege their answers contained in paragraphs 1 through 67, as if fully set forth herein.

69. Defendants deny the allegations in Paragraph 69 of the First Amended Complaint.

70. Defendants deny the allegations in Paragraph 70 of the First Amended Complaint.

71. Defendants deny the allegations in Paragraph 71 of the First Amended Complaint.

72. Defendants deny the allegations in Paragraph 72 of the First Amended Complaint.

73. Defendants deny the allegations in Paragraph 73 of the First Amended Complaint.

74. Defendants deny the allegations in Paragraph 74 of the First Amended Complaint.

## FOURTH CLAIM
## COMMON LAW UNFAIR COMPETITION
## IN VIOLATION OF NEW YORK STATE LAW

75. Defendants repeat and reallege their answers contained in paragraphs 1 through 74, as if fully set forth herein.

76. Defendants deny the allegations in Paragraph 76 of the First Amended Complaint.

77. Defendants deny the allegations in Paragraph 77 of the First Amended Complaint.

78. Defendants deny the allegations in Paragraph 78 of the First Amended Complaint.

79. Defendants deny the allegations in Paragraph 79 of the First Amended Complaint.

80. Defendants deny the allegations in Paragraph 80 of the First Amended Complaint.

81.    Defendants deny that plaintiff is entitled to judgment or any other relief requested in the unnumbered WHEREFORE paragraph, including Subparagraphs lettered A-I, following Paragraph 80 of the First Amended Complaint.

## DEMAND FOR JURY TRIAL

82.    Defendants admit that Plaintiff has demanded a jury trial in this action.

## FIRST AFFIRMATIVE DEFENSE

83.    Plaintiff's First Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

84.    Defendants have not infringed any valid copyrights of Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

85.    Defendants did not manufacture or otherwise produce any of the designs at issue.

## FOURTH AFFIRMATIVE DEFENSE

86.    Defendants had no prior knowledge of Plaintiff's copyrights.

## FIFTH AFFIRMATIVE DEFENSE

87.    Plaintiff's designs are not inherently distinctive.

## SIXTH AFFIRMATIVE DEFENSE

88.    Plaintiff's designs do not have any acquired distinctiveness.

## SEVENTH AFFIRMATIVE DEFENSE

89.    Plaintiff has no copyrightable interest in the subject matter recited.

## EIGHTH AFFIRMATIVE DEFENSE

90.    Defendants have not infringed any copyrightable expression of Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

91.    Plaintiff's state law claims are pre-empted by 17 U.S.C. § 301.

## TENTH AFFIRMATIVE DEFENSE

92.    Plaintiff has not suffered any compensable damages because Defendants' purported actions have not and are not likely to cause consumer confusion.

## ELEVENTH AFFIRMATIVE DEFENSE

93.    Plaintiff has not suffered any damages because Defendants' purported actions have not deprived Plaintiff of any profits.

## TWELTH AFFIRMATIVE DEFENSE

94.    To the extent Plaintiff has suffered damages, any such damages were caused by superseding causes, and not by any act or omission by Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

95.    Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

96.    Plaintiff's claims are barred by the doctrine of Fair Use.

## FIFTEENTH AFFIRMATIVE DEFENSE

97.    Plaintiff's claims for punitive damages are barred by the application of the Fifth and Eight Amendments to the United States Constitution and by necessary implication from the Copyright Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

98.    Plaintiff cannot establish personal jurisdiction for Defendants Forever 21 Logistics, LLC, Do Won Chang and Jin Sook Chang.

## SEVENTEENTH AFFIRMATIVE DEFENSE

99.    Plaintiff's claims are barred, in whole or in part, because should Defendants be found to have infringed any valid and enforceable copyright or trademark right of Plaintiff, such infringement was not willful.

## EIGHTEENTH AFFIRMATIVE DEFENSE

100.    Upon information and belief, Plaintiff's claim for statutory damages and attorney fees in connection with its count for copyright infringement is barred, in whole or in part,  by 17 U.S.C. § 412(2) based upon Plaintiff's failure to register its alleged copyrights on a timely basis.

**WHEREFORE**, Defendants Forever 21, Inc., Forever 21 Retail, Inc., Forever 21 Logistics, LLC, Do Won Chang and Jin Sook Chang respectfully pray for the following relief:

1. Dismissal of the First Amended Complaint with prejudice;

2. Dismissal of this action against Defendants Forever 21 Logistics, LLC, Do Won Chang and Jin Sook Chang for lack of personal jurisdiction and improper venue;

3. An award of Defendants' costs and attorneys' fees herein incurred; and

4. Such other and further relief as this Court may deem appropriate.

Dated: July 30, 2007                                  Respectfully submitted,


                                          By:        s/ Robert L. Powley
                                                  Robert L. Powley (RP 7674)
                                                  James M. Gibson (JG 9234)
                                                  David J. Lorenz (DL 3072)

                                                  Attorneys for Defendants
                                                  Forever 21, Inc., Forever 21 Retail
                                                  Inc., Forever 21 Logistics, LLC,
                                                  Do Won Chang and Jin Sook Chang

                                                  Powley & Gibson, P.C.
                                                  304 Hudson Street, 2nd Floor
                                                  New York, New York 10013
                                                  Phone: 212-226-5054
                                                  Fax:    212-226-5085

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the ANSWER TO FIRST AMENDED COMPLAINT was served upon counsel for Plaintiff by ECF and First-Class Mail, postage prepaid, on this 30th day of July, 2007, addressed as follows:

> Marya Lenn Yee
> Andrea L. Calvaruso
> DONOVAN & YEE LLP
> The Soho Building
> 110 Greene Street, Suite 700
> New York, New York 10012
> (212) 226-7700

David J. Lorenz