UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
ANNA SUI CORP.,

                Plaintiff,

         -v.-
                                          07 Civ. 3235 (TPG)

FOREVER 21, INC., FOREVER 21 RETAIL, INC.,
FOREVER 21 LOGISTICS, LLC,
DO WON CHANG, JIN SOOK CHANG,
GADZOOKS, INC., GERALD P. SZCZEPANSKI
and  JOHN DOES 1 to 20,

                Defendants.
------------------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION FOR EXPEDITED DISCOVERY**

Plaintiff Anna Sui Corp. ("Plaintiff") submits this Memorandum of Law, together with the accompanying affirmation of Marya Lenn Yee, Esq. and the exhibits thereto, in support of its Motion for an Order of Expedited Discovery against Defendants Forever 21, Inc., Forever 21 Retail, Inc., Forever 21 Logistics, LLC, Do Won Chang and Jin Sook Chang (collectively "Defendants.")

I.    **INTRODUCTION**

This case centers on Defendants' repeated willful infringement of Plaintiff's copyrighted print and fabric designs (the "Sui Designs.")  Defendants have intentionally copied over two dozen of the Sui Designs and offered dozens of infringing garments which copy the Sui Designs (the "Infringing Designs") for sale in hundreds of Forever 21 stores and on the Forever 21 website located at www.forever21.com (together, the "Forever 21 Stores.")  Copies of the Sui Designs and Infringing Designs at issue in the instant litigation were submitted to the Court as exhibits to Plaintiff's First Amended

Complaint (the "First Amended Complaint"), filed on June 26, 2007.

Defendants' routinely produce at least thousands of each Infringing Design to stock hundreds of Forever 21 Stores each selling season, which typically lasts no longer than six to seven weeks. *See* Affirmation of Marya Lenn Yee ("Yee Aff.") at ¶7. By the time Plaintiff polices Defendants' Forever 21 Stores, identifies the Infringing Designs, contacts Defendants' counsel and receives a response from Defendants, weeks have passed and most of the stock of the Infringing Designs has already been sold or cannot be located for recall, at which point Plaintiff has been irreparably harmed.

Copying protected designs of others appears to be an established business practice of Defendants, as they currently have approximately twenty infringement lawsuits pending against them by fashioner designers and companies throughout the United States. Yee Aff. at ¶12. Since the commencement of this action, Defendants have continued to blatantly and willfully infringe upon the Sui Designs and offered for sale at least four additional Infringing Designs that copy the Sui Designs already at issue in the case at bar.

## II.     PROCEDURAL BACKGROUND

Plaintiff commenced this action for willful copyright infringement in violation of 17 U.S.C. §101, unfair competition and false designation of origin or sponsorship in violation of 15 U.S.C. §1125, unlawful trade practices in violation of New York General Business Law and common law unfair competition in violation of New York State Law against Defendants on April 23, 2007. Plaintiff filed its First Amended Complaint on June 26, 2007. Defendants' Answer was filed on July 30, 2007.

A Rule 26 discovery conference was held before the Court on October 2, 2007, and the parties have exchanged a first round of discovery requests and responses. A

Stipulated Protective Order was entered by the Court on November 28, 2007.

### III.   DEFENDANTS' CONTINUED INFRINGEMENT OF PLANTIFF'S COPYRIGHTED DESIGNS

Subsequent to the filing of the First Amended Complaint in June, Plaintiff discovered four additional infringements copying the Sui Designs for sale by Defendants. The First Infringement, a black and white tank top, was discovered by Plaintiff on September 11, 2007 (the "First Infringement") and Defendants' counsel was notified of this new infringement on September 19, 2007. *See* Exhibit B to Yee Aff. The First Infringement copies Plaintiff's copyrighted Shadow Leaf Border on the front of the garment and Plaintiff's copyrighted Tea Party Border on the back of the garment. *See* Exhibit A to Yee Aff.[1]

Defendants' counsel responded to Plaintiff's September 19, 2007 letter on September 24, 2007 stating Defendants were diligently looking into the matter. However, Defendants' did not confirm that the First Infringement had been recalled from sale until October 25, 2007 (Exhibit B to Yee Aff.) over a month after Defendants were initially notified of the First Infringement.

Plaintiff discovered two additional infringements on or around October 4, 2007 (the "Second Infringement" and "Third Infringement") and promptly notified Defendants' counsel of these newly discovered infringements on October 5, 2007. *See* Exhibit E to Yee Aff. The Second Infringement, a black and white babydoll dress, directly copies Plaintiff's copyrighted Wallpaper Foulard Border. *See* Exhibit C to Yee Aff. The Third Infringement, a black and white halter top, directly copies Plaintiff's Cabbage Roses Bandana. *See* Exhibit D to Yee Aff. After several follow-up attempts by

---

[1] The First Infringement was also brought to the attention of this Court at the parties' Initial Conference on October 2, 2007. Yee Aff. at ¶6.

Plaintiff's counsel, Defendants' confirmed that the Second and Third Infringements had been recalled from sale on October 27, 2007. *See* Exhibit D to Yee Aff.

The fourth additional infringement was discovered by Plaintiff a few weeks ago (the "Fourth Infringement.") The Fourth Infringement also incorporates two of Plaintiff's copyrighted designs, Shadow Leaf Border and Floral Leaves Border, throughout the entire garment. Upon information and belief, Defendants are offering the Fourth Infringement for sale in a variety of colors. All of these new infringements copy Sui Designs identified and known to Defendants as Sui Designs from the First Amended Complaint. Yee Aff. ¶¶ 5,10,11,13.

## IV. PLAINTIFF IS ENTITLED TO EXPEDITED DISCOVERY

Plaintiff is entitled to an Order for Expedited Discovery requiring Defendants to produce all documents identifying the fabric designs, together with all vendors for such fabric designs, for any women's garments and related accessories Defendants have purchased, ordered, manufactured, created, designed, shipped, arranged for shipment and/or intended for sale in any Forever 21 Store or retail establishment and/or online website but not yet in Forever 21 Stores. Plaintiff needs this discovery to move for effective expedited relief to prevent further irreparable harm resulting from Defendants' continued sale of Infringing Designs. Plaintiff intends to persist in its efforts to protect its Sui Designs and it has proven time-consuming, expensive and unduly burdensome to constantly police Defendants' willful infringing behavior. Yee Aff. ¶15. Further, Defendants' have not shown any intention of refraining from copying Plaintiff's Sui Designs, as demonstrated by the fact that Defendants continue to offer for sale new Infringing Designs which directly copy the Sui Designs already at issue in this litigation.

Courts in this Circuit have employed two standards for deciding a motion for expedited discovery. The first standard requires Plaintiff to demonstrate a showing of: (1) irreparable harm; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of irreparable injury; and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the Defendants will suffer if expedited relief is granted. *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982). Other courts in this Circuit have criticized the *Notaro* test and have instead adopted a broader, more flexible "reasonable and good cause" standard. *See Standard Investment Chartered, Inc. v. National Assocs. of Securities Dealers*, 2007 WL 1121734 *5 (S.D.N.Y. 2007) (*Notaro* test is not controlling in this District); *Ayyash v. Bank Al-Madina*, 2005 WL 1668527 *3 (S.D.N.Y. 2005) (rejecting the *Notaro* test and applying the more flexible "reasonableness and good cause" test). In a copyright infringement case, a plaintiff is not required to demonstrate irreparable harm, rather irreparable harm is presumed and the plaintiff is only required to show some probability of success on the merits. *Merkos L'Inyonei Chinuch, Inc. v. Ostar Sifrei Lubavitch, Inc.*, 312 F.3d 94, 96 (2d Cir. 2002); *ABKCO Music, Inc. v. Stellar Records, Inc.*, 96 F.3d 60, 66 (2d Cir. 1996) (irreparable harm assumed in copyright infringement cases).

Plaintiff easily satisfies both standards and is entitled to an Order for Expedited Discovery because Plaintiff will be irreparably harmed if Defendants continue to copy the Sui Designs and offer them for sale in Forever 21 Stores or to other retail establishments.[2] Expedited discovery is the only means by which Plaintiff can ascertain if injunctive relief

---

[2] Defendants have established a pattern of willful infringement of the Sui Designs and the designs of others as noted in ¶12 of the Yee Aff.

5

is necessary and act expeditiously enough to prevent Defendants from offering further Infringing Designs for sale. Once Plaintiff discovers that an Infringing Design is being sold in the Forever 21 Stores, it takes Defendants several weeks to respond to Plaintiff's initial request that the Infringing Design be recalled. Yee Aff. ¶¶8, 12. Piecemeal judicial intervention on each Infringing Design once its short selling season has begun makes injunctive relief at that stage of the process ineffective. However, if Plaintiff has access to documents detailing the designs Defendants have in their design and manufacturing pipeline, Plaintiff can determine what garments, if any, constitute Infringing Designs and seek the appropriate injunctive relief in a timely fashion.

There can be no doubt that Plaintiff is likely to succeed on the merits of its case since Plaintiff has demonstrated that: (i) Plaintiff is the owner of valid copyright registrations for the Sui Designs; (ii) Defendants have infringed over two dozen of the Sui Designs; and (iii) the Infringing Designs copied by Defendants are direct copies of the Sui Designs. Finally, there is a Stipulated Protective Order already in place in this case protecting inappropriate public disclosure of any of the demanded discovery.

Plaintiff's motion seeking all documents identifying, concerning and/or relating to the fabric designs, together with all vendors for such fabric designs, for any women's garments and related accessories already purchased, ordered, manufactured, created, designed, shipped, arranged for shipment and/or intended for sale but not yet on the sales floor of Forever 21 Stores in an effort stop irreparable harm from Defendants' continued sale of Infringing Designs is certainly reasonable, and as demonstrated above, Plaintiff has good cause for bringing such a motion.

Finally, expedited discovery is routinely granted in actions involving infringement

and unfair competition claims, which claims were both fully set forth in the First Amended Complaint.  *Benham Jewelry Corp. v. Aron Basha Corp.*, 1997 WL 639037 *20 (S.D.N.Y. 1997) (granting plaintiff's motion for expedited discovery in copyright infringement case).  As such, Plaintiff's motion should be granted in its entirety.

V.     **CONCLUSION**

For the foregoing reasons, Plaintiff Anna Sui Corp., respectfully requests that the Court: (i) grant Plaintiff's motion for expedited discovery; and (ii) award Plaintiff such other relief as the Court deems just and proper.

Dated:  New York, New York
        December 10, 2007

                              DONOVAN & YEE LLP
                              Attorneys for Plaintiff
                              Anna Sui Corp.


                              By:    /s/ MARYA LENN YEE
                              MARYA LENN YEE (MY 4608)
                              AMY C. OPP (AO 2677)
                              The Soho Building
                              110 Greene Street, Suite 700
                              New York, New York 10012
                              (212) 226-7700