UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
ANNA SUI CORP.,

                    Plaintiff,

      -v.-                                  07 Civ. 3235 (TPG)

FOREVER 21, INC., FOREVER 21 RETAIL, INC.,
FOREVER 21 LOGISTICS, LLC,
DO WON CHANG, JIN SOOK CHANG,
GADZOOKS, INC., GERALD P. SZCZEPANSKI
and JOHN DOES 1 to 20,

                    Defendants.
-------------------------------------------------------------------x

## AFFIRMATION OF MARYA LENN YEE

MARYA LENN YEE affirms the following to be true under the penalties of perjury:

1. I am an attorney admitted to practice before the courts of New York, and a member of the law firm Donovan & Yee LLP, attorneys of record for Plaintiff Anna Sui Corp. ("Plaintiff").

2. I make this affirmation in support of Plaintiff's motion for expedited discovery pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

3. This case revolves around Defendants' repeated willful infringement of Plaintiff's copyrighted print and fabric designs (the "Sui Designs"). To date, Defendants stand accused of over two dozen infringements of the Sui Designs (the "Infringing Designs") and have offered such Infringing Designs for sale in hundreds of Defendants' stores and on Defendants' website located at www.forever21.com (together, the "Forever 21 Stores.") Copies of the Sui Designs with Defendants' corresponding Infringing Designs were annexed as exhibits to Plaintiff's First Amended Complaint (the "First

Amended Complaint") filed on June 26, 2007.

4. Subsequent to the filing of the First Amended Complaint, Plaintiff continued to discover additional Infringing Designs offered for sale by Defendants in the Forever 21 Stores.

5. For example, on September 11, 2007, Plaintiff discovered a black and white tank top for sale in a Forever 21 Store which directly copies Plaintiff's copyrighted Shadow Leaf Border on the front of the garment and Plaintiff's copyrighted Tea Party Border on the back of the garment (the "First Infringement"). Copies of Plaintiff's Shadow Leaf Border and Tea Party Border, along with the First Infringement, are annexed hereto as Exhibit A. Both Shadow Leaf Border and Tea Party Border were known by Defendants and known to have been previously alleged infringed. *See* First Amended Complaint at ¶¶32, 36 and exhibits 8, 12 to the First Amended Complaint.

6. The First Infringement was also brought to the attention of Your Honor at the Initial Conference on this matter held on October 2, 2007. Its presentation prompted Your Honor's inquiry to the undersigned as to whether this case presents appropriate circumstances for the judicial imposition of some form of expedited relief. As was true in your undersigned's response then and to this day, given the current marketplace realities, expedited judicial relief is unfortunately limited in effectiveness on both a cost and benefit basis for Infringing Designs already for sale in the Forever 21 Stores.

7. In my experience representing numerous fashion design clients in infringement matters for more than two decades, it has become clear that the selling season of each new garment, particularly in the discount retail and mass market store structure, is no more than six to seven weeks. Such goods are not ordinarily restocked or

re-ordered; the discount retailer is constantly moving on to the next hot item. When Plaintiff is alerted to an infringement, usually at least a week or two into its selling season, the cost of preparing requests for expedited relief and permitting the appropriate time for response and hearing virtually exhausts the effective selling season before any injunctive relief can issue. Hence, for maximum effect, we have most often instead alerted defendants to the infringement claimed and proposed an amicable resolution requiring prompt recall.[1] In most cases, such defendants do not repeat the infringement.

8. In keeping with this approach, a letter concerning the First Infringement was sent to counsel for Defendants on September 19, 2007. Defendants' counsel responded on September 24, 2007, that Defendants were diligently looking into the matter. However, Defendants did not confirm that the First Infringement had been recalled from sale until October 25, 2007, over a month after Defendants had been initially notified of the First Infringement. Hence, the First Infringement had been in Forever 21 Stores for several weeks before recall. The correspondence regarding the First Infringement is annexed hereto as Exhibit B.

9. The tardiness of this response to allegations of infringement of Sui Designs already well-known to Defendants from at least the time of the First Amended Complaint proved newly frustrating.

10. Plaintiff discovered two additional infringements for sale in Defendants' stores on or around October 4, 2007 (the "Second Infringement" and "Third Infringement.") The Second Infringement, a black and white babydoll dress, named the "Fleur De Lis Babydoll" dress by Defendants, directly copies Plaintiff's copyrighted

---

[1] This was also the approach taken with Defendants with the infringements that became the subject of the Complaint and First Amended Complaint herein.

3

Wallpaper Foulard Border. A copy of Plaintiff's Wallpaper Foulard Border along with the Second Infringement, are annexed hereto as Exhibit C. Wallpaper Foulard Border was known by Defendants and known to have been previously alleged infringed. *See* First Amended Complaint at ¶43 and exhibit 18 to the First Amended Complaint.

11. The Third Infringement, a black and white halter top, named the "Woven Floral Halter" by Defendants, directly copies Plaintiff's copyrighted Cabbage Roses Bandana. A copy of Plaintiff's Cabbage Roses Bandana along with the Third Infringement is annexed hereto as Exhibit D. Cabbage Roses Bandana was known by Defendants and known to have been previously alleged infringed. *See* First Amended Complaint at ¶44 and exhibit 19 to the First Amended Complaint.

12. A letter concerning the Second and Third Infringements was promptly sent to counsel for Defendants the next day, October 5, 2007. Despite several follow-ups from Plaintiff's counsel, Defendants did not confirm that the Second and Third Infringements had been recalled from sale until October 27, 2007, several weeks after Defendants were initially notified of th e Second and Third Infringements. The correspondence regarding the Second and Third Infringements is annexed hereto as Exhibit E.

13. It was clear from this conduct that Plaintiff could not rely on Defendants to act expeditiously regarding a blatant willful infringement even when litigation regarding the very same Sui Designs was pending before this Court. Indeed, Defendants have made a habit of ongoing infringement in the face of numerous complaints by others than Plaintiff. Annexed hereto as Exhibit F is a list of currently pending litigations against Defendants for copyright or trademark infringement.

4

14. In or around November 2007, Plaintiff discovered a fourth infringement (the "Fourth Infringement") of the Sui Designs by Defendants. The Fourth Infringement is a red and white v-neck top which, upon information and belief, Defendants were offering for sale in a variety of colors. The Fourth Infringement directly copies two of Plaintiff's copyrighted designs, Shadow Leaf Border and Floral Leaves Border. Both of the copied Sui Designs are incorporated throughout the entire garment. A copy of Plaintiff's Shadow Leaf Border and Floral Leaves Border along with the Fourth Infringement is annexed hereto as Exhibit G. Shadow Leaf Border and Floral Leaves Border were known by Defendants and known to have been to have been previously alleged infringed. *See* First Amended Complaint at ¶¶32, 35 and exhibits 8, 11 to the First Amended Complaint.

15. Frustrated by Defendants' continued disregard for Plaintiff's protected Sui Designs, Plaintiff is left with no other choice except to seek this Order for Expedited Discovery from this Court requiring Defendants, pursuant to FRCP 34, to produce all documents identifying, concerning and/or relating to the fabric designs, together with the vendors for any such fabric designs, of any women's garments and related accessories not yet in Forever 21 Stores but which Defendants have purchased, ordered, manufactured, created, designed, arranged for shipment, shipped and/or intend for sale in Forever 21 Stores or any retail establishments and/or online websites. In other words, Plaintiff seeks this Court's assistance in identifying all products in Defendants' pipeline so that Plaintiff can seek <u>effective</u> and prompt injunctive relief <u>before</u> such goods hit the selling floor for their inevitably short sales season. Plaintiff seeks ultimately to enjoin Defendants' from continuing to irreparably harm Plaintiff by their continuous sale of new Infringing

Designs.

16. Plaintiff intends to persist in its efforts to protect its Sui Designs and all future designs created by Plaintiff and will seek injunctive relief from the Court to prevent Defendants' continued infringement of Plaintiff's rights. It is unduly burdensome and a major expense for Plaintiff to continue to police Defendants on a constant case-by-case basis when Infringing Designs hit the sales floor. The only way for Plaintiff to avoid further irreparable harm is to have the opportunity to review what garments and accessories Defendants have in the pipeline. As such, and in light of the Stipulated Protective Order already entered in this action on November 28, 2007, which protects Defendants from having such information become public knowledge, Plaintiff's motion for expedited discovery should be granted in its entirety.

17. No prior request for this relief has been made by Plaintiff.

Dated: New York, NY
December 10, 2007

_____
MARYA LENN YEE