Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
David J. Lorenz (DL 3072)
Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

Attorneys for Defendants
Forever 21, Inc., Forever 21 Retail,
Inc., Forever 21 Logistics, LLC,
Do Won Chang and Jin Sook Chang

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
--------------------------------------------------------x
ANNA SUI CORP.,                              :
                                             :
                                             :          07 Civ. 3235 (TPG)(JCF)
                                             :
                          Plaintiff,         :
                                             :
          -v-                                :
                                             :
FOREVER 21, INC., FOREVER 21 RETAIL,         :
INC., FOREVER 21 LOGISTICS, LLC,             :
DO WON CHANG, JIN SOOK CHANG,                :
GADZOOKS, INC., GERALD P. SZCZEPANSKI        :
and JOHN DOES 1 to 20,                       :
                                             :
                                             :
                          Defendants.        :
--------------------------------------------------------x
```

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
DO WON CHANG'S AND JIN SOOK CHANG'S MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK
OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)**

Pursuant to Fed. R. Civ. P. 12(b)(2), Defendants Do Won Chang ("DWC") and Jin Sook

Chang ("JSC") (collectively "the Chang Defendants") respectfully submit this memorandum in

support of their motion to dismiss Plaintiff Anna Sui Corp's ("Plaintiff") First Amended

Complaint against the Chang Defendants for lack of personal jurisdiction.

## I.    PRELIMINARY STATEMENT

Plaintiff brought the present action alleging, *inter alia*, copyright infringement against the Chang Defendants as well as Forever, 21, Inc. and its subsidiaries Forever 21 Retail, Inc. and Forever 21 Logistics, LLC ("Forever 21"). However, Plaintiff's First Amended Complaint is devoid of any facts or allegations, on information or belief or otherwise, that would suffice to confer personal jurisdiction over the Chang Defendants in this Court, for the simple reason that no such facts exist. Each of the Chang Defendants is domiciled in California, and neither DWC nor JSC have the requisite contacts with the State of New York or, indeed, any contacts with the State of New York that could legally be said to have given rise to Plaintiff's claims in this lawsuit.

Plaintiff summarily avers that each of the Chang Defendants "is a dominant and controlling force in the infringing activities complained of herein." (First Amended Complaint at ¶¶ 6, 7). However, such an allegation is on its face insufficient as a matter of law to subject the Chang Defendants to personal jurisdiction in this Court.

Under these circumstances, subjecting the Chang Defendants to personal jurisdiction in this Court would violate both New York law and federal due process. Accordingly, Plaintiff's First Amended Complaint should be dismissed as to the Chang Defendants.

## II.    STATEMENT OF FACTS

DWC and JSC are co-founders of Forever 21. (Declaration of Do Won Chang ("DWC Decl.") at ¶ 1)(Declaration of Jin Soon Chang ("JSC Decl.") at ¶ 1). DWC is the Chief Executive Officer of Forever 21. (DWC Decl. at ¶ 1). JSC is Head Buyer for Forever 21. (JSC Decl. at ¶ 1). Forever 21 owns hundreds of stores throughout the United States. (DWC Decl. at

¶ 2).  Forever 21, Inc. is financially solvent and will be the party against whom any judgment for damages or other relief in this lawsuit would be levied and satisfied.  (DWC Decl. at ¶ 3).  All activities undertaken by the Chang Defendants regarding design, distribution and sales of Forever 21 products are and have been, at all relevant times, performed exclusively in the Chang Defendants' capacities as employees of Forever 21.  (DWC Decl. at ¶ 4)(JSC Decl. at ¶ 2).

DWC and JSC are each residents of California and own no property in New York. (DWC Decl. at ¶¶ 5, 6)(JSC Decl. at ¶¶ 3, 4).  DWC and JSC own no bank accounts in New York and do not pay New York State income taxes.  (DWC Decl. at ¶¶ 7, 8)(JSC Decl. at ¶¶ 5, 6).  DWC and JSC do not have New York state driver's licenses.  (DWC Decl. at ¶ 9)(JSC Decl. at ¶ 7).

DWC and JSC have never undertaken any business activities in or directed to New York in their capacities as individuals.  (DWC Decl. at ¶ 10)(JSC Decl. at ¶ 8).  DWC and JSC do not regularly travel to the State of New York for any purpose.  (DWC Decl. at ¶ 12)(JSC Decl. at ¶ 10).  Any business travel by DWC and JSC to New York State as employees of Forever 21 would not in any way be related to the subject matter of this lawsuit.  (DWC Decl. at ¶ 13)(JSC Decl. at ¶ 11).  DWC and JSC did not receive service of process in the State of New York for this lawsuit and object to personal jurisdiction in this Court.  (DWC Decl. at ¶¶ 11, 14)(JSC Decl. at ¶¶ 9, 12).

## III.    ARGUMENT

### A.    Legal Standard

On a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of showing that the court has jurisdiction over the defendants. *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003).  "All allegations are

construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor" in deciding a motion to dismiss, including where the issue is addressed on affidavits. *A.I. Trade Fin. Inc. v. Petra Bank*, 989 F.2d 76, 79-80 (2d Cir. 1993); *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001).

A federal court examining a motion to dismiss for lack of personal jurisdiction conducts a two-part inquiry. First, the court considers whether jurisdiction exists under the long-arm statute of the forum state, in this instance New York.[1] *Whitaker*, 261 F.3d at 208. Second, the Court determines whether the exercise of jurisdiction would be permissible under the Due Process Clause of the Fourteenth Amendment. *Id.*

There are two types of personal jurisdiction that a court may exercise over a defendant: general and specific. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984). In the case of general jurisdiction, plaintiff's claim need not arise out of defendant's contacts with the forum state, but defendant's contacts must be substantial. *Id.* Conversely, with specific jurisdiction, defendant's contacts need not be as substantial, but plaintiff's claim must arise out of the contacts. *Id.* New York law and federal jurisprudence interpreting the due process limits of jurisdiction provide for general and specific jurisdiction. N.Y. C.P.L.R. §§ 301, 302 (McKinney 2001); *Helicopteros*, 466 U.S. at 414.

**B.     Personal Jurisdiction Over The Chang**
**Defendants Is Not Proper Under New York Law**

1.     New York General Jurisdiction

The New York general jurisdiction statute, C.P.L.R. § 301, "was intended to codify the

---

[1] Although Plaintiff's First Amended Complaint invokes a federal statute – the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, that federal statute has no service of process provision. Authorized service of process is essential to personal jurisdiction. Consequently, the Court must rely upon Fed. R. Civ. P. 4(k)(1)(A), which incorporates state law of the forum, here New York. *Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104-108 (1987); *Angela Adams Licensing , LLC v. Dynamic Rugs, Inc.*, 463 F. Supp. 2d 82, 83 (D. Me. 2006).

traditional common law bases of personal jurisdiction such as presence, consent, domicile, and doing business." *Moneygram Payment Sys., Inc. v. Consorcio Oriental, S.A.*, 2007 WL 1489806, at *3 (S.D.N.Y. May 21, 2007). An individual is "doing business" when he or she "is engaged in such a continuous and systematic course of activity that it can be deemed to be 'present' in the state of New York." *Id.*

However, in New York, an individual cannot be subject to general personal jurisdiction "unless he is doing business in New York as an individual rather than on behalf of a corporation." *Brinkmann v. Adrian Carriers, Inc.*, 29 A.D. 3d 615, 617, 815 N.Y.S. 2d 196, 199 (2d Dep't. 2006). "If an individual is sued in his individual capacity, but only had contact with New York as an officer of a corporation acting within the scope of his employment, that individual is not subject to personal jurisdiction in New York." *Seaweed, Inc. v. DMA Product & Design & Marketing LLC*, 219 F. Supp. 2d 551, 554 (S.D.N.Y. 2002).

In Plaintiff's First Amended Complaint, there is no allegation that the Chang Defendants do business or have done business in New York as individuals. Notwithstanding this fatal defect in Plaintiff's pleadings, the Chang Defendants are not engaged in any "continuous and systematic" activities in New York. The Chang Defendants are residents of California, are not domiciled in New York, own no real property or bank accounts in New York, do not have New York driver's licenses and do not pay income taxes in New York. (DWC Decl. at ¶¶ 5-9)(JSC Decl. at ¶¶ 3-7). The Chang Defendants were not served in New York and do not consent to jurisdiction in New York. (DWC Decl. at ¶¶ 11, 14)(JSC Decl. at ¶¶ 9, 12). Moreover, the Chang Defendants do not engage in any business in New York outside the scope of their employment by Forever 21. (DWC Decl. at ¶¶ 4, 10)(JSC Decl. at ¶¶ 2, 8). Consequently, the Chang Defendants are not subject to general jurisdiction under New York law.

2.    New York Specific Jurisdiction

The New York long-arm statute, C.P.L.R. § 302, permits the assertion of specific jurisdiction over a defendant only if the plaintiff's claim "arises from" certain acts committed by the defendant: "transact[ing] any business within the state," "commit[ing] a tortious act within the state" or "commit[ing] a tortious act without the state causing injury to person or property within the state ... if [the defendant] (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state". *Thomas v. Ashcroft*, 470 F.3d 491, 495-96 (2d Cir. 2006); N.Y. C.P.L.R. § 302(a). Plaintiff has failed to allege that the Chang Defendants conduct business in New York as individuals, that the Chang Defendants as individuals have committed any tortious act in New York, that the Chang Defendants as individuals have committed any tortious act causing injury in New York or that any actions of the Chang Defendants in their capacities as individuals have given rise to Plaintiff's claims. Moreover, as discussed above, the Chang Defendants do not, in fact, conduct business in New York as individuals.

Under New York law, a corporation can, under certain limited facts, act as the agent of a corporate officer and thus subject the officer to personal jurisdiction under C.P.L.R. § 302. *Beatie and Osborn LLP v. Patriot Scientific Corp.*, 431 F. Supp. 2d 367, 389 (S.D.N.Y. 2006). For a corporation to be considered an agent of an officer for personal jurisdiction purposes, a plaintiff must allege: (1) that the corporation is engaged in purposeful activities in New York in relation to the transaction; (2) that the corporation's allegedly infringing activities were performed for the benefit of the individual defendant; (3) that the corporation's allegedly infringing activities were performed with the knowledge and consent of the individual defendant; and (4) that the individual defendant exercised some control over the corporation. *Id.*

6

Plaintiff has averred no facts to show that the activities complained of by Plaintiff were performed with the knowledge and consent of the Chang Defendants.

To make a *prima facie* showing of "control," a plaintiff's allegations must sufficiently detail the defendant's conduct so as to persuade a court that the defendant was a "primary actor" in the specific matter in question. *Karabu Corp. v. Gitner*, 16 F. Supp. 2d 319, 324 (S.D.N.Y. 1998). Control cannot be shown based merely upon a defendant's title or position within the corporation, or upon conclusory allegations that the defendant controls the corporation. *Id.* Courts have also routinely granted motions to dismiss for lack of personal jurisdiction where the plaintiff made only broadly worded and vague allegations about a defendant's participation in the specific matter at hand. *Id.* (citing *Sterling Interiors Group, Inc. v. Haworth, Inc.*, 1996 WL 426379, at * 15 (S.D.N.Y. July 30, 1996) (allegations that defendant "participated directly" in illegal scheme was "far too vague" to establish jurisdiction; plaintiffs failed to allege "even minor details" regarding the specific actions taken by the defendant); *Briley v. Blackford*, 1990 WL 124341, at * 8 (S.D.N.Y. Aug.21, 1990) (vague allegations that defendants cooperated in tortious conduct was insufficient to establish control element); *Pilates, Inc. v. Current Concepts*, 1996 WL 599654, at *3 (S.D.N.Y. Oct.18, 1996) (vague allegation that defendant controlled the corporation, without any description of defendant's role in tortious conduct, was insufficient to make prima facie showing of personal jurisdiction)). Suing the out-of-state officers of a large, multi-national corporation based only upon their title, and absent any good faith basis for believing that they personally participated in the conduct underlying plaintiff's lawsuit, will not confer jurisdiction under a theory of agency. *Id.* at 325.

Plaintiff's sole allegations connecting the Chang Defendants as individuals with the purported infringing activities of Forever 21 consist merely of the conclusory statements that

7

each of the Chang Defendants "is a dominant and controlling force in the infringing activities complained of herein." Plaintiff has failed to detail any purported conduct on the part of the Chang Defendants as individuals that relates in any way to the subject matter of the lawsuit. Moreover, Plaintiff has failed to allege with any degree of particularity that the Chang Defendants control the activities of Forever 21 purportedly relating to this lawsuit of that any such activities were performed for the benefit of either of the Chang Defendants. Consequently, Forever 21 is not the agent of the Chang Defendants, and those individuals are not subject to specific jurisdiction under New York law.

**C.    Personal Jurisdiction Over The Chang
        Defendants Would Not Comport With Due Process**

Even assuming *arguendo* personal jurisdiction over the Chang Defendants pursuant to New York law, the Court must then determine whether such exercise of jurisdiction would be permissible under the Due Process Clause of the Fourteenth Amendment. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002). The Due Process Clause "operates to limit the power of a State to assert in personam jurisdiction over a nonresident defendant." *Helicopteros*, 466 U.S. at 414. In order to satisfy due process requirements, a defendant must have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). The Due Process analysis has two components: "the minimum contacts inquiry and the reasonableness inquiry." *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996).

1.    Minimum Contacts

The minimum contacts test rests on whether a defendant's "conduct and connection with the forum state" are such that "it should reasonably anticipate being haled into court there."

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). A non-resident

defendant has minimum contacts with the forum state if it commits "some act by which it

purposely avails itself of the privilege of conducting activities within the forum state, thus

invoking the benefits and protection of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1940).

　　Two separate forms of personal jurisdiction – general and specific – satisfy "minimum

contacts," depending on the nature of the defendant's contacts (or lack thereof) in a given case.

*Helicopteros*, 466 U.S. at 414-16, n.8 and n.9. "Because general jurisdiction is not related to the

events giving rise to the suit, courts impose a more stringent minimum contacts test" than that

applicable to specific jurisdiction. *Metropolitan Life*, 85 F.3d at 568. General jurisdiction exists

only when the defendant's contacts with the forum are "ongoing and systematic." *U.S. Titan,*

*Inc. v. Guangzhou Zhen Hua Shipping Co.*, 241 F.3d 135, 152 (2d Cir. 2001). In contrast,

specific personal jurisdiction exists only when the claim "arises out of, or relates to, the

defendant's contacts with the forum" and the defendant "purposefully availed itself of the

privilege of doing business in the forum and could foresee being haled into court there."

*Helicopteros*, 466 U.S. at 414, n.8; *Bank Brussels Lambert*, 305 F.3d at 127.

　　As discussed above, the Chang Defendants do not have ongoing and systemic contacts, as

required for general jurisdiction, or contacts giving rise to Plaintiff's claims, as required for

specific jurisdiction. The Chang Defendants are residents of California and own no property in

New York. (DWC Decl. at ¶¶ 5, 6)(JSC Decl. at ¶¶ 3, 4). The Chang Defendants own no bank

accounts in New York and do not pay New York state income taxes. (DWC Decl. at ¶¶ 7,

8)(JSC Decl. at ¶¶ 5, 6). The Chang Defendants have never undertaken any business activities in

or directed to New York in their capacities as individuals. (DWC Decl. at ¶¶ 4, 10)(JSC Decl. at

¶¶ 2, 8). Any business travel by the Chang Defendants to New York State as employees of

9

Forever 21 would not in any way be related to the subject matter of this lawsuit. (DWC Decl. at ¶ 13)(JSC Decl. at ¶ 11). The Chang Defendants did not receive service of process in the State of New York for this lawsuit. (DWC Decl. at ¶ 14)(JSC Decl. at ¶ 12).

      2.    <u>Reasonableness</u>

The reasonableness of personal jurisdiction rests on five factors: (1) the burden on the defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering substantive social policies. *Metropolitan Life*, 85 F.3d at 568.

Forcing the Chang Defendants to appear in New York for this lawsuit would work considerable hardship on them, as California residents, and would impose a prejudicial burden. Moreover, New York's interest in adjudicating Plaintiff's claims with regard to the Chang Defendants, as well as Plaintiff's interest in obtaining relief against the Chang Defendants, are negligible since Plaintiff has failed even to adequately allege that the Chang Defendants have committed acts outside the scope of their duties as employees of Forever 21 that are in any way related to the subject matter of this lawsuit. Instead, corporate defendant Forever 21 is the party against whom any judgment for damages or other relief in this lawsuit would be levied and satisfied. (DWC Decl. at ¶ 3). Forever 21 owns hundreds of stores throughout the United States and is financially solvent. (DWC Decl. at ¶¶ 2, 3).

Finally, the states share the same substantial interest in insuring that non-resident defendants are not improperly subjected to personal jurisdiction in states with which such defendants have no minimum contacts. Accordingly, personal jurisdiction over the Chang Defendants in New York for this lawsuit is not reasonable.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Chang Defendants respectfully submit that they are not subject to personal jurisdiction in this lawsuit and that Plaintiff's First Amended Complaint should be dismissed as to them.

Also for the foregoing reasons, and coupled with Plaintiff's apparent lack of evidence and failure to plead sufficient facts to support a finding of jurisdiction over the Chang Defendants, the Chang Defendants seek reimbursement for their attorneys' fees and costs associated with this motion.

Dated: December 14, 2007                          Respectfully submitted,

                                    By:        _____s/ Robert L. Powley_____
                                               Robert L. Powley (RP 7674)
                                               James M. Gibson (JG 9234)
                                               David J. Lorenz (DL 3072)

                                               Attorneys for Defendants
                                               Forever 21, Inc., Forever 21 Retail
                                               Inc., Forever 21 Logistics, LLC,
                                               Do Won Chang and Jin Sook Chang

                                               Powley & Gibson, P.C.
                                               304 Hudson Street, 2nd Floor
                                               New York, New York  10013
                                               Phone: 212-226-5054
                                               Fax:    212-226-5085

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of MEMORANDUM OF LAW IN

SUPPORT OF DEFENDANTS DO WON CHANG'S AND JIN SOOK CHANG'S MOTION

TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL

JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2) was served upon counsel for

Plaintiff by ECF and First-Class Mail, postage prepaid, on this 14th day of December 2007,

addressed as follows:

> Marya Lenn Yee, Esq.
> Amy C. Opp, Esq.
> DONOVAN & YEE LLP
> The Soho Building
> 110 Greene Street, Suite 700
> New York, New York  10012
> (212) 226-7700

Julio M. Lopez

12