**EXHIBIT C**

Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
David J. Lorenz (DL 3072)
Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

Attorneys for Defendants
Forever 21, Inc., Forever 21 Retail,
Inc., Forever 21 Logistics, LLC,
Do Won Chang and Jin Sook Chang

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
ANNA SUI CORP.,
:
:
:          07 Civ. 3235 (TPG)(JCF)
:
Plaintiff,    :
:
-v-           :
:
FOREVER 21, INC., FOREVER 21 RETAIL, :
INC., FOREVER 21 LOGISTICS, LLC,     :
DO WON CHANG, JIN SOOK CHANG,        :
GADZOOKS, INC., GERALD P. SZCZEPANSKI :
and JOHN DOES 1 to 20,               :
:
:
Defendants.   :
------------------------------------------------------------x

**DEFENDANTS' RESPONSE AND OBJECTIONS TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES AND REQUESTS FOR ADMISSION**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendants Forever 21, Inc., Forever 21 Retail, Inc., Forever 21 Logistics, LLC, Do Won Chang and Jin Sook Chang (hereinafter collectively "Defendants" or "Forever 21"), hereby respond and object to Plaintiff Anna Sui Corp.'s (hereinafter "Plaintiff") First Set of Interrogatories and Requests for

Admission as follows. The responses set forth below are based on information presently available to Defendants. Defendants reserve the right to supplement, amend or correct their responses based on information that is now known or may become known through additional discovery or any other means.

## GENERAL RESPONSES

The following General Responses are incorporated, unless otherwise noted, into each and every one of Defendants' Responses to Plaintiff's Interrogatories and Requests for Admission:

A. The specific responses set forth below are for the purposes of discovery only, and Defendants neither waive nor intend to waive, but expressly reserve, any and all objections they may have to the relevance, competence, materiality, admission, admissibility or use at trial of any information, documents or writings produced, identified or referred to herein, or to the introduction of any evidence at trial relating to the subjects covered by such Responses.

B. Defendants expressly reserve their right to rely, at any time including trial, upon subsequently discovered information or information omitted from the specific Responses set forth below as a result of mistake, oversight or inadvertence.

C. The specific responses set forth below are based upon Defendants' interpretation of the language used in the Interrogatories and Requests for Admission, and Defendants reserve their rights to amend or supplement further their Responses in the event Plaintiff asserts an interpretation that differs from Defendants' interpretation.

D. By making these responses, Defendants do not concede they are in possession of any information responsive to any particular Interrogatory or Request for

2

Admission or that any Responses given are relevant to this action.

E. Subject to and without waiving the general and specific responses and objections set forth herein, Defendants will provide information responsive to the Interrogatories and Requests for Admission that Defendants have to date. Defendants will continue to provide responsive information as such is discovered. Defendants' failure to object to a particular Interrogatory or Request for Admission or willingness to provide responsive information pursuant to an Interrogatory or Request for Admission is not, and shall not be construed as, an admission of the relevance, or admissibility into evidence, of any such information, nor does it constitute a representation that any such information in fact exists.

F. Because Defendants may not have discovered all the information that is possibly within the scope of the Interrogatories and Requests for Admission, Defendants expressly reserve their rights to amend or to supplement these Responses and Objections with any additional information that emerges through discovery or otherwise.

## GENERAL OBJECTIONS

The following general objections are incorporated by reference in Defendants' Response to each and every Interrogatory and Request for Admission below:

1. Defendants object to the Interrogatories and Requests for Admission to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. Defendants respond to these Interrogatories and Requests for Admission on the condition that any inadvertent response regarding information covered by such privilege, rule or doctrine does not waive any of Defendants' rights to assert such privilege, rule or doctrine and

that Defendants may withdraw any such response inadvertently made as soon as identified.

2. Defendants object to the Interrogatories and Requests for Admission to the extent that they seek proprietary, sensitive, or confidential commercial information or information made confidential by law or any agreement or which reflects trade secrets.

3. Defendants object to these Interrogatories and Requests for Admission to the extent that they seek information that is not relevant to the claims or defenses of the parties to this action.

4. Defendants object to these Interrogatories and Requests for Admission to the extent that they are vague and ambiguous and therefore not capable of response as propounded.

5. Defendants object to these Interrogatories and Requests for Admission to the extent they seek information that is publicly available, is a matter of public record, and/or is information generated by other entities or that is in the possession, custody, or control of other entities.

6. Defendants object to producing documents and/or information that they consider CONFIDENTIAL or HIGHLY CONFIDENTIAL until an appropriate protective order has been signed by the parties and is approved and entered with the Court.

7. Defendants reserve their right to modify, amend or supplement their objections and to move for protective orders as necessary.

8. Defendants will make responsive documents available at the offices of Powley & Gibson, P.C., 304 Hudson Street, 2nd Floor, New York, New York 10013, at a time to be mutually agreed to by counsel for the parties.

## SPECIFIC OBJECTIONS

1. Defendants object to Plaintiff's definition of "Anna Sui Designs" to the extent it attempts to include designs other than those specifically identified in the First Amended Complaint.

2. Defendants object to Plaintiff's definition of "Forever 21 Garments" to the extent it attempts to include garments other than those specifically identified in the First Amended Complaint, and to the extent it includes companies or individuals unrelated to Defendants and not parties to this lawsuit.

3. Defendants object to Plaintiff's definition of "Forever 21 Stores" to the extent it attempts to include companies unrelated to Defendants and not parties to this lawsuit.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION

### INTERROGATORY NO. 1:

Identify all persons with knowledge of Forever 21's policies and procedures with respect to manufacturing, selecting, ordering, purchasing and displaying clothing for sale in Forever 21 Stores.

### RESPONSE TO INTERROGATORY NO. 1:

Defendants object to this Interrogatory on the basis that it is overly broad and unduly burdensome. Defendants also object to this interrogatory as it is in violation of Local Rule 33.3.

Notwithstanding these objections, see Defendants' Initial Disclosures.

### INTERROGATORY NO. 2:

Identify all persons with knowledge regarding the facts and circumstances surrounding Defendants' recall from sale of the Forever 21 Garments identified in Plaintiff's First Amended

5

Complaint.

RESPONSE TO INTERROGATORY NO. 2:

Defendants object to this Interrogatory on the basis that it is overly broad and unduly burdensome. Defendants also object to this interrogatory as it is in violation of Local Rule 33.3. Defendants also object to this Interrogatory to the extent it uses information provided to Plaintiff pursuant to Fed. R. Evid. 408 in the context of settlement discussions. In addition, Defendants object to this Interrogatory as the information requested is unlikely to lead to the discovery of admissible evidence and is irrelevant to the issues in this lawsuit.

INTERROGATORY NO. 3:

Describe the procedures used by Defendants to ensure that all Forever 21 Garments bearing the Anna Sui Designs identified in Plaintiff's First Amended Complaint were removed from sale in all Forever 21 Stores.

RESPONSE TO INTERROGATORY NO. 3:

Defendants object to this Interrogatory on the basis that it is overly broad and unduly burdensome. Defendants also object to this interrogatory as it is in violation of Local Rule 33.3. Defendants also object to this Interrogatory to the extent it uses information provided to Plaintiff pursuant to Fed. R. Evid. 408 in the context of settlement discussions. In addition, Defendants object to this Interrogatory as the information requested is unlikely to lead to the discovery of admissible evidence and is irrelevant to the issues in this lawsuit.

INTERROGATORY NO. 4:

Identify all officers, directors and principals of Forever 21, and all investors therein.

RESPONSE TO INTERROGATORY NO. 4:

Defendants object to this Interrogatory on the basis that it is overly broad and unduly

burdensome, in violation of Local Rule 33.3, and, as it relates to investors, irrelevant and unlikely to lead to the discovery of admissible evidence.

This response seeks highly confidential information and should be treated as such pursuant to the parties' Protective Order in this lawsuit.

INTERROGATORY NO. 5:

Identify Do Won Chang's title and list his relationship to Defendants and his responsibilities at Forever 21.

RESPONSE TO INTERROGATORY NO. 5:

Defendants object to this Interrogatory on the basis that it is overly broad and unduly burdensome. Defendants also object to this interrogatory as it is in violation of Local Rule 33.3.

INTERROGATORY NO. 6:

Identify Jin Sook Chang's title and list her relationship to Defendants and responsibilities at Forever 21.

RESPONSE TO INTERROGATORY NO. 6:

Defendants object to this Interrogatory on the basis that it is overly broad and unduly burdensome. Defendants also object to this interrogatory as it is in violation of Local Rule 33.3.

INTERROGATORY NO. 7:

Identify the title, contact information and job responsibilities for each employee of Forever 21 listed as a person with knowledge in Defendants' Rule 26 (a)(1)(A) disclosures, dated October 16, 2007.

RESPONSE TO INTERROGATORY NO. 7:

Defendants object to this Interrogatory on the basis that it is overly broad and unduly burdensome. Defendants also object to this interrogatory as it is in violation of Local Rule 33.3.

INTERROGATORY NO. 8:

Identify the relationship between Gadzooks, Inc., Gerald Szczepanski and Forever 21.

RESPONSE TO INTERROGATORY NO. 8:

Defendants object to this Interrogatory on the basis that it is overly broad and unduly burdensome. Defendants also object to this interrogatory as it is in violation of Local Rule 33.3.

Notwithstanding these objections, as previously advised, there is no current relationship between Defendants and Gadzooks, Inc. or Gerald Szczepanski.

INTERROGATORY NO. 9:

Identify all persons with knowledge of the manufacturing, ordering, selection, purchasing, marketing, sale, and distribution of Forever 21 Garments.

RESPONSE TO INTERROGATORY NO. 9:

Defendants object to this Interrogatory on the basis that it is overly broad and unduly burdensome. Defendants also object to this interrogatory as it is in violation of Local Rule 33.3.

Notwithstanding these objections, see Defendants' Initial Disclosures.

INTERROGATORY NO. 10:

Identify each of the Forever 21 Stores, including the address and telephone number for

each.

RESPONSE TO INTERROGATORY NO. 10:

Defendants object to this Interrogatory on the basis that it is overly broad and unduly burdensome. Defendants also object to this interrogatory as it is in violation of Local Rule 33.3.

INTERROGATORY NO. 11:

With respect to the Forever 21 Garments and the garments identified in the letters sent by Plaintiff's counsel dated September 19, 2007, and October 5, 2007, identify all vendors, including the contact person's full name, address and all telephone numbers, from whom the goods were purchased.

RESPONSE TO INTERROGATORY NO. 11:

Defendants object to this Interrogatory on the basis that it is overly broad and unduly burdensome. Defendants also object to this interrogatory as it is in violation of Local Rule 33.3.

INTERROGATORY NO. 12:

Identify all women's garment vendors from whom Defendants order, select and/or purchase goods to be sold in the Forever 21 Stores by listing the vendor's name, the contact person's full name, address, telephone numbers and a description of the items sold to Defendants by Forever 21 item code.

RESPONSE TO INTERROGATORY NO. 12:

Defendants object to this Interrogatory on the basis that it is overly broad and unduly burdensome. Defendants also object to this interrogatory as it is in violation of Local Rule 33.3.

## INTERROGATORY NO. 13:

State whether Defendants employ independent designers to design, create, and/or produce the goods sold in the Forever 21 Stores.

## RESPONSE TO INTERROGATORY NO. 13:

Defendants object to this Interrogatory on the basis that it is overly broad and unduly burdensome. Defendants also object to this interrogatory as it is in violation of Local Rule 33.3.

## INTERROGATORY NO. 14:

State whether Forever 21 designs its own fabrics, and if it does, identify the persons responsible for such work.

## RESPONSE TO INTERROGATORY NO. 14:

Defendants object to this Interrogatory on the basis that it is overly broad and unduly burdensome. Defendants also object to this interrogatory as it is in violation of Local Rule 33.3.

## INTERROGATORY NO. 15:

For each of the following items (identified by Forever 21 item code), state: (i) the number of garments purchased by Defendants and the cost per garment; (ii) the number of garments sold by Defendants and the price for each; and (iii) the location of the remaining garments, if any:

(a) 31600366
(b) 30248188
(c) 36705283
(d) 36714571
(e) 36904975
(f) 36905362
(g) 32112754
(h) 35734300

(i) 36529972
(j) 37795849
(k) 37958389
(l) 37487023
(m) 38851972
(n) 35648386
(o) 35560924
(p) 35649934
(q) 35649160
(r) 35759068
(s) 35533834
(t) 35522611
(u) 35527642
(v) 32310124
(w) 32503624
(x) 35526481
(y) 35538865
(z) 35533060
(aa) 34388701
(bb) 36348082
(cc) 34845361
(dd) 32484274
(ee) 42420499012
(ff) 34588006
(gg) 2043053244
(hh) 2040135264

RESPONSE TO INTERROGATORY NO. 15:

Defendants object to this Interrogatory on the basis that it is overly broad and unduly burdensome. Defendants also object to this interrogatory as it is in violation of Local Rule 33.3.

INTERROGATORY NO. 16:

State Defendants' procedures for restocking their stores and warehouse, including: (i) how often new goods are placed in the stores and online; (ii) how many pieces of a particular women's clothing item Defendants usually purchase; (iii) how many individual garments Forever 21 usually purchases per season; and (iv) how far in advance a women's clothing item must be

11

ordered from an outside vendor before it is actually displayed and offered for sale in the Forever 21 Stores.

RESPONSE TO INTERROGATORY NO. 16:

Defendants object to this Interrogatory on the basis that it is overly broad and unduly burdensome. Defendants also object to this interrogatory as it is in violation of Local Rule 33.3.

INTERROGATORY NO. 17:

Identify all legal proceedings, including names of all parties, jurisdiction and venue, the identifying case number and gravamen of the Complaint, to which Defendants are or have been a party regarding copyright, trademark and/or trade dress issues.

RESPONSE TO INTERROGATORY NO. 17:

Defendants object to this Interrogatory on the basis that it is overly broad and unduly burdensome. Defendants also object to this interrogatory as it is in violation of Local Rule 33.3.

INTERROGATORY NO. 18:

Identify all persons with knowledge concerning the facts which support Defendants' denial of any allegation in the Answer to the First Amended Complaint in this matter and the facts as to which each has knowledge.

RESPONSE TO INTERROGATORY NO. 18:

Defendants object to this Interrogatory on the basis that it is overly broad and unduly burdensome. Defendants also object to this interrogatory as it is in violation of Local Rule 33.3.

Notwithstanding these objections, see Defendants' Initial Disclosures.

INTERROGATORY NO. 19:

Identify all persons who assisted in preparing Defendants' responses to Plaintiff's First Set of Interrogatories and Requests for Admission and Plaintiff's First Set of Document Requests.

RESPONSE TO INTERROGATORY NO. 19:

Defendants object to this Interrogatory on the basis that it is overly broad and unduly burdensome. Defendants also object to this interrogatory as it is in violation of Local Rule 33.3.

REQUEST FOR ADMISSION NO. 1:

Admit that Forever 21 does not employ designers to design the goods it offers for sale in the Forever 21 Stores.

RESPONSE:

Denied.

REQUEST FOR ADMISSION NO. 2:

Admit that Defendants have been named as defendants in more than a dozen legal proceedings accusing Defendants of infringing on another designer's original, copyrighted work.

RESPONSE:

Defendants object to this Request to the extent it seeks documents and things that do not relate to the issues in this lawsuit and on the ground that the Request is unlikely to lead to the discovery of admissible evidence. Based on the definition of "Defendants" used by Plaintiff, denied.

REQUEST FOR ADMISSION NO. 3:

Admit that Defendants were aware of Plaintiff as a leading fashion designer prior to the commencement of this litigation.

RESPONSE:

Denied.

REQUEST FOR ADMISSION NO. 4:

Admit that Defendants sell their goods in Gadzooks stores.

RESPONSE:

Denied.

REQUEST FOR ADMISSION NO. 5:

Admit that Defendants sell their goods in Reference stores.

RESPONSE:

Based on the definition of "Defendants" used by Plaintiff, denied.

REQUEST FOR ADMISSION NO. 6:

Admit that Defendants sell their goods in LVLX stores.

RESPONSE:

Denied

As to responses:   By: _____L.H. Meyer_____
                   Title: Senior Vice President
                   Date: Nov. 26, 2007

As to objections:  By: _____James M. Gibson_____
                   Robert L. Powley (RP 7674)
                   James M. Gibson (JG 9234)

                   Powley & Gibson, P.C.
                   304 Hudson Street, 2nd Floor
                   New York, New York 10013
                   Phone: 212-226-5054
                   Fax:   212-226-5085

                   Attorneys for Defendants
                   Forever 21, Inc., Forever 21 Retail
                   Inc., Forever 21 Logistics, LLC,
                   Do Won Chang and Jin Sook Chang

14