UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ANNA SUI CORP.,

                **Plaintiff,**

      -v.-
                                            07 Civ. 3235 (TPG)

FOREVER 21, INC., FOREVER 21 RETAIL, INC.,
FOREVER 21 LOGISTICS, LLC,
DO WON CHANG, JIN SOOK CHANG,
GADZOOKS, INC., GERALD P. SZCZEPANSKI
and JOHN DOES 1 to 20,

                **Defendants.**
------------------------------------------------------------------------x


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS
DO WON CHANG AND JING SOOK CHANG'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. FACTS ............................................................................................................................ 2

III. JURISDICTION OVER THE CHANG DEFENDANTS IS PROPER UNDER NY CPLR 302(a) ................................................................................................................. 4

IV. THE FIDUCIARY SHIELD DOCTRINE HAS BEEN ABOLISHED ................... 10

V. PLAINTIFF HAS SATISFIED DUE PROCESS AND THIS COURT'S EXERCISE OF JURISDICTION IS REASONABLE ............................................ 15

VI. CONCLUSION ............................................................................................................ 17

Plaintiff Anna Sui Corp. ("Plaintiff") submits this Memorandum of Law, together with the accompanying declaration of Marya Lenn Yee, Esq. ("Yee Dec.") and the exhibits thereto, in opposition to Defendants Do Won Chang's and Jin Sook Chang's (collectively the "Chang Defendants") motion to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2).

I.  **INTRODUCTION**

This case centers on Defendants' repeated willful infringement of Plaintiff's copyrighted print and fabric designs (the "Sui Designs.") Defendants, at the direction and supervision of the Chang Defendants, have intentionally copied over two dozen of the Sui Designs and offered dozens of infringing garments which copy the Sui Designs (the "Infringing Designs") for sale in hundreds of Forever 21 stores and on the Forever 21 website located at www.forever21.com (together, the "Forever 21 Stores.") The Chang Defendants, as the co-owners and co-founders of Forever 21, Inc. and related entities (hereinafter "Forever 21"), have played an integral role in the design, supervision, distribution and sale of the Infringing Designs, demonstrated by Jin Sook Chang's position as Head Buyer for Forever 21 and Do Won Chang's position as Chief Executive Officer of Forever 21. (First Amended Compl. ¶¶6, 7, 21-24, 48, 51). As set forth more fully below, corporate officers and employees are personally liable for acts of copyright infringement where the individuals have the ability to supervise and control the infringing acts of the corporation and where the individuals stand to gain financially from the sale of the infringing goods. Given the Chang Defendants' financial interest in Forever 21 and their respective positions of power within the corporation, this Court's exercise of personal jurisdiction over the Chang Defendants is proper.

**II.    FACTS**

The Chang Defendants are the co-founders and the owners of Forever 21.  (Do Won Chang Aff. ¶1, Jin Sook Chang Aff. ¶1).  Upon information and belief, Forever 21 is a privately held company, owned exclusively by the Chang Defendants, which operates over 300 retail stores throughout the United States and abroad.  (Yee Dec. ¶4, Exhibit A)  Do Won Chang serves as the Chief Executive Officer of Forever 21 (Do Won Chang Aff. ¶1) and Jin Sook Chang serves as the Head Buyer of Forever 21, overseeing the selection, distribution and sale of goods in Forever 21 Stores, including the dozens of Infringing Designs at issue in this case.  (Jin Sook Chang Aff. ¶1, 2)  Defendants listed Jin Sook Chang as a person with knowledge of the subject matter of this litigation in its Initial Disclosures.  (Yee Dec. ¶13, Exhibit D)

There are several Forever 21 Stores in this District, including three large mega-stores in Manhattan, located at 568 Broadway, 40 E. 14th Street and 50 W. 34th Street.  (Yee Dec. ¶6)  These stores typically offer hundreds of Forever 21 garments and accessories for sale at any given time.  (Yee Dec. ¶6)  A number of the Infringing Designs at issue in this case have been discovered in Defendants' Manhattan locations.  (Yee Dec. ¶7)

Plaintiff filed its original complaint for willful copyright infringement in violation of 17 U.S.C. §101, unfair competition and false designation of origin or sponsorship in violation of 15 U.S.C. §1125, unlawful trade practices in violation of New York General Business Law and common law unfair competition in violation of New York State Law against Defendants, including the Chang Defendants, on April 23, 2007.

Prior to serving the original complaint, Plaintiff first contacted the Defendants regarding the Infringing Designs and although settlement discussions ensued, in the following weeks Plaintiff continued to discover additional infringements of its Sui Designs in the Forever 21 Stores, all to the frustration of Plaintiff and the hoped-for settlement.  As the co-founders, co-owners and key executives of Forever 21, along with their position as co-defendants in the action filed in April 2007, the Chang Defendants had the power and authority to cease the design, sale and distribution of the Infringing Designs, but chose not to.  Instead, Defendants continued in its design, sale and distribution of Infringing Designs, resulting in the filing and service Plaintiff's First Amended Complaint (the "First Amended Complaint") on June 26, 2007.

The Chang Defendants were served with copies of the First Amended Complaint, pursuant to the applicable rules under the FRCP and CPLR, on or around July 2, 2007.  (Yee Dec. ¶10, Exhibit B)  Counsel for the Chang Defendants appeared in this action on or around July 30, 2007.  (Yee Dec. ¶11)  The Chang Defendants are represented by the same counsel as the other Forever 21 Defendants.  The parties have engaged in initial discovery although counsel for the Chang Defendants has failed to produce any information or documents pertaining to the specific responsibilities and duties of the Chang Defendants to date, apart from the declarations submitted by the Chang Defendants in support of this motion. (Yee Dec. ¶12)  In fact, Defendants objected to Plaintiff's request that Defendants' identify the Chang Defendants' title and responsibilities at and relationship to Forever 21.  (Exhibit C to Yee Dec.)

### III. JURISDICTION OVER THE CHANG DEFENDANTS IS PROPER UNDER NY CPLR 302(a)

In order to demonstrate personal jurisdiction sufficient to defeat a motion to dismiss, Plaintiff need only make a prima facie showing that jurisdiction over the Chang Defendants exists. *Editorial Musical Latino Americana, S.A. v. MAR Int'l Records, Inc.*, 829 F.Supp. 62, 64 (S.D.N.Y. 1993). Plaintiff's complaint and any accompanying affidavits are to be construed in the light most favorable to Plaintiff. *Baron Philippe de Rothschild v. Paramount Distillers, Inc.*, 921 F.Supp. 433, 435 (S.D.N.Y. 1996). Plaintiff will be found to have met its burden even if the moving party makes contrary allegations that place in dispute the factual basis of plaintiff's prima facie case. *Pilates, Inc. v. Pilates Institute, Inc.*, 891 F.Supp. 175, 178 (S.D.N.Y. 1995); *see also Bank Brussels Lambert v. Fiddler Gonzalez Rodriguez*, 305 F.3d 120, 125 (2d Cir. 2002) (on motion to dismiss plaintiff need not prove that defendant committed a tort but rather need only state a colorable cause of action). Furthermore, where as here, discovery has not occurred on this issue, Plaintiff is entitled to rely on mere factual allegations to make its prima facie showing of jurisdiction. *Baron Philippe*, 921 F.Supp. at 436 (nonresident defendants who shipped infringing goods to New York were subject to personal jurisdiction under CPLR 302(a)).

To determine whether personal jurisdiction exists over a non-domiciliary in a federal question case, the long-arm statute of the forum state, in this case New York, applies. *Editorial Musical*, 829 F. Supp. at 64.

New York's long-arm statute provides:

(a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

4

> (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or
> (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
> (3) commits a tortious act without the state causing injury to a person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>    (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from interstate or international commerce; or
>    (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
> (4) owns, uses or possesses any real property situated within the state.
>
> N.Y. C.P.L.R. 302 (2007).

As previously stated by Your Honor, copyright infringement "has long been recognized as a commercial tort that can give rise to jurisdiction under § 302(a)(2)."[1] *J. Racenstein & Co., Inc. v. Wallace*, 1997 WL 605107 *2 (S.D.N.Y. 1997) (in copyright infringement case, personal jurisdiction proper over window cleaning supply company and its owner domiciled in Colorado); *Colour & Design v. U.S. Vinyl Manufacturing Corp.*, 2005 WL 1337863 (S.D.N.Y. 2005) (finding jurisdiction over president and CEO of textile company located in Georgia proper under CPLR 302(a) where sale of infringing products occurred in New York); *Pilates*, 891 F.Supp. at 180 (the offering of even one copy of an infringing work for sale in New York constitutes commission of a tortious act within the state sufficient to imbue the court with personal jurisdiction over the infringers). The tort occurs at the location of the "passing off" of the infringing item, which is usually the place of sale, rather than the location where the infringing item was created or copied. *J. Racenstein & Co., Inc.*, 1997 WL 605107 * 2. In the case at bar, several of the Infringing Designs were discovered and/or purchased at Forever 21 stores

---

[1] Because it is well established that a claim of copyright infringement gives rise to specific jurisdiction over a defendant pursuant to CPLR 302(a), Plaintiff will not burden the Court with an analysis of why the Court has general jurisdiction over the Chang Defendants pursuant to CPLR 301.

5

located in this District. Further, jurisdiction is proper even if the infringing goods sent to New York only comprise a small percentage of defendants' total national distribution or, in total, are numerically small. *Id.*

Defendants contend that this Court lacks personal jurisdiction over the Chang Defendants because they are residents of California, do not own bank accounts or real property in New York and do not engage in any business in New York outside the scope of their employment by Forever 21. (Def. Memo. p. 5)[2] Defendants neglect to mention that as the co-founders and co-owners of Forever 21, the Chang Defendants voluntarily chose to do business in New York by opening and operating Forever 21 Stores in New York, including the three Forever 21 mega-stores located throughout Manhattan and that the Chang Defendants benefit financially from the sale of Forever 21 goods, including the Infringing Designs, in its New York stores. The Chang Defendants are not merely employees of Forever 21 taking instructions from higher-ups within the company; as co-founders and co-owners, they are the dominant and controlling force behind the business affairs of the company. (First Amended Complaint ¶¶6, 7)

Further, it is the law of this Circuit that an individual, including a corporate officer, who has the ability to supervise infringing activity, personally participate in the infringing activity or benefit from the infringement is personally liable for the

---

[2] Several of the cases relied on by Defendants to support their argument that personal jurisdiction over the Chang Defendants is not proper involve foreign corporate defendants. *See Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868 (1984) (Texas court's exercise of long-arm jurisdiction over Colombian corporation in wrongful death action improper); *In re Magnetic Audiotape Antitrust Lit.*, 334 F.3d 204 (2d Cir. 2003) (court lacks personal jurisdiction over Korean corporation in antitrust class action suit); *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.*, 241 F.3d 135 (2d Cir. 2001) (personal jurisdiction over Chinese shipping company proper under long-arm statute); *A.I. Trade Finance, Inc. v. Petra Bank*, 989 F.2d 76 (2d Cir. 1993) (exercise of personal jurisdiction over Jordanian bank in action on promissory note proper). These cases are not applicable to the case at bar as the Chang Defendants are individuals residing in California who own and operate several Forever 21 Stores in this District and not foreign corporations conducting a limited amount of business in the United States.

infringement. *Sygma Photo News, Inc. v. High Society Magazine, Inc.*, 778 F.2d 89, 92 (2d Cir. 1985); *M. Lady, LLC v. AJI, Inc.*, 2007 WL 2728711 *8 (S.D.N.Y. 2007) (finding individual who acted as chief executive officer and president of company that distributes jewelry personally liable for copyright infringement); *The Design Tex Group, Inc. v. U.S. Vinyl Manufacturing Corp.*, 2005 WL 2063819 *2 (S.D.N.Y. 2005) (president and co-owner of textile company with his wife, jointly and severally liable for copyright infringement); *Shady Records, Inc. v. Source Enterprises, Inc.*, 2005 WL 14920 *23 (S.D.N.Y. 2005); *United States Media Corp., Inc. v. Edde Entertainment, Inc.*, 1996 WL 520901 *6 (S.D.N.Y. 1996) (holding individual defendants that possessed ultimate policy-making authority and control over corporate defendant as well as direct supervisory responsibility over corporation's employees jointly and severally liable for infringement); *Lauratex Textile Corp. v. Allton Knitting Mills, Inc.*, 517 F.Supp. 900, 904 (S.D.N.Y. 1981) (corporate president and shareholder personally liable for copyright infringement); *see also* 3 MELVILLE B. NIMMER ET AL., NIMMER ON COPYRIGHTS §12.04 [A][1] (2007) (stating an officer of an infringing corporation will be personally liable if he either participates personally in the manufacture and sale of an infringing article, or if he is the dominant influence in the corporation and determines the policies that result in infringement or if he derives financial benefit from the infringing activities either as a major shareholder or through other means). Clearly, as the co-owners of Forever 21, the Chang Defendants substantially benefit financially from the sale of the Infringing Designs. As Head Buyer for Forever 21, Jin Sook Chang is the person responsible for the items Defendants elect to offer for sale in Forever 21 Stores. Even if Ms. Chang does not personally select each garment sold in Forever 21 Stores, at the very least, in her capacity

7

as the Head Buyer for Forever 21, she supervises those who do purchase and select the merchandise sold in Forever 21 Stores.  Do Won Chang, as the co-founder and Chief Executive Officer of Forever 21 is the dominant influence in the corporation and has the power and authority to supervise and stop Defendants' sale of Infringing Designs, as well as impose corporate policies that reject copying the protected designs of others as a routine business practice, but has chosen not to, presumably because of the financial windfall he has gained resulting from the distribution and sale of the Infringing Designs.  As such, the Chang Defendants are subject to the jurisdiction of this Court.  *See Big Apple Pyrotechnics and Multimedia, Inc. v. Sparktacular, Inc.*, 2007 WL 747807 *7 (S.D.N.Y. 2007) (holding president of corporate defendant, located in Florida, subject to personal jurisdiction of this Court where individual was primary actor in transaction giving rise to action and not some corporate employee who played no part in transaction); *Moneygram Payment Systems, Inc. v. Consorcio Oriental, S.A.*, 2007 WL 1489806 *5 (S.D.N.Y. 2007) (asserting personal jurisdiction over corporate defendant's president of the board of directors under CPLR 302(a) where corporate defendant engaged in purposeful activities in New York for the benefit of and with the knowledge and consent of the officer defendant).  Certainly, the Forever 21 corporate entities have engaged in purposeful activities in New York by the operation of at least fourteen stores in this state with the knowledge and consent of the Chang Defendants.

This Court has routinely exercised personal jurisdiction over corporate officers and shareholders in copyright infringement actions.  For example, in *Colour & Design*, the plaintiff, the owner of several copyrights for wallcoverings, filed an action for copyright infringement and unfair competition against U.S. Vinyl Manufacturing and its

President and Chief Executive Officer, located in Georgia. 2005 WL 1337864 *1. Defendants moved to dismiss for lack of personal jurisdiction and this Court denied defendants' motion, holding that a corporate president who has a financial interest in a company and the ability to supervise or control an infringing activity will be personally liable for copyright infringement. 2005 WL 1337864 at *3. The Court further found that so long as the President and Chief Executive Officer of the corporate defendant could be held personally liable for the corporation's acts of infringement and unfair competition, based on plaintiff's allegations that he directs and controls the actions of the corporate defendant, he is subject to personal jurisdiction. *Id.* Like the President and Chief Executive Officer in *Colour & Design*, the Chang Defendants, by virtue of their positions of control within Forever 21 and their financial interest in the company, clearly direct and control the actions of the company they own. The Chang Defendants contend that Forever 21 is a solvent company and any judgment rendered against Defendants will be paid by Forever 21, therefore subjecting the Chang Defendants to the jurisdiction of this Court is unnecessary. (Def. Memo. p. 3, 10, Do Won Chang Aff. ¶3) What entity or individual will ultimately pay any judgment rendered against Defendants on behalf of all Defendants is irrelevant to the analysis of whether this Court has jurisdiction over the Chang Defendants and does not erase the Chang Defendants' liability for their participation in the design, sale and distribution of the Infringing Designs. As such, the Court should apply the same rationale set forth in *Colour & Design* and deny Defendants' motion in its entirety.

This Court reached a similar holding in *Editorial Musical Latino Americana, S.A. v. MAR Inter'l Records, Inc.*, 829 F.Supp. 62. In *Editorial*, the plaintiff brought a

copyright infringement action against a phonographic record manufacturer and its President and Chief Executive Officer. Both individual defendants were residents of California and moved to dismiss the complaint for lack of personal jurisdiction. *Id.* at 64. This Court held that by causing and directing the manufacture and distribution of the infringing product, this Court had jurisdiction over the individual defendants in their capacity as officers of the defendant corporation and that the individual defendants maintain the same contacts with New York as the corporate defendant. 829 F. Supp. at 66. It is undisputed that Forever 21 has significant contacts with New York, as demonstrated by the fact that they operate several stores in this District; therefore under the analysis set forth in *Editorial Musical*, the Chang Defendants also maintain substantial contact with New York making personal jurisdiction proper.

### IV. THE FIDUCIARY SHIELD DOCTRINE HAS BEEN ABOLISHED

The Chang Defendants assert that this Court lacks personal jurisdiction over them because they do not conduct any business in New York as individuals and any business conducted in New York by the Chang Defendants is in their capacity as Forever 21 employees. (Def. Memo. pp. 5-7). However, the fiduciary shield doctrine has been abolished by this Circuit and the New York Court of Appeals. *Retail Software Services, Inc. v. Lashlee*, 854 F.2d 18, 22-24 (2d Cir. 1988); *Editorial Musical*, 829 F.Supp. at 66; *Kreutter v. McFadden Oil Corp.*, 522 N.E.2d 40 (1988) (Section 302 does not "accord any special treatment to fiduciaries acting on behalf of a corporation or… insulate them form long-arm jurisdiction for the acts performed in a corporate capacity.") In *Kreutter*, the individual defendant was a partial owner and direct manager of two defendant corporations over which the New York court possessed jurisdiction. 522 N.E.2d at 42.

The New York Court of Appeals held that because the individual defendant would be a key witness, "the inconvenience he faces if made a party to the suit individually is minimal, and as result, notions of fairness do not require us to shield him from the reach of the long-arm statute." 522 N.E.2d at 45.

Despite Defendants' allegations that Plaintiff has only made broadly worded and vague allegations about the Chang Defendants' role in the design, sale and distribution of the Infringing Designs, Plaintiff has indeed alleged that the Chang Defendants, by virtue of their positions as co-founders and officers of Forever 21, are dominant and controlling forces in the infringing activities as demonstrated by Defendants flagrant copying of the Sui Designs and their marketing, promoting, displaying and distributing of women's apparel nearly identical to the Sui Designs. (First Amended Complaint ¶¶ 6,7, 24, 47, 48, 51, 62)[3] Certainly, as the two people who run Forever 21, they have a crucial understanding of the company's operations, including how the company designs, purchases and distributes the garments offered for sale in Forever 21 Stores, and will be key witnesses in this action. Unlike a mere functionary who has no discretion to affect the infringing acts, the Chang Defendants, in their capacities as owners and executives of Forever 21, controlled and supervised the design, sale and distribution of the Infringing Designs. Even if the Chang Defendants did not personally design and/or select the Infringing Designs, they supervised and had authority over the Forever 21 employees who did so and elected not to stop the infringements, even after receiving notice from Plaintiff. Further, as co-owners and executives of Forever 21, they undoubtedly play an

---

[3] While the Chang Defendants are referred to by name in ¶¶ 6,7 of the Amended Complaint, each and every allegation of the Amended Complaint relates to the Chang Defendants as well as all of the Forever 21 Defendants as they were collectively defined as "Defendants" in the opening paragraph of the Amended Complaint.

important role in the marketing, promotion, Forever 21 in-store displays, and distribution of Forever 21 goods, including the Infringing Designs. *See Pilates*, 891 F.Supp at 181 ("a corporate president who has a financial interest in the company and the ability to supervise or control an infringing activity will be held personally liable."); *Soviet Pan Am Travel Effort v. Travel Committee, Inc.*, 756 F.Supp. 126, 130-31 (S.D.N.Y. 1991) (personal jurisdiction proper where plaintiff "alleged some facts sufficient to support the claim that [the officers] 'exercised some control over' [the corporation] in relation to the contract.")  The Chang Defendants cannot hide behind their status as "Forever 21 employees" to shield them from their deliberate and dominant participation in the sale and distribution of the Infringing Designs.

Despite the fact that the fiduciary shield doctrine has been abolished in this Circuit and in New York, Defendants rely on *Seaweed, Inc. v. DMA Product & Design & Marketing LLC*, 219 F.Supp.2d 551 (S.D.N.Y. 2002) and *Karabu Corp. v. Gitner*, 16 F.Supp.2d 319 (S.D.N.Y. 1998) to support their position that an individual sued in his individual capacity that only had contact with New York as an officer of a corporation acting within the scope of his employment is not subject to jurisdiction.  (Def. Memo. p. 6-7).  *Seaweed* is easily distinguishable from the case at bar because the plaintiff in *Seaweed* consented to the dismissal of the action.  219 F.Supp.2d at 552.  Plaintiff does not consent to the dismissal of the Chang Defendants.  Further, this Court found that the agreement that was at issue in the *Seaweed* case stated that plaintiff was a Rhode Island corporation and gave no indication to the defendants in the case that they would be amenable to jurisdiction in New York.  The Chang Defendants, as the co-owners and co-

founders of Forever 21, voluntarily entered into the New York market and are clearly amendable to personal jurisdiction here.

*Karabu* is also distinguishable from the case at bar. In *Karabu*, the plaintiff filed an action for tortious interference with business relations against the senior officers of TWA, a multinational airline providing both domestic and international air transportation. 16 F.Supp.2d 319. Plaintiff did not name the TWA corporate entity as a defendant. *Id.* This Court declined to exercise jurisdiction over the individual defendants finding that suing the nonresident corporate officers of a large multi-national corporation based only upon their title without any good faith basis for believing they participated in the conduct underlying the lawsuit and without naming the corporate entity as a defendant is insufficient to confer jurisdiction. 16 F.Supp.2d at 325. Here, Plaintiff named the corporate entities owned and operated by the Chang Defendants as defendants in this lawsuit. Further, Plaintiff has demonstrated a good faith basis for believing that the Chang Defendants directly participated in the design and sale of the dozens of Infringing Designs by virtue of their positions as co-owners and high ranking officials of Forever 21, whereby they exert final authority and control over the company's operations, including devising and implementing a business plan centered on copying the protected designs of others to make a quick profit.

Defendants further assert that a corporate officer cannot be subject to personal jurisdiction in New York unless: (1) the corporation is engaged in purposeful activities in New York in relation to the transaction; (2) that the corporation's allegedly infringing activities were performed for the benefit of the individual defendants; (3) that the corporation's allegedly infringing activities were performed with the knowledge and

13

consent of the individual defendant; and (4) that the individual defendant exercised some control over the corporation. Def. Memo p. 6 citing *Beatie and Osborn LLP v. Patriot Scientific Corp.*, 431 F.Supp.2d 367, 389 (S.D.N.Y. 2006). Defendants have clearly engaged in purposeful activities in New York by operating at least fourteen stores throughout the state with the consent and knowledge of the Chang Defendants, as they are the co-founders and co-owners of Forever 21 and hold high-power positions within the company. The Chang Defendants have financially benefitted from Forever 21's activities within New York and have exercised control over Forever 21 in the subject matter of this litigation, via their executive positions and control over the operations of Forever 21. (First Amended Complaint ¶¶ 6,7, 24, 47, 48, 51, 62) Despite Defendants' best assertions, the Chang Defendants are not low-level corporate employees of Forever 21 who play no part in the business of the company, rather they are the top decision makers who chose to establish a business plan focused on copying the protected designs of others and offering the infringing goods for sale in their stores, in order to turn a quick profit. As officers and shareholders of Forever 21, the Chang Defendants benefit from Forever 21's entry into the New York market and they should not be permitted to dodge jurisdiction by arguing that they have no purposeful contacts with New York. *See Retail Software Services*, 854 F.2d 18 (finding long-arm jurisdiction over corporate officers located in California where corporate officers reached into New York by purchasing franchises in New York and had a direct economic stake in the corporation's profits).

      Accordingly, this Court's exercise of personal jurisdiction over the Chang Defendants via CPLR 302(a) is proper.

### V. PLAINTIFF HAS SATISFIED DUE PROCESS AND THIS COURT'S EXERCISE OF JURISDICTION IS REASONABLE

Because CPLR 302 does not reach as far as the constitution allows, if a defendant is amenable to long-arm jurisdiction in New York, the constitutional standard is satisfied. *Vasquez v. Torres Negron*, 434 F.Supp.2d 199, 201 (S.D.N.Y. 2006).

In any event, due process requires that the non-resident defendant has purposefully established "minimum contacts' with the forum state such that litigating the case in the forum state does not offend "traditional notions of fair play and substantial justice." *Baron Philippe*, 923 F.Supp. at 437. Sufficient "minimum contacts" are established when the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being hauled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567 (1980). Clearly, as the co-founders and co-owners of Forever 21, which has several stores within this District, including three mega-stores in Manhattan, the Chang Defendants should reasonably anticipate forced to litigate in New York. That the Chang Defendants do not consent to litigating in New York is not enough to prevent the Court from exercising personal jurisdiction over them because the minimum contacts requirement is satisfied by the actual offer for sale of the Infringing Designs by the Chang Defendants through their Forever 21 Stores in New York. *Colour & Design*, 2005 WL 1337864 at *2.

Further, this Court's assertion of personal jurisdiction over the Chang Defendants surely comports with traditional notions of fair play and substantial justice and is reasonable under the circumstances of this case. *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560. 568 (2d Cir. 1996). Whether it is reasonable to exercise jurisdiction in a particular case depends on: (1) the burden that the exercise of jurisdiction

15

will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies. *U.S. Titan*, 241 F.3d at 152.

First, litigating this case in New York will not impose an undue burden on the Chang Defendants, as this case is going forward against the other Forever 21 Defendants in this Court and the Chang Defendants are the co-founders, co-owners and employees of the other Forever 21 entities. The Chang Defendants are also represented by the same counsel as the other Forever 21 Defendants. Second, New York has a great interest in adjudicating this case as Plaintiff is a New York corporation with a principal place of business in New York and Plaintiff's witnesses and documents are located in New York. Further, several of the Infringing Designs at issue in this case were discovered in Forever 21 Stores in this District. *Retail Software*, 854 F.2d at 24 (New York has an interest in providing a forum for its citizens who have been injured by the intentional acts of nonresidents). Finally, Plaintiff has a great in interest in obtaining convenient and effective relief, demonstrated by the fact that Plaintiff continues to discover additional Infringing Designs offered for sale by Defendants, presumably at the direction and under the supervision of the Chang Defendants.

Accordingly, given the Chang Defendants' contacts with New York, by virtue of their position as the co-founders and co-owners of Forever 21, this Court's exercise of personal jurisdiction over the Chang Defendants is reasonable and satisfies the requirements of due process.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff Anna Sui Corp., respectfully requests that the Court deny the Chang Defendants' motion in its entirety.

Dated: New York, New York
       January 4, 2008

                                DONOVAN & YEE LLP
                                Attorneys for Plaintiff
                                Anna Sui Corp.

                                By: ___/s/ MARYA LENN YEE_____
                                MARYA LENN YEE (MY 4608)
                                AMY C. OPP (AO 2677)
                                The Soho Building
                                110 Greene Street, Suite 700
                                New York, New York 10012
                                (212) 226-7700