Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
David J. Lorenz (DL 3072)
Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

Attorneys for Defendants
Forever 21, Inc., Forever 21 Retail,
Inc., Forever 21 Logistics, LLC,
Do Won Chang and Jin Sook Chang

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
ANNA SUI CORP.,                                  :
                                                 :
                                                 :    07 Civ. 3235 (TPG)(JCF)
                                                 :
                         Plaintiff,              :
                                                 :
        -v-                                      :
                                                 :
FOREVER 21, INC., FOREVER 21 RETAIL,             :
INC., FOREVER 21 LOGISTICS, LLC,                 :
DO WON CHANG, JIN SOOK CHANG,                    :
GADZOOKS, INC., GERALD P. SZCZEPANSKI            :
and JOHN DOES 1 to 20,                           :
                                                 :
                                                 :
                         Defendants.             :
------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS DO WON CHANG'S
AND JIN SOOK CHANG'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK
OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)**

Pursuant to Fed. R. Civ. P. 12(b)(2), Defendants Do Won Chang ("DWC") and Jin Sook

Chang ("JSC") (collectively "the Chang Defendants") respectfully submit this reply

1

memorandum in support of their motion to dismiss Plaintiff Anna Sui Corp's ("Plaintiff") First Amended Complaint against the Chang Defendants for lack of personal jurisdiction.

**I.      There Is No General Jurisdiction Over
         The Chang Defendants Under New York Law**

In New York, an individual cannot be subject to general personal jurisdiction "unless he is doing business in New York as an individual rather than on behalf of a corporation." *Brinkmann v. Adrian Carriers, Inc.*, 29 A.D. 3d 615, 617, 815 N.Y.S. 2d 196, 199 (2d Dep't. 2006). Plaintiff does not argue that general jurisdiction applies and has alleged no facts sufficient to support general jurisdiction over the Chang Defendants. Thus there is no general jurisdiction over the Chang Defendants in this case pursuant to CPLR § 301.

**II.     There Is No Specific Jurisdiction Over
         The Chang Defendants Under New York Law**

It is well established that individual officers and employees of a corporation are not automatically subject to personal jurisdiction in New York simply because a court can exercise jurisdiction over the corporation. *Pilates, Inc. v. Pilates Institute, Inc.*, 891 F. Supp. 175, 180-81 (S.D.N.Y. 1995). A plaintiff must show that specific jurisdiction over the corporate defendant should be imputed to the corporate officer, which requires that that the corporate defendant's allegedly infringing activities were performed with the knowledge and consent of, and for the benefit of, the corporate officer and that the corporate officer exercised some control over the corporate defendant. *Merck & Co., Inc. v. Mediplan Health Consulting, Inc.*, 425 F. Supp.2d 402, 419 (S.D.N.Y. 2006); *H.S.W. Enterprises, Inc. v. Woo Lae Oak, Inc.*, 171 F. Supp.2d 135, 145 (S.D.N.Y. 2001).

On a motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of proving that the court has jurisdiction over the defendant. *In re Magnetic Audiotape Antitrust*

*Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). In order to prove jurisdiction is proper, Plaintiff must "include an averment of facts that, if credited ... would suffice to establish jurisdiction over the defendant.'" *Id.* Notably, "the plaintiff cannot rely merely on conclusory statements or allegations; rather, the *prima facie* showing must be factually supported." *Melnick v. Adelson-Melnick*, 346 F.Supp.2d 499, 502 (S.D.N.Y. 2004).

Plaintiff has failed to satisfy its burden. Plaintiff summarily alleges that each of the Chang Defendants "is a dominant and controlling force in the infringing activities complained of herein." (First Amended Complaint at ¶¶ 6, 7). In support of its Opposition, Plaintiff further alleges that the Chang Defendants, "as the co-owners, co-founders and key personnel of Forever 21, have played an integral role in the design, supervision, distribution and sale of the Infringing Designs." (Decl. of Marya Lenn Yee at ¶ 5). However, Plaintiff's allegations consist entirely of conclusory statements made by Plaintiff's counsel which are unsupported by any factual information of record in this proceeding. Plaintiff should not now be allowed to cure its pleading deficiency through the unsupported statements of its counsel.

A general allegation that an officer controls a corporation is not sufficient to establish personal jurisdiction. *Pilates, Inc. v. Current Concepts*, 1996 WL 599654, at *3 (S.D.N.Y. October 18, 1996). In *Pilates*, the plaintiff argued that the court had personal jurisdiction over the individual defendant, who was the president and principal of the corporate defendant, on the grounds that he controlled the corporate defendant and the activities of the corporate defendant in New York were for the individual's benefit. *Id.* at *2. The court held that such vague allegations, without any allegations of the individual defendant's *specific conduct* or role in the allegedly infringing activities, were insufficient to make a *prima facie* showing of personal jurisdiction over the individual defendant. *Id.* at *3. (emphasis added)

In *Merck*, plaintiffs did not allege that the corporate officer defendant was a primary actor specifically concerning the matters in question, and the court held that plaintiffs failed to establish jurisdiction based on an agency theory. 425 F. Supp.2d at 420. In *Ontel Products, Inc. v. Project Strategies Corp.*, the court found that personal jurisdiction over the corporate officer defendant could not be predicated solely on his position as president of the corporate defendant, but instead required showing that the corporate officer defendant personally took part in the activities giving rise to the action at issue. 899 F. Supp. 1144, 1148 (S.D.N.Y. 1995). The court declined to exercise jurisdiction on the grounds that the plaintiff presented no evidence concerning the corporate officer defendant's involvement with the activities underlying the litigation. *Id.* at 1149. The court noted that if a showing that the corporate officer defendant likely possessed authority to direct all the activities that gave rise to this suit were sufficient to confer jurisdiction, the corporate officers of every company would be subject to jurisdiction in New York based on activities with which he or she had no personal involvement and over which he or she exercised no decisionmaking authority. *Id.* In *International Healthcare Exchange, Inc. v. Global Healthcare Exchange, LLC*, the plaintiff did not allege acts by the corporate officer defendant that specifically related to the plaintiff's claims therefore failed to demonstrate that personal jurisdiction was appropriate. 470 F. Supp.2d 345, 360 (S.D.N.Y. 2007).

As in *Pilates, Merck, Ontel Products* and *International Healthcare Exchange*, Plaintiff in this case has failed to plead facts sufficient for this Court to find personal jurisdiction over the Chang Defendants.

### III. The Cases Cited By Plaintiff Do Not Support A Finding Of Personal Jurisdiction Over the Chang Defendants

The cases relied upon by Plaintiff in support of its jurisdictional arguments in fact establish that a level of detail not found in any of Plaintiff's factual pleadings is required to make a *prima facie* showing of jurisdiction. *See Moneygram Payment Systems, Inc. v. Consorcio Oriental, S.A.*, 2007 WL 1489806, at *1 (S.D.N.Y. May 21, 2007) (involving detailed allegations that corporate officer defendant met with plaintiff's representatives in New York and personally communicated with plaintiff and directed negotiations giving rise to the dispute; second corporate officer defendant resided in New York); *see also Retail Software Services, Inc. v. Lashlee*, 854 F.2d 18, 20 (2d Cir. 1988) (involving detailed allegations concerning purported misrepresentations made by the corporate officer defendants to plaintiff at a particular meeting); *Baron Philippe de Rothschild, S.A. v. Paramount Distillers, Inc.*, 923 F. Supp. 433, 436 (S.D.N.Y. 1996) (involving evidence or allegations showing that corporate officer defendants designed, approved or provided infringing labels and assisted in obtaining regulatory approval of the labels); *Big Apple Pyrotechnics and Multimedia, Inc. v. Sparktacular Inc.*, 2007 WL 747807, at *6-7 (S.D.N.Y. March 9, 2007) (corporate officer defendant frequently traveled to New York); *Pilates, Inc. v. Pilates Institute, Inc.*, 891 F. Supp. 175, 182 (S.D.N.Y. 1995) (involving evidence of numerous letters written by corporate officer defendant to persons and organizations in New York, including New York-based magazines); *Soviet Pan Am Travel Effort v. Travel Committee, Inc.*, 756 F. Supp. 126, 130-31 (S.D.N.Y. 1991) (involving factual allegations sufficient to support plaintiff's claim that the corporate officer defendants exercised control over the corporate defendant in relation to the dispute); *Editorial Musical Latino Americana, S.A. v. Mar Intern. Records, Inc.*, 829 F. Supp. 62, 64, 66 (S.D.N.Y. 1993) (allegedly infringing product

distributed in New York by corporate defendant bore label identifying corporate officer defendant by name as producer); *Colour & Design v. U.S. Vinyl Mfg. Corp.*, 2005 WL 1337864, at *3 (S.D.N.Y. June 3, 2005); *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120 (2d Cir. 2002) (not involving corporate officer defendants); *J. Racenstein & Co., Inc. v. Wallace*, 1997 WL 605107, at *1 (S.D.N.Y. Oct. 1, 1997) (corporate officer defendant was the sole employee of corporate defendant). The facts of the present litigation are readily distinguishable from these cases, as made clear by Plaintiff's failure to plead any facts alleging specific acts or involvement of the Chang Defendants relating to the Forever 21 garments at issue beyond Plaintiff's counsel's conclusory allegations, which are wholly unsupported by facts.

Moreover, Plaintiff cites numerous cases for the proposition that a corporate officer may be liable for infringement. (Plaint. Mem. pp. 6-7). However, Plaintiff's point is completely irrelevant to the evaluation of personal jurisdiction. *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 470, 527 N.Y.S.2d 195, 522 N.E.2d 40 (1988). Liability may be considered only if the determination is first made that a defendant is subject to personal jurisdiction. *Id.*

IV. **Personal Jurisdiction Over The Chang Defendants Would Not Comport With Due Process**

As set forth in the Chang Defendants' Memorandum of Law in support of this motion, and additionally because Plaintiff has made no specific allegations that the Chang Defendants were directly involved with the allegedly infringing activities, as discussed above, Plaintiff's allegations satisfy neither the minimum contacts inquiry nor the reasonableness inquiry of Due Process. *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996).

V. **Defendant Forever 21, Inc. Is A Legitimate Business Enterprise**

Plaintiff's papers attempt to paint the Defendants and specifically the Chang Defendants, as nothing more than conniving, unscrupulous, infringers that control the every move and

decision of Forever 21, Inc. In reality, this is far from the truth. The Chang Defendants own Forever 21, Inc. and its related companies. (Defendants' Answer To First Amended Complaint at ¶ 5). This business encompasses hundreds of stores throughout the United States, selling thousands of different articles of clothing that incorporate hundreds of thousands of designs, and employing thousands of individuals. Forever 21's business strategy is clear, simply and publicly stated on its own home page, which is to provide the "most current fashions at the greatest value." (See Forever 21's website at www.forever21.com). The vast majority of goods sold in the Chang Defendants' stores or through its online store have not been challenged or alleged to have infringed any rights of any third party. There are a small percentage of Forever 21's goods that have been alleged to infringe the rights of third parties, but in comparison with the number of unchallenged goods, this number is miniscule and is testament to the fact that the business model of Forever 21 and the Chang Defendants is not based on infringing the rights of third parties, but is based on a policy to provide the "most current fashions at the greatest value."

Moreover, it is common knowledge in the fashion industry that there are thousands of companies looking to emulate the "hottest" fashion trends of the day. Plaintiff's own papers acknowledge as much. (Aff. Of Marya Yee In Support Of Plaintiff's Motion For Expedited Discovery at ¶ 7). Notwithstanding this common knowledge, Plaintiff asserts that because the Chang Defendants' follow this industry custom, they are somehow directing and controlling Forever 21's decisions to consciously infringe Plaintiff's copyrighted designs, and that they are doing so in order to reap the financial profits derived therefrom. The reality is that Forever 21 is a legitimate and extremely successful company whose vast majority of revenues are derived from the sales of goods not at issue in this lawsuit. In essence, there is no financial incentive for

7

the Chang Defendants as a result of the sale of goods bearing the allegedly infringing designs in this case.

In addition, almost every company in the apparel industry the size of Forever 21 has had some allegations against it that a percentage of the goods it sells use fabric patterns that are allegedly owned by other parties. Again, this is common in the industry and a problem faced by most large companies. However, it is extremely importantly to note in this case once Forever 21 was confronted with allegations of copyright infringement, it acted responsibly and pulled each allegedly infringing item of clothing that it was able to identify from the shelves of its stores and removed the items from its website without admitting any liability. Forever 21, it took this action without regard to the merits of Plaintiff's claims of copyright infringement, some of which are dubious at best. The reason Forever 21 took this action was to act responsibly, and its actions contradict Plaintiff's argument that the Chang Defendants direct and control infringing activities of Forever 21. To further these efforts, Forever 21 has further refined its internal mechanisms to expeditiously address any allegation of impropriety brought to its attention with regard to any of its goods being offered for sale. In summary, even if the Chang Defendants are found by this Court to "control" the overall activities of Forever 21, their actions in this case establish, if anything, an attempt to control and guide a legitimate business enterprise and not to directly profit from infringing activities. This is not the type of control necessary to establish personal jurisdiction over the Chang Defendants in New York.

## VI. CONCLUSION

For the foregoing reasons, the Chang Defendants respectfully submit that they are not subject to personal jurisdiction in this lawsuit and that Plaintiff's First Amended Complaint should be dismissed as to them.

Dated: January 11, 2008                                   Respectfully submitted,

By:       s/ Robert L. Powley
Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
David J. Lorenz (DL 3072)

Attorneys for Defendants
Forever 21, Inc., Forever 21 Retail
Inc., Forever 21 Logistics, LLC,
Do Won Chang and Jin Sook Chang

Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, New York  10013
Phone: 212-226-5054
Fax:    212-226-5085

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS DO WON CHANG'S AND JIN SOOK CHANG'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2) was served upon counsel for Plaintiff by ECF and First-Class Mail, postage prepaid, on this 11th day of January 2008, addressed as follows:

>Marya Lenn Yee, Esq.
>Amy C. Opp, Esq.
>DONOVAN & YEE LLP
>The Soho Building
>110 Greene Street, Suite 700
>New York, New York 10012
>(212) 226-7700

_____
Bruni Casiano