# MEMO ENDORSED

## DONOVAN & YEE ▲ LLP

The Soho Building ▲ 110 Greene Street, Suite 700 ▲ New York, NY 10012
Telephone: 212-226-7700 ▲ Fax: 212-226-1995
E-mail: myee@yeellp.com

Writer's Direct Dial:
(212) 226-7945



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/2/08

March 27, 2008

**Via Hand Delivery**

Hon. Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1630
New York, New York 10007

RECEIVED
MAR 28 2008

Re: Case 1:07-cv-03235-TPG
Anna Sui Corp. v. Forever 21, Inc. et al

Your Honor:

We represent Plaintiff Anna Sui Corp. in the above-referenced matter. We are writing to request that the Court permit Plaintiff to supplement Plaintiff's Opposition (hereinafter the "Supplemental Opposition") to Defendants Do Won Chang and Jin Sook Chang's Motion to Dismiss, filed with the Court on December 14, 2007. Plaintiff's Opposition was filed on January 4, 2008 and Defendants' Reply was filed on January 11, 2008. Plaintiff believes that its Supplemental Opposition is necessary and timely because of newly discovered facts that were only revealed to Plaintiff after the conclusion of the briefing period for Defendants' Motion to Dismiss.

On February 8, 2008, after the briefing period for Defendants' motion to dismiss had concluded, Defendants served their Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories. Ms. Chang was there identified for the first time as a person with knowledge of Forever 21's policies and procedures with respect to the manufacture, selection, ordering, purchase, and display of clothing for sale in Forever 21's stores and website. Defendants' also identified Ms. Chang as Forever 21's Head Buyer.

Ms. Chang's involvement in the selection and purchase of the garments sold through Forever 21 and Mr. Chang's responsibility for Forever 21's vendors who Defendants claim are responsible for the infringing conduct, has become even more apparent from the deposition testimony of two of Forever 21's Senior Vice Presidents. These depositions were held in Los Angeles just two weeks ago, several weeks after the conclusion of the briefing period on Defendants' Motion to Dismiss. For example, Lisa

*Approved*
Thomas P. Griesa /USDJ 4/2/08

Boisset, Forever 21's Vice President of Merchandise, testified that during the time the goods at issue in this litigation were being ordered and sold by Forever 21, she reported solely to Ms. Chang.

The Chang Defendants will not be prejudiced by Plaintiff's Supplemental Opposition as Defendants' counsel did not provide Plaintiff with detailed information concerning the Chang Defendants' roles in Forever 21's business affairs until after the briefing period for Defendants' motion had expired. Further, the information provided in Plaintiff's Supplemental Opposition is necessary to provide the Court with a comprehensive overview of the Chang Defendants' participation in Forever 21's activities prior to a decision on the Chang Defendants' Motion to Dismiss.

Plaintiff has attached a copy of its Supplemental Opposition (in the form of a Supplemental Declaration from the undersigned) for Your Honor's convenience. In accordance with the terms of the Stipulated Protective Order entered by Your Honor on November 27, 2007, Plaintiff will not electronically file this request via ECF as it is substantially comprised of information currently designated as Highly Confidential by Defendants.

Respectfully submitted,

Marya Lenn Yee

Enc.

Cc:   James M. Gibson, Esq. (via hand delivery)
      Robert L. Powley, Esq. (via hand delivery)
      David J. Lorenz, Esq. (via hand delivery)