**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

| | |
|---|---|
| ANNA SUI CORP., | x |
| | x |
| Plaintiff, | x |
| | x |
| -v.- | x |
| | x |
| FOREVER 21, INC., FOREVER 21 RETAIL, INC., | x |
| FOREVER 21 LOGISTICS, LLC, | x |
| DO WON CHANG, JIN SOOK CHANG, | x |
| GADZOOKS, INC., GERALD P. SZCZEPANSKI | x |
| and JOHN DOES 1 to 20, | x |
| Defendants. | x |

**07 Civ. 3235 (TPG)**

---------------------------------------------------------------------x

## DECLARATION OF MARYA LENN YEE IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR EXPEDITED DISCOVERY AND OTHER RELIEF

MARYA LENN YEE declares the following to be true under the penalties of perjury:

1.    I am an attorney admitted to practice before the courts of New York, and a member of the law firm Donovan & Yee LLP, attorneys of record for Plaintiff Anna Sui Corp. ("Plaintiff").

2.    I make this declaration in support of the renewal of Plaintiff's Motion for Expedited Discovery (hereinafter "Motion for Expedited Discovery") pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and for other discovery-related relief in this Action.

3.    As this Court well knows, this case revolves around Defendants' repeated willful infringement of Plaintiff's copyrighted print and fabric designs (the "Sui Designs"). To date, Defendants stand accused of almost four dozen infringements of the Sui Designs (the "Infringing Designs") - those annexed as exhibits to Plaintiff's First Amended Complaint (the "First Amended Complaint") filed on June 26, 2007, and

additional Infringing Designs offered for sale by Defendants after the Amended

Complaint was served and filed (as detailed in Plaintiff's correspondence with this Court

and opposing counsel).

4.    Plaintiff has sought discovery of Defendants directly relevant to the

alleged infringements: documents sufficient to identify the source of the infringing goods,

the quantities bought and sold, and the prices at purchase and sale. As detailed in

Plaintiff's letter to this Court and discussed at a conference on April 11, 2008,

Defendants have been as recalcitrant in providing this discovery as they have been in

abating their offending conduct. See copy of letter of March 27, 2008, annexed hereto as

Exhibit A.

5.    To abate future infringements, Plaintiff also filed a Motion for Expedited

Discovery on December 10, 2007, in hopes of identifying infringements in Defendants'

manufacturing pipeline at a point sufficiently early in the distribution system to make the

injunction effective.  A true and correct copy of Plaintiff's Motion for Expedited

Discovery is annexed hereto as Exhibit B.  The Court held a conference to discuss the

Motion on December 18, 2007. Relying on the assurances of counsel for Defendants that

Defendants had instituted a system to prevent further copying of the Sui Designs, Your

Honor denied Plaintiff's Motion, but with leave to renew in the event that Plaintiff

discovered any additional infringement by Defendants.  A true and correct copy of the

December 19, 2007 Order is annexed hereto as Exhibit C.

6.    Pursuant to this Court's direction at the April 11 conference, Plaintiff has

promptly prepared appropriate Proposed Orders addressing the general deficiencies in

Defendants' discovery. In addition, on April 14, 2008, while making an ordinary periodic

review of Defendants' website, Plaintiff discovered yet *another* blatant and willful infringement by Defendants.

7.     With full knowledge of Plaintiff's rights, Defendants are currently offering for sale the "Crinkled Halter Dress," identified as Forever 21 item code 2039859720, which is a direct infringement of Plaintiff's "Embroidered Leaf Border." "Embroidered Leaf Border" is one of the many registered Sui Designs identified and alleged infringed in the First Amended Complaint, Exhibit 21. This new infringement constitutes Defendants' third copy of "Embroidered Leaf Border." True and correct copies of Plaintiff's "Embroidered Leaf Border" and the newly discovered Infringing Design are annexed hereto as Exhibit D.

8.     Defendants' continued blatant copying of the Sui Designs is uncontrolled and willful as a matter of law. It is unduly burdensome and expensive for Plaintiff to continuously police Defendants, a burden that far outweighs any burden Defendants would suffer if ordered to produce the documents demanded by Plaintiff at the April 11 conference and its Motion for Expedited Discovery.

9.     Defendants maintain a number of ordinary documents for each garment they order and sell or offer for sale: purchase orders, vendor invoices, vendor payment sheets, I.B.D. Cost Sheets and All Inventory & Sales Distribution Summary Sheets. All key information to identify the garments for which Plaintiff would be entitled to injunctive relief and damages, appears to be available on the All Inventory & Sales Distribution Summary Sheets, if unredacted and read together with the I.B.D. Cost Sheets (both of which incorporate pictures of the garments as part of the document).

10.     Plaintiff therefore respectfully requests that this Court order Defendants to

produce the All Inventory & Sales Distribution Summary Sheet and the I.B.D. Cost

Sheet, without redactions (or reports providing identical information) for:

      - each Infringing Design identified in the Amended Complaint;

      - each Infringing Design identified in Plaintiff's correspondence to Defendants'

counsel and/or to the Court since the filing and service of the Amended Complaint, and

      - the new infringing design identified in this Declaration.

      11.    Plaintiff further requests that this Court order the delivery of such

information on an expedited basis, by no later than ten (10) business days from the entry

of the Order.

      12.    Plaintiff has no other recourse to effective injunctive relief and

prosecution of this Action.


Dated: New York, New York
      April 16, 2008


                                   MARYA LENN YEE

**EXHIBIT A**

# DONOVAN & YEE ▲ LLP

The Soho Building ▲ 110 Greene Street, Suite 700 ▲ New York, NY 10012
Telephone: 212-226-7700 ▲ Fax: 212-226-1995
E-mail: myee@yeellp.com

Writer's Direct Dial:
(212) 226-7945

March 27, 2008

**Via Federal Express**

Hon. Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1630
New York, New York 10007

**Re: Case 1:07-cv-03235-TPG**
**Anna Sui Corp. v. Forever 21, Inc. et al**

Your Honor:

We represent Plaintiff Anna Sui Corp. in the above-referenced matter. We are writing to request that the Court schedule a discovery conference between the parties pursuant to Local Civil Rule 37.2.

Defendants' have been on notice of the alleged infringements at issue in this case since April 2007. However, to date, Defendants have produced fewer than 400 pages of documents (some of them duplicates of the same documents) for more than two dozen infringements. Despite several follow-up requests from Plaintiff, Defendants have failed to supplement their production in a meaningful manner. Plaintiff's requests have been straightforward and ordinary for a copyright infringement case, such as requesting the number of infringing items manufactured and sold and the prices at purchase and sale. To date, Defendants have failed to produce a full set of documents for any one alleged infringement. For the limited documents received, the delivery has been tardy and calculated to frustrate Plaintiff's prosecution. Defendants' last round of production was served on Plaintiff's counsel less than twenty-four hours before the parties were to travel to California for the depositions of Defendants' employees, making them barely useful for the depositions.

Defendants have also improperly redacted many documents with information highly relevant to this case without reason, as *all* documents produced by Defendants have been designated as HIGHLY CONFIDENTIAL. Defendants have ignored

Plaintiff's written request that they produce unredacted versions of the documents contending the redacted information is "not relevant."

In yet another attempt to prevent Plaintiff from conducting effective discovery, Defendants have now belatedly attempted to "recall" documents delivered months ago. The "recall" was requested during the deposition of a Defendant employee and after the document had been marked as an exhibit, without an explanation for the delay for the timing of the recall or a legal basis other than "inadvertent" delivery.

As Defendants have been named as defendants in dozens of copyright infringement lawsuits, they have a clear understanding of how the discovery process works. Nevertheless, they continue to frustrate Plaintiff's rights to the discovery to which it is entitled. Plaintiff has made several good faith attempts to resolve these disputes as shown in the attached representative correspondence. It is regrettably apparent that such disputes will not be resolved between the parties without the intervention of the Court.

Respectfully submitted,

Marya Lenn Yee

Cc:     James M. Gibson, Esq. (via Federal Express)
        Robert L. Powley, Esq. (via Federal Express)
        David J. Lorenz, Esq. (via Federal Express)

# DONOVAN & YEE ▲ LLP

The Soho Building ▲ 110 Greene Street, Suite 700 ▲ New York, NY 10012
Telephone: 212-226-7700 ▲ Fax: 212-226-1995
E-mail: aopp@yeellp.com

Writer's Direct Dial:
(212) 226-4271

January 14, 2008

**VIA ELECTRONIC MAIL**

David J. Lorenz
Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, NY 10013

## RE: 1638/Anna Sui v. Forever 21, Inc. et. al.

Dear Dave:

We are writing in response to your correspondence dated December 21, 2007 and December 27, 2007 to the extent that such issues have not been addressed by Plaintiff in earlier correspondence. We are also writing to notify Defendants of the deficiencies in Defendants' document production and responses to Plaintiff's First Set of Interrogatories.

### Plaintiff's Document Production

Plaintiff produced its initial round of documents on December 7, 2007 and supplemented its production on January 10, 2008. Plaintiff has now produced all non-privileged documents in its possession which identify the item numbers of each Forever 21 garment ("Infringing Garments") identified in the First Amended Complaint ("Amended Complaint.") We have now told Defendants several times that Plaintiff does not have item numbers for several of the Infringing Garments identified in the Amended Complaint as these Infringing Garments were discovered on Forever 21's website and had not yet been assigned an item number or Plaintiff discovered an individual wearing the Infringing Garment and photographed the individual.

As Plaintiff has repeatedly stated since before the commencement of this litigation and as fully forth in the Amended Complaint, Plaintiff is the author of all of its designs. Accordingly, Plaintiff has produced any non-privileged documents responsive to Requests Nos. 1, 2, 3, 4, 5, 6, 7, 10, 11, and 12 of Defendants' First Request to Plaintiff For Production of Documents and Things, to the extent that such documents exist. Further, all non-privileged documents responsive to Requests Nos. 17, 18, 19, 24,

Dave Lorenz, Esq.
Page 2

25 and 26 have also been produced by Plaintiff, to the extent that such documents exist. Plaintiff reserves the right to supplement its responses should any additional documents be discovered.

With respect to Requests Nos. 13 and 14, Plaintiff sustains its objection to such requests on the basis the requests are overly broad and unduly burdensome. Further, the deposit copies of Plaintiff's copyright applications are public records and available through the Copyright Office and are easily accessible to Defendants. Plaintiff can represent that its Exhibits to the Amended Complaint associated with each of the identified copyright registrations reflect swatches of the same fabrics submitted as the deposit copies for these applications. Hence, undertaking the task of copying each swatch delivered as a deposit copy would be merely duplicative and unduly burdensome.

Plaintiff also sustains its objections to Request No. 15 on the basis that the request is overly broad, unduly burdensome and seeks confidential and/or proprietary business information. Further, Plaintiff's policing efforts against other infringers with respect to its copyrighted designs are irrelevant to this litigation and Request No. 15 is not calculated to lead to the discovery of admissible evidence.

Regarding Requests Nos. 21 and 22, to the extent they are not duplicative of Requests Nos. 16 and 17; Plaintiff has produced all non-privileged relevant documents currently in its possession. Plaintiff reserves the right to supplement its responses should any additional documents be discovered.

With respect to Request No. 23, Plaintiff sustains its objection to the request on the basis that the request is overly broad and unduly burdensome and that it seeks confidential and/or proprietary business information. However, Plaintiff is in the process of reviewing any non-privileged documents that may be responsive to this request. If, upon further review, Plaintiff determines that any non-privileged documents responsive and relevant to this request exist, Plaintiff will supplement its document production in due course.

## Plaintiff's Rule 30(b)(6) Notice to Forever 21, Inc.

In response to Defendants' request that Plaintiff clarify the topics to be covered at the deposition of Defendant Forever 21, Inc.'s Rule 30(b)(6) witness, Plaintiff intends to depose a corporate representative of Forever 21, Inc. with respect to Forever 21's policies and procedures for identifying, ordering and purchasing the garments that Defendants' offer for sale in its stores and websites, along with any other topic which may arise at the deposition that is relevant to this litigation.

## Defendants' Document Production

To date, Defendants have failed to produce any documents responsive to Requests Nos. 1, 2, 3, 20 and 22 as set forth in Plaintiff's First Request For the Production of

Dave Lorenz, Esq.
Page 3

Documents and Things, served on October 25, 2007. Plaintiff requests that Defendants produce documents responsive to the foregoing requests immediately.

Plaintiff also requests that Defendants' supplement their document production with respect to Request Nos. 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18 and 21, as the documents produced by Defendants in their initial document production are not comprehensive nor fully responsive to Plaintiff's requests. Plaintiff further requests that Defendants provide the correct Forever 21 item numbers for the following documents: D 00016-017, D 00019, D 00060 and D 00081-083, as it is not clear from Defendants' document production to which garment each document pertains.

Despite Defendants' emails dated December 20, 2007, December 31, 2007 and January 2, 2007, indicating that a supplemental document production is forthcoming, Defendants have failed to produce additional documents to date. Defendants have also failed to respond to Plaintiff's inquiries of January 8, 2008, and January 10, 2008 requesting that Defendants confirm when such a supplemental document production will occur. Plaintiff asks that Defendants confirm a date certain for the supplemental document production will occur immediately. Plaintiff is anxious to schedule depositions to proceed but cannot do so without comprehensive documents delivered in advance.

### Defendants' Responses to Plaintiff's First Set of Interrogatories

Plaintiff also requests that Defendants' supplement their responses to Plaintiff's First Set of Interrogatories and Requests for Admissions, served on October 25, 2007. Specifically, Plaintiff requests that Defendants' supplement their responses to Interrogatories Nos. 1, 2, 4, 5, 6, 7, 9, 18 and 19, as Local Rule 33.3(a) permits a party to seek the names of witnesses with knowledge of information relevant to the subject matter of the action, which is the purpose of the individual Interrogatories listed above.

Plaintiff requests that Defendants also identify the Defendant employee that verified Defendants' responses to Plaintiff's Interrogatories as the person's signature is illegible and there was no other indication as to the identity of the signatory.

### Defendants' September 19, 2007 and October 5, 2007 Infringements

Finally, while Defendants belatedly confirmed that the Infringing Garments identified in Plaintiff's correspondence dated September 19, 2007 and October 5, 2007 have been recalled from Defendants' stores and websites, Defendants have still failed to identify: (i) the source for the Infringing Garments if Forever 21 was not the source; (ii) the price and total number of units of the Infringing Garments that Forever 21 purchased; (iii) the price and total number of units of the Infringing Garments that Forever 21 sold; and (iv) the total number of the Infringing Garments that remain in Forever 21's inventory. Please provide Plaintiff with the requested information immediately as such information was originally requested over three months ago.

Dave Lorenz, Esq.
Page 4

Please be advised that this is Plaintiff's good faith attempt to resolve the
outstanding discovery disputes and in the event that the parties are unable to resolve such
issues, Plaintiff will seek the appropriate intervention from the Court pursuant to Local
Rule 37.2. Thank you in advance for your anticipated cooperation.

Sincerely,

Amy C. Opp

Cc:    Marya Lenn Yee, Esq.
       Anna Sui Corp.
       James Gibson, Esq.
       Robert Powley, Esq.

# DONOVAN & YEE ▲ LLP

The Soho Building ▲ 110 Greene Street, Suite 700 ▲ New York, NY 10012
Telephone: 212-226-7700 ▲ Fax: 212-226-1995
E-mail: aopp@yeellp.com

Writer's Direct Dial:
(212) 226-4271

February 20, 2008

**VIA FACSIMILE**

David J. Lorenz
Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, NY 10013

**RE: 1638/Anna Sui v. Forever 21, Inc. et. al.**

Dear Dave:

We are writing to follow-up to our previous letter dated January 14, 2008, to which you still have not responded, and to address additional deficiencies in Defendants' discovery responses and most recent document production.

**Defendants' Document Production**

As set forth in my prior correspondence, Defendants have failed to produce documents responsive to Requests Nos. 1, 2, 3, 21 and 22 in Plaintiff's First Request For the Production of Documents and Things, served on October 25, 2007. Documents responsive to the foregoing requests must be produced by Defendants immediately.

In addition to the foregoing, Defendants have failed to produce any documents regarding the following garments, identified by Forever 21 item codes: 40135264, 39192532, 35526481, 35648386, 35649934, 35522611, 31600366, 40120558, 4240499012, 37051648, 35527642, 051E10628KC3, 35538865 and 2043053244. Documents pertaining to these garments are highly relevant and long overdue. Accordingly, all documents pertaining to these garments must be produced by Defendants immediately.

Defendants have also failed to produce recall notices for many of the garments at issue in this case, including the following garments, identified by Forever 21 item codes: 3458806, 35644934, 35533622, 38877901, 31600366, 38877901, 31600366, 30248188, 40120558, 4240499012, 36884851, 37553974, 38017213, 37487023, 37051648,

Dave Lorenz, Esq.
Page 2

32498980, 051E10628KC3, 35538865, 35734300, 33731575, 37795849, 37958389, 37325257, 2043053244, 38851972, 40135264, 2040135264, 32484274, 32502076, 39192532 and 35526481. Defendants have repeatedly represented to Plaintiff that all garments at issue in this case were removed from sale in all of Defendants stores and websites and Plaintiff is entitled to documents evidencing such <u>immediately</u>.

As set forth in my prior correspondence, Plaintiff reiterates its request that Defendants provide the correct Forever 21 item codes for the following documents: D 00016-017, D 00019, D 00060 and D 00081-083, as it is not clear from Defendants' document production to which garment each document pertains. Plaintiff also requests the same for the following documents produced in Defendants' second document production (identified by P.O. Number and Defendants' bates-range): P.O. 06023625 found at D166-172, P.O. 06021074 found at D173-180, P.O. 06019793 found at D 185-188, P.O. 06025258 found at D 197-203, P.O. 06023005 found at D 204-213, P.O. 06023023 found at D 214-222 and P.O. 06023009 found at D 254-260. With respect to the Forever 21 garment, identified by item code 36191734 and found at D 106-111, Plaintiff also requests that Defendants provide Plaintiff with the correct corresponding Exhibit Number from Plaintiff's First Amended Complaint, along with a picture of the garment, as the garment's description in the documents produced to date is insufficient to identify the garment.

Plaintiff further requests that Defendants provide clearer copies of the following documents as they were either illegible or information was cut off: D149, D178 and D235.

Finally, the pictures in the documents produced by Defendants and identified as D 277-291 are illegible and Plaintiff is unable to discern the specific garment set forth in each document. Plaintiff requests that Defendants provide clearer copies of D 277-291, along with the corresponding Forever 21 item codes for each document. It should also be noted that Defendants have improperly redacted information on D 277-291, including but not limited to, the garment's cut, embroidery and the number of garments ordered, etc. This information is relevant to this case and is not privileged in any way. Further, Defendants have designated these documents as HIGHLY CONFIDENTIAL and Plaintiff will abide by the terms of the Confidentiality Order entered in this case. As such, there is no reason for any information on these documents to be redacted and Plaintiff requests that the original versions of D 277-291 be produced <u>immediately</u>.

Plaintiff reiterates its request that Defendants produce documents responsive to the foregoing requests <u>immediately</u>. Further delays in Defendants' production is inexcusable given that Defendants were put on notice of the issues involved in this litigation as early as April 2007. As Defendants are well aware, Plaintiff has scheduled several depositions in this case for March 12-14, therefore it is imperative that Plaintiff receives all documents responsive to its requests <u>immediately</u>. Any attempts by Defendants to continue to hamper the discovery process will not be tolerated and Plaintiff will seek all appropriate remedies from the Court if necessary.

Dave Lorenz, Esq.
Page 3

## Defendants' Responses to Plaintiff's First Set of Interrogatories

As set forth in my January 14 letter, Plaintiff reiterates its request that Defendants identify the Defendant employee that verified Defendants' responses to Plaintiff's Interrogatories as the person's signature is illegible and there was no other indication as to the identity of the signatory.

## Defendants' September 19, 2007 and October 5, 2007 Infringements

Finally, while Defendants belatedly confirmed that the Infringing Garments identified in Plaintiff's correspondence dated September 19, 2007 and October 5, 2007 have been recalled from Defendants' stores and websites, Defendants have still failed to identify: (i) the source for the Infringing Garments if Forever 21 was not the source; (ii) the price and total number of units of the Infringing Garments that Forever 21 purchased; (iii) the price and total number of units of the Infringing Garments that Forever 21 sold; and (iv) the total number of the Infringing Garments that remain in Forever 21's inventory. Please provide Plaintiff with the requested information immediately as such information was originally requested over four months ago.

Please be advised that this is Plaintiff's final good faith attempt to resolve the outstanding discovery disputes and in the event that the parties are unable to resolve such issues, Plaintiff will seek the appropriate intervention from the Court pursuant to Local Rule 37.2. Thank you in advance for your anticipated cooperation.

Sincerely,

Amy C Opp

Amy C Opp

Cc:    Marya Lenn Yee, Esq.
       Anna Sui Corp.
       James Gibson, Esq.
       Robert Powley, Esq.

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

ANNA SUI CORP.,                                    x
                                                   x
                    Plaintiff,                     x
                                                   x
           -v.-                                    x
                                                   x    07 Civ. 3235 (TPG)
FOREVER 21, INC., FOREVER 21 RETAIL, INC.,         x
FOREVER 21 LOGISTICS, LLC,                         x
DO WON CHANG, JIN SOOK CHANG,                      x
GADZOOKS, INC., GERALD P. SZCZEPANSKI        x
and JOHN DOES 1 to 20,                       x
                                                   x
                    Defendants.                    x

--------------------------------------------------------------x

## NOTICE OF MOTION

Upon the accompanying affirmation of Marya Lenn Yee, Esq. and memorandum of law,
Plaintiff Anna Sui Corp., through its undersigned counsel, hereby moves the Court for an Order:
(i) granting Plaintiff Expedited Discovery pursuant to Rules 26 and 34 of the Federal Rules of
Civil Procedure requiring Defendants Forever 21, Inc., Forever 21 Retail, Inc., Forever 21
Logistics, LLC, Do Won Chang and Jin Sook Chang (collectively "Defendants") to produce any
and all documents identifying, concerning and/or relating to the fabric designs, together with all
vendors for such fabric designs, for any women's garments and related accessories Defendants
have not yet made available for sale in Defendants' retail or online establishments but which have
been purchased, ordered, manufactured, created, designed, shipped, arranged for shipment and/or
intended for sale by them in any retail establishment and/or online website; (ii) for the right to
reply within five days of service of any opposition to this motion to address any new matters
raised in opposition not addressed herein and (iii) for such other relief as the Court deems just and
proper.

Dated: New York, New York
       December 10, 2007

                              DONOVAN & YEE LLP
                              Attorneys for Plaintiff Anna Sui Corp.


                              By:____/s/ MARYA LENN YEE_____
                                    MARYA LENN YEE (MY 4608)
                                    AMY C. OPP (AO 2677)
                              The Soho Building
                              110 Greene Street, Suite 700
                              New York, New York 10012
                              (212) 226-7700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

| | |
|---|---|
| ANNA SUI CORP., | x |
| | x |
| **Plaintiff,** | x |
| | x |
| -v.- | x |
| | x   07 Civ. 3235 (TPG) |
| FOREVER 21, INC., FOREVER 21 RETAIL, INC., | x |
| FOREVER 21 LOGISTICS, LLC, | x |
| DO WON CHANG, JIN SOOK CHANG, | x |
| GADZOOKS, INC., GERALD P. SZCZEPANSKI | x |
| and  JOHN DOES 1 to 20, | x |
| | x |
| **Defendants.** | x |

-----------------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN
## SUPPORT OF ITS MOTION FOR EXPEDITED DISCOVERY

Plaintiff Anna Sui Corp. ("Plaintiff") submits this Memorandum of Law, together

with the accompanying affirmation of Marya Lenn Yee, Esq. and the exhibits thereto, in

support of its Motion for an Order of Expedited Discovery against Defendants Forever

21, Inc., Forever 21 Retail, Inc., Forever 21 Logistics, LLC, Do Won Chang and Jin Sook

Chang (collectively "Defendants.")

## I.    INTRODUCTION

This case centers on Defendants' repeated willful infringement of Plaintiff's

copyrighted print and fabric designs (the "Sui Designs.")  Defendants have intentionally

copied over two dozen of the Sui Designs and offered dozens of infringing garments

which copy the Sui Designs (the "Infringing Designs") for sale in hundreds of Forever 21

stores and on the Forever 21 website located at www.forever21.com (together, the

"Forever 21 Stores.")  Copies of the Sui Designs and Infringing Designs at issue in the

instant litigation were submitted to the Court as exhibits to Plaintiff's First Amended

Complaint (the "First Amended Complaint"), filed on June 26, 2007.

Defendants' routinely produce at least thousands of each Infringing Design to stock hundreds of Forever 21 Stores each selling season, which typically lasts no longer than six to seven weeks. *See* Affirmation of Marya Lenn Yee ("Yee Aff.") at ¶7. By the time Plaintiff polices Defendants' Forever 21 Stores, identifies the Infringing Designs, contacts Defendants' counsel and receives a response from Defendants, weeks have passed and most of the stock of the Infringing Designs has already been sold or cannot be located for recall, at which point Plaintiff has been irreparably harmed.

Copying protected designs of others appears to be an established business practice of Defendants, as they currently have approximately twenty infringement lawsuits pending against them by fashioner designers and companies throughout the United States. Yee Aff. at ¶12. Since the commencement of this action, Defendants have continued to blatantly and willfully infringe upon the Sui Designs and offered for sale at least four additional Infringing Designs that copy the Sui Designs already at issue in the case at bar.

## II.    PROCEDURAL BACKGROUND

Plaintiff commenced this action for willful copyright infringement in violation of 17 U.S.C. §101, unfair competition and false designation of origin or sponsorship in violation of 15 U.S.C. §1125, unlawful trade practices in violation of New York General Business Law and common law unfair competition in violation of New York State Law against Defendants on April 23, 2007. Plaintiff filed its First Amended Complaint on June 26, 2007. Defendants' Answer was filed on July 30, 2007.

A Rule 26 discovery conference was held before the Court on October 2, 2007, and the parties have exchanged a first round of discovery requests and responses. A

Stipulated Protective Order was entered by the Court on November 28, 2007.

### III.    DEFENDANTS' CONTINUED INFRINGEMENT OF PLANTIFF'S COPYRIGHTED DESIGNS

Subsequent to the filing of the First Amended Complaint in June, Plaintiff discovered four additional infringements copying the Sui Designs for sale by Defendants. The First Infringement, a black and white tank top, was discovered by Plaintiff on September 11, 2007 (the "First Infringement") and Defendants' counsel was notified of this new infringement on September 19, 2007. *See* Exhibit B to Yee Aff. The First Infringement copies Plaintiff's copyrighted Shadow Leaf Border on the front of the garment and Plaintiff's copyrighted Tea Party Border on the back of the garment. *See* Exhibit A to Yee Aff.[1]

Defendants' counsel responded to Plaintiff's September 19, 2007 letter on September 24, 2007 stating Defendants were diligently looking into the matter. However, Defendants' did not confirm that the First Infringement had been recalled from sale until October 25, 2007 (Exhibit B to Yee Aff.) over a month after Defendants were initially notified of the First Infringement.

Plaintiff discovered two additional infringements on or around October 4, 2007 (the "Second Infringement" and "Third Infringement") and promptly notified Defendants' counsel of these newly discovered infringements on October 5, 2007. *See* Exhibit E to Yee Aff. The Second Infringement, a black and white babydoll dress, directly copies Plaintiff's copyrighted Wallpaper Foulard Border. *See* Exhibit C to Yee Aff. The Third Infringement, a black and white halter top, directly copies Plaintiff's Cabbage Roses Bandana. *See* Exhibit D to Yee Aff. After several follow-up attempts by

---

[1] The First Infringement was also brought to the attention of this Court at the parties' Initial Conference on October 2, 2007. Yee Aff. at ¶6.

Plaintiff's counsel, Defendants' confirmed that the Second and Third Infringements had been recalled from sale on October 27, 2007. *See* Exhibit D to Yee Aff.

The fourth additional infringement was discovered by Plaintiff a few weeks ago (the "Fourth Infringement.") The Fourth Infringement also incorporates two of Plaintiff's copyrighted designs, Shadow Leaf Border and Floral Leaves Border, throughout the entire garment. Upon information and belief, Defendants are offering the Fourth Infringement for sale in a variety of colors. All of these new infringements copy Sui Designs identified and known to Defendants as Sui Designs from the First Amended Complaint. Yee Aff. ¶¶ 5,10,11,13.

## IV.    PLAINTIFF IS ENTITLED TO EXPEDITED DISCOVERY

Plaintiff is entitled to an Order for Expedited Discovery requiring Defendants to produce all documents identifying the fabric designs, together with all vendors for such fabric designs, for any women's garments and related accessories Defendants have purchased, ordered, manufactured, created, designed, shipped, arranged for shipment and/or intended for sale in any Forever 21 Store or retail establishment and/or online website but not yet in Forever 21 Stores. Plaintiff needs this discovery to move for effective expedited relief to prevent further irreparable harm resulting from Defendants' continued sale of Infringing Designs. Plaintiff intends to persist in its efforts to protect its Sui Designs and it has proven time-consuming, expensive and unduly burdensome to constantly police Defendants' willful infringing behavior. Yee Aff. ¶15. Further, Defendants' have not shown any intention of refraining from copying Plaintiff's Sui Designs, as demonstrated by the fact that Defendants continue to offer for sale new Infringing Designs which directly copy the Sui Designs already at issue in this litigation.

4

Courts in this Circuit have employed two standards for deciding a motion for expedited discovery. The first standard requires Plaintiff to demonstrate a showing of: (1) irreparable harm; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of irreparable injury; and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the Defendants will suffer if expedited relief is granted. *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982). Other courts in this Circuit have criticized the *Notaro* test and have instead adopted a broader, more flexible "reasonable and good cause" standard. *See Standard Investment Chartered, Inc. v. National Assocs. of Securities Dealers*, 2007 WL 1121734 *5 (S.D.N.Y. 2007) (*Notaro* test is not controlling in this District); *Ayyash v. Bank Al-Madina*, 2005 WL 1668527 *3 (S.D.N.Y. 2005) (rejecting the *Notaro* test and applying the more flexible "reasonableness and good cause" test). In a copyright infringement case, a plaintiff is not required to demonstrate irreparable harm, rather irreparable harm is presumed and the plaintiff is only required to show some probability of success on the merits. *Merkos L'Inyonei Chinuch, Inc. v. Ostar Sifrei Lubavitch, Inc.*, 312 F.3d 94, 96 (2d Cir. 2002); *ABKCO Music, Inc. v. Stellar Records, Inc.*, 96 F.3d 60, 66 (2d Cir. 1996) (irreparable harm assumed in copyright infringement cases).

Plaintiff easily satisfies both standards and is entitled to an Order for Expedited Discovery because Plaintiff will be irreparably harmed if Defendants continue to copy the Sui Designs and offer them for sale in Forever 21 Stores or to other retail establishments.[2] Expedited discovery is the only means by which Plaintiff can ascertain if injunctive relief

---

[2] Defendants have established a pattern of willful infringement of the Sui Designs and the designs of others as noted in ¶12 of the Yee Aff.

is necessary and act expeditiously enough to prevent Defendants from offering further Infringing Designs for sale. Once Plaintiff discovers that an Infringing Design is being sold in the Forever 21 Stores, it takes Defendants several weeks to respond to Plaintiff's initial request that the Infringing Design be recalled. Yee Aff. ¶¶8, 12. Piecemeal judicial intervention on each Infringing Design once its short selling season has begun makes injunctive relief at that stage of the process ineffective. However, if Plaintiff has access to documents detailing the designs Defendants have in their design and manufacturing pipeline, Plaintiff can determine what garments, if any, constitute Infringing Designs and seek the appropriate injunctive relief in a timely fashion.

There can be no doubt that Plaintiff is likely to succeed on the merits of its case since Plaintiff has demonstrated that: (i) Plaintiff is the owner of valid copyright registrations for the Sui Designs; (ii) Defendants have infringed over two dozen of the Sui Designs; and (iii) the Infringing Designs copied by Defendants are direct copies of the Sui Designs. Finally, there is a Stipulated Protective Order already in place in this case protecting inappropriate public disclosure of any of the demanded discovery.

Plaintiff's motion seeking all documents identifying, concerning and/or relating to the fabric designs, together with all vendors for such fabric designs, for any women's garments and related accessories already purchased, ordered, manufactured, created, designed, shipped, arranged for shipment and/or intended for sale but not yet on the sales floor of Forever 21 Stores in an effort stop irreparable harm from Defendants' continued sale of Infringing Designs is certainly reasonable, and as demonstrated above, Plaintiff has good cause for bringing such a motion.

Finally, expedited discovery is routinely granted in actions involving infringement

and unfair competition claims, which claims were both fully set forth in the First

Amended Complaint. *Benham Jewelry Corp. v. Aron Basha Corp.*, 1997 WL 639037

*20 (S.D.N.Y. 1997) (granting plaintiff's motion for expedited discovery in copyright

infringement case). As such, Plaintiff's motion should be granted in its entirety.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff Anna Sui Corp., respectfully requests that the

Court: (i) grant Plaintiff's motion for expedited discovery; and (ii) award Plaintiff such

other relief as the Court deems just and proper.


Dated: New York, New York
       December 10, 2007

DONOVAN & YEE LLP
Attorneys for Plaintiff
Anna Sui Corp.


By:   /s/ MARYA LENN YEE
MARYA LENN YEE (MY 4608)
AMY C. OPP (AO 2677)
The Soho Building
110 Greene Street, Suite 700
New York, New York 10012
(212) 226-7700

Marya Lenn Yee, Esq. (MY 4608)
Amy C. Opp, Esq. (AO 2677)
DONOVAN & YEE LLP
110 Greene Street, Suite 700
New York, New York 10012
(212) 226-7700

*Attorneys for Plaintiff*
*Anna Sui Corp.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | |
|---|---|
| **ANNA SUI CORP.,** x | |
| x | |
| **Plaintiff,** x | |
| x | |
| **-v.-** x | |
| x | **07 Civ. 3235 (TPG)** |
| **FOREVER 21, INC., FOREVER 21 RETAIL, INC.,** x | |
| **FOREVER 21 LOGISTICS, LLC,** x | |
| **DO WON CHANG, JIN SOOK CHANG,** x | |
| **GADZOOKS, INC., GERALD P. SZCZEPANSKI** x | |
| **and JOHN DOES 1 to 20,** x | |
| x | |
| **Defendants.** x | |

---------------------------------------------------------------x

## PROPOSED ORDER GRANTING EXPEDITED DISCOVERY

It is hereby ORDERED that the motion of plaintiff Anna Sui Corp. ("Plaintiff")
for an order of expedited discovery pursuant to FRCP 26 and 34 is GRANTED in the form
contained herein. Defendants Forever 21, Inc., Forever 21 Retail, Inc., Forever 21 Logistics,
LLC, Do Won Chang and Jin Sook Chang (collectively, "Defendants") shall provide expedited
discovery as follows:

1.  Defendants are ordered to immediately produce documents sufficient to
    fully identify the fabric designs, together with the vendors for any such
    fabric designs, for any women's garments and/or accessories Defendants
    have not yet made available for sale but which have been purchased,

ordered, manufactured, created, designed, shipped, arranged for shipment and/or are intended for sale by Defendants in or to any retail establishment and/or online websites.

2.  Defendants are ordered to immediately produce all documents not yet produced and responsive to Plaintiff's initial document demands served on October 25, 2007.

3.  Defendants are enjoined from further copying any Sui Designs.

4.  Defendants shall provide for inspection and copying as per Rule 34 of the Federal Rules of Civil Procedure all documents described in paragraphs 1 and 2 above, such discovery to be sent to Plaintiff's counsel by no later than one (1) week from the date of this Order.

ORDERED, that Plaintiff shall cause this Order to be served upon Defendants within three (3) business days from the date of this Order.

So ORDERED.

Dated: New York, New York
       December _____, 2007

_____
THOMAS P. GRIESA
United States District Judge

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ANNA SUI CORP.,

                  Plaintiff,

          -v.-

FOREVER 21, INC., FOREVER 21 RETAIL, INC.,
FOREVER 21 LOGISTICS, LLC,
DO WON CHANG, JIN SOOK CHANG,
GADZOOKS, INC., GERALD P. SZCZEPANSKI
and JOHN DOES 1 to 20,

                  Defendants.

                07 Civ. 3235 (TPG)

------------------------------------------------------------x

## AFFIRMATION OF MARYA LENN YEE

       MARYA LENN YEE affirms the following to be true under the penalties of perjury:

       1.     I am an attorney admitted to practice before the courts of New York, and a member of the law firm Donovan & Yee LLP, attorneys of record for Plaintiff Anna Sui Corp. ("Plaintiff").

       2.     I make this affirmation in support of Plaintiff's motion for expedited discovery pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

       3.     This case revolves around Defendants' repeated willful infringement of Plaintiff's copyrighted print and fabric designs (the "Sui Designs"). To date, Defendants stand accused of over two dozen infringements of the Sui Designs (the "Infringing Designs") and have offered such Infringing Designs for sale in hundreds of Defendants' stores and on Defendants' website located at www.forever21.com (together, the "Forever 21 Stores.") Copies of the Sui Designs with Defendants' corresponding Infringing Designs were annexed as exhibits to Plaintiff's First Amended Complaint (the "First

Amended Complaint") filed on June 26, 2007.

4.      Subsequent to the filing of the First Amended Complaint, Plaintiff continued to discover additional Infringing Designs offered for sale by Defendants in the Forever 21 Stores.

5.      For example, on September 11, 2007, Plaintiff discovered a black and white tank top for sale in a Forever 21 Store which directly copies Plaintiff's copyrighted Shadow Leaf Border on the front of the garment and Plaintiff's copyrighted Tea Party Border on the back of the garment (the "First Infringement"). Copies of Plaintiff's Shadow Leaf Border and Tea Party Border, along with the First Infringement, are annexed hereto as Exhibit A. Both Shadow Leaf Border and Tea Party Border were known by Defendants and known to have been previously alleged infringed. *See* First Amended Complaint at ¶¶32, 36 and exhibits 8, 12 to the First Amended Complaint.

6.      The First Infringement was also brought to the attention of Your Honor at the Initial Conference on this matter held on October 2, 2007. Its presentation prompted Your Honor's inquiry to the undersigned as to whether this case presents appropriate circumstances for the judicial imposition of some form of expedited relief. As was true in your undersigned's response then and to this day, given the current marketplace realities, expedited judicial relief is unfortunately limited in effectiveness on both a cost and benefit basis for Infringing Designs already for sale in the Forever 21 Stores.

7.      In my experience representing numerous fashion design clients in infringement matters for more than two decades, it has become clear that the selling season of each new garment, particularly in the discount retail and mass market store structure, is no more than six to seven weeks. Such goods are not ordinarily restocked or

re-ordered; the discount retailer is constantly moving on to the next hot item. When Plaintiff is alerted to an infringement, usually at least a week or two into its selling season, the cost of preparing requests for expedited relief and permitting the appropriate time for response and hearing virtually exhausts the effective selling season before any injunctive relief can issue. Hence, for maximum effect, we have most often instead alerted defendants to the infringement claimed and proposed an amicable resolution requiring prompt recall.[1] In most cases, such defendants do not repeat the infringement.

8.  In keeping with this approach, a letter concerning the First Infringement was sent to counsel for Defendants on September 19, 2007. Defendants' counsel responded on September 24, 2007, that Defendants were diligently looking into the matter. However, Defendants did not confirm that the First Infringement had been recalled from sale until October 25, 2007, over a month after Defendants had been initially notified of the First Infringement. Hence, the First Infringement had been in Forever 21 Stores for several weeks before recall. The correspondence regarding the First Infringement is annexed hereto as Exhibit B.

9.  The tardiness of this response to allegations of infringement of Sui Designs already well-known to Defendants from at least the time of the First Amended Complaint proved newly frustrating.

10.  Plaintiff discovered two additional infringements for sale in Defendants' stores on or around October 4, 2007 (the "Second Infringement" and "Third Infringement.") The Second Infringement, a black and white babydoll dress, named the "Fleur De Lis Babydoll" dress by Defendants, directly copies Plaintiff's copyrighted

---

[1] This was also the approach taken with Defendants with the infringements that became the subject of the Complaint and First Amended Complaint herein.

Wallpaper Foulard Border. A copy of Plaintiff's Wallpaper Foulard Border along with the Second Infringement, are annexed hereto as Exhibit C. Wallpaper Foulard Border was known by Defendants and known to have been previously alleged infringed. *See* First Amended Complaint at ¶43 and exhibit 18 to the First Amended Complaint.

11. The Third Infringement, a black and white halter top, named the "Woven Floral Halter" by Defendants, directly copies Plaintiff's copyrighted Cabbage Roses Bandana. A copy of Plaintiff's Cabbage Roses Bandana along with the Third Infringement is annexed hereto as Exhibit D. Cabbage Roses Bandana was known by Defendants and known to have been previously alleged infringed. *See* First Amended Complaint at ¶44 and exhibit 19 to the First Amended Complaint.

12. A letter concerning the Second and Third Infringements was promptly sent to counsel for Defendants the next day, October 5, 2007. Despite several follow-ups from Plaintiff's counsel, Defendants did not confirm that the Second and Third Infringements had been recalled from sale until October 27, 2007, several weeks after Defendants were initially notified of th e Second and Third Infringements. The correspondence regarding the Second and Third Infringements is annexed hereto as Exhibit E.

13. It was clear from this conduct that Plaintiff could not rely on Defendants to act expeditiously regarding a blatant willful infringement even when litigation regarding the very same Sui Designs was pending before this Court. Indeed, Defendants have made a habit of ongoing infringement in the face of numerous complaints by others than Plaintiff. Annexed hereto as Exhibit F is a list of currently pending litigations against Defendants for copyright or trademark infringement.

14.    In or around November 2007, Plaintiff discovered a fourth infringement (the "Fourth Infringement") of the Sui Designs by Defendants. The Fourth Infringement is a red and white v-neck top which, upon information and belief, Defendants were offering for sale in a variety of colors. The Fourth Infringement directly copies two of Plaintiff's copyrighted designs, Shadow Leaf Border and Floral Leaves Border. Both of the copied Sui Designs are incorporated throughout the entire garment. A copy of Plaintiff's Shadow Leaf Border and Floral Leaves Border along with the Fourth Infringement is annexed hereto as Exhibit G. Shadow Leaf Border and Floral Leaves Border were known by Defendants and known to have been to have been previously alleged infringed. *See* First Amended Complaint at ¶¶32, 35 and exhibits 8, 11 to the First Amended Complaint.

15.    Frustrated by Defendants' continued disregard for Plaintiff's protected Sui Designs, Plaintiff is left with no other choice except to seek this Order for Expedited Discovery from this Court requiring Defendants, pursuant to FRCP 34, to produce all documents identifying, concerning and/or relating to the fabric designs, together with the vendors for any such fabric designs, of any women's garments and related accessories not yet in Forever 21 Stores but which Defendants have purchased, ordered, manufactured, created, designed, arranged for shipment, shipped and/or intend for sale in Forever 21 Stores or any retail establishments and/or online websites. In other words, Plaintiff seeks this Court's assistance in identifying all products in Defendants' pipeline so that Plaintiff can seek <u>effective</u> and prompt injunctive relief <u>before</u> such goods hit the selling floor for their inevitably short sales season. Plaintiff seeks ultimately to enjoin Defendants' from continuing to irreparably harm Plaintiff by their continuous sale of new Infringing

Designs.

16.     Plaintiff intends to persist in its efforts to protect its Sui Designs and all

future designs created by Plaintiff and will seek injunctive relief from the Court to

prevent Defendants' continued infringement of Plaintiff's rights.  It is unduly

burdensome and a major expense for Plaintiff to continue to police Defendants on a

constant case-by-case basis when Infringing Designs hit the sales floor.  The only way for

Plaintiff to avoid further irreparable harm is to have the opportunity to review what

garments and accessories Defendants have in the pipeline.  As such, and in light of the

Stipulated Protective Order already entered in this action on November 28, 2007, which

protects Defendants from having such information become public knowledge, Plaintiff's

motion for expedited discovery should be granted in its entirety.

17.     No prior request for this relief has been made by Plaintiff.

Dated: New York, NY
      December 10, 2007

                              MARYA LENN YEE

**EXHIBIT A**









ANNASUI







## Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, United States Code,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**

VA 1-801-385

**3  18  07**

**1**  Title of this Work ▼

SHADOW LAKE BORDER                    FABRIC DESIGN

**2**  Name of Author ▼

ANNA SUI CORP                         U.S.A.

**NOTE**

**3**  a  2005   b   11   2005

**4**  ANNA SUI CORP
      250 WEST 39TH STREET
      NEW YORK, NY 10018

8-C

## Certificate of Registration

This Certificate issued under the seal of the Copyright
Office in accordance with title 17, United States Code,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**

VA 1-391-382

3  1Y 07

**1** TEA PARTY BORDER          FABRIC DESIGN

**2** ANNA SUI CORP

**3** a ... b ...        U.S.A.

**4** ANNA SUI CORP
250 WEST 39TH STREET
NEW YORK, NY 10018

12-C