Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
David J. Lorenz (DL 3072)
Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

Attorneys for Defendants
Forever 21, Inc., Forever 21 Retail,
Inc., Forever 21 Logistics, LLC,
Do Won Chang and Jin Sook Chang

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ANNA SUI CORP.,

            :     07 Civ. 3235 (TPG)(JCF)

        Plaintiff,    :

        -v-       :

FOREVER 21, INC., FOREVER 21 RETAIL,   :
INC., FOREVER 21 LOGISTICS, LLC,    :
DO WON CHANG, JIN SOOK CHANG,    :
GADZOOKS, INC., GERALD P. SZCZEPANSKI :
and JOHN DOES 1 to 20,       :

        Defendants.    :

------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' OPPOSITION IN PART TO PLAINTIFF'S
RENEWED MOTION FOR EXPEDITED DISCOVERY AND OTHER RELIEF AND
DEFENDANTS' CROSS-MOTION TO COMPEL DISCOVERY FROM PLAINTIFF**

## TABLE OF CONTENTS

INTRODUCTION...................................................................................2

I.    DEFENDANTS' CROSS-MOTION TO COMPEL DISCOVERY ......................3

      A.    PLAINTIFF'S SUMBISSIONS, STATEMENTS AND LACK
            OF PRODUCTION RELEVANT TO THE DESIGNS AT ISSUE................3

      B.    PRE-EXISTING DESIGNS DISCOVERED BY DEFENDANTS.................4

II.   PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY SHOULD
      BE DENIED..............................................................................6

      A.    PLAINTIFF HAS NOT DISCOVERED ANY NEW INFRINGEMENTS.........6

      B.    PLAINTIFF'S REQUEST FOR DISCOVERY OF DEFENDANTS'
            FUTURE PRODUCTS IS OVERREACHING AND IMPROPER.................7

III.  PLAINTIFF'S REQUEST TO PRECLUDE DEFENDANTS FROM
      FURTHER DISCOVERY IS IMPROPER...................................................8

      A.    EVIDENCE RELATING TO CREATION AND AUTHORSHIP
            OF THE SUI DESIGNS...............................................................9

      B.    CORRESPONDENCE WITH DEFENDANTS' VENDOR........................10

IV.   ATTORNEY WORK PRODUCT DOCUMENTS...........................................10

V.    PLAINTIFF SEEKS INJUNCTIVE RELIEF WITH
      NO SHOWING OF THE REQUIRED FACTORS .........................................11

      A.    LIKELIHOOD OF SUCCESS ON THE MERITS...................................11

      B.    PLAINTIFF'S DELAY BELIES ITS REQUEST FOR
            INJUNCTIVE RELIEF................................................................12

      C.    PLAINTIFF'S REQUEST TO ENJOIN DEFENDANTS'
            ACTIVITIES IS TOO BROAD.......................................................14

CONCLUSION....................................................................................15

Pursuant to Fed. R. Civ. P. 7(b) and 37(a), Defendants Forever 21, Inc., Forever 21 Retail, Inc., Forever 21 Logistics, LLC, Do Won Chang and Jin Sook Chang ("Defendants") respectfully submit this Memorandum, Proposed Order and Declarations of Young Kwon and Robert L. Powley in opposition in part to Plaintiff Anna Sui Corp's ("Plaintiff") Renewed Motion For Expedited Discovery and Other Relief and in support of Defendants' Cross-Motion to Compel Discovery.

## INTRODUCTION

On April 11, 2008, the parties met with Your Honor to discuss ongoing discovery disputes between the parties. After hearing the issues, Your Honor directed Plaintiff's counsel to prepare a Proposed Order outlining expedited discovery that Plaintiff felt it was entitled to from Defendants. Defendants were assured of an opportunity to object to Plaintiff's Proposed Order.

In addition, Your Honor directed Plaintiff to (1) return Defendants' "All Inventory and Sales and Distribution Summary" sheets as attorney work product and (2) produce all documents and things relating to Plaintiff's correspondence with Defendants' vendors, except such documents specifically discussing settlement.

Plaintiff has now presented a Proposed Order and renewed its earlier-filed motion for expedited discovery. Defendants outline below and in the declarations of Young Kwon and Robert L. Powley their objections to Plaintiff's Proposed Order and present their own Proposed Order for consideration.

I.    **DEFENDANTS' CROSS-MOTION TO COMPEL DISCOVERY**

A.    PLAINTIFF'S SUBMISSIONS, STATEMENTS AND LACK OF
       PRODUCTION RELEVANT TO THE DESIGNS AT ISSUE

With the exception of three designs, Plaintiff's copyright registrations and claims in this action allege that the Plaintiff is the sole author of each of the designs shown in the Exhibits to the First Amended Complaint (hereinafter collectively the "Sui Designs"). (See First Amended Complaint and Exhibits 1-8 and 11-20). Moreover, none of the copyright registrations upon which Plaintiff relies claim that the Sui Designs are derivative of an earlier work. In addition to the foregoing, Plaintiff's copyright registrations include a certification signed by the Plaintiff's principal stating that "statements made by me in this application are correct to the best of my knowledge," and with notice under 17 U.S.C. § 506(e) that, "any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more that $2,500.00."

Plaintiff filed copyright applications for the Sui Designs representing that the works were wholly original creations. The copyright application form used by the U.S. Copyright Office for registering fabric designs contains a section where an applicant must state whether the work is a derivative work. The form's instructions indicate to complete Section 6 if "the work is a ... 'derivative work,' and if it incorporates one or more earlier works that have already been published or registered for copyright, or have fallen into the public domain." The instructions further define a derivative work as "a work based on one or more preexisting works." A copy of Form VA used to register copyrights and accompanying instructions downloaded from the Copyright Office's website is annexed hereto as Exhibit 1.

3

Further to the above, Plaintiff by and through its counsel has represented on many occasions that Plaintiff's works are entirely original. Most recently in the April 11, 2008 court conference, when Your Honor questioned Defendants' need for discovery materials relating to the original design and creation of Plaintiff's alleged copyrights, counsel for Plaintiff confirmed that Plaintiff's designs were absolutely original.

To establish the validity of these claims and to properly analyze the issues of the subject action, Defendants have requested document production regarding the authorship and creation of the Sui Designs. (Powley Decl. at ¶ 9). Defendants' First Request to Plaintiff for Production of Documents and Things, served on October 9, 2007, requests documents concerning the creation and authorship of the copyrighted fabric designs asserted by Plaintiff against Defendants in the present litigation. (Powley Decl. at ¶ 9). As of this date, despite the material relevance of such documents to the claims at issue, Plaintiff has yet to produce any responsive documents beyond one-page assignments for three (3) of the twenty-one (21) designs presently at issue.

B.   PRE-EXISTING DESIGNS DISCOVERED BY DEFENDANTS

Despite the foregoing, Defendants have independently discovered at least two (2) vintage fabric designs that are virtually identical to two of Plaintiff's allegedly original designs that were attached to Plaintiff's First Amended Complaint as Exhibit 6 and Exhibit 16. (Powley Decl. at ¶¶ 4-8). This new evidence directly calls into question Plaintiff's assertions of original authorship made to the U.S. Copyright Office and this Court. Plaintiff failed to disclose that at least two (2) of the Sui Designs were in any way derived from any existing works. (Powley Decl. at ¶¶ 6 and 8 and Powley Decl.at Exhibits B and D). Further discovery on this issue is relevant to all claims, but now is essential in order to resolve what appear to be troubling

questions and statements relating to Plaintiff's rights in at least some of the Sui Designs, which appear to be false and misleading.

Facts regarding originality of the Sui Designs are material and central to many important aspects of this case, including infringement and the effective date of Plaintiff's copyright registrations for the Sui Designs which, if valid, factor significantly into Plaintiff's entitlement to actual or statutory damages[1]. Further, the Second Circuit has held that the "'knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application constitute[s] reason for holding the registration invalid and thus incapable of supporting an infringement action . . . or denying enforcement on the ground of unclean hands.'" Eckes v. Card Prices Update, 736 F.2d 859, 861-62 (2d Cir. 1984) (quoting Russ Berrie, 482 F. Supp. at 988).

Additionally, a prima facie presumption of originality established by a copyright registration may be rebutted by evidence that the design was copied. Russ Berrie & Co. v. Jerry Elsner Co., 482 F. Supp. 980, 987 (S.D.N.Y. 1980); See also, R. Dakin & Co. v. A. & L. Novelty Co., Inc., 444 F. Supp. 1080 (E.D.N.Y.1978); Covington Fabrics Corp. v. Artel Products, Inc., 328 F. Supp. 202 (S.D.N.Y.1971); Gardenia Flowers, Inc. v. Joseph Markovits, Inc., 280 F. Supp. 776 (S.D.N.Y.1968); 2 Nimmer on Copyright § 139.2.

It is clear that many material facts and issues of law relate to the discovery Defendants have requested regarding the creation and originality of the Sui Designs. The vintage patterns that Defendants have independently discovered clearly establish the existence of documents that should have been made available to the U.S. Copyright Office and in this matter long ago. Defendants submit that Plaintiff's reluctance to release any discovery materials relating to

---

[1] Defendants note that their sales of allegedly infringing goods and other acts complained of occurred prior to the effective date of all of Plaintiff's copyright registrations, and since the publication dates of Plaintiff's copyrighted designs occurred more than three months prior to the effective date of registration for each of its copyright registrations, statutory damages and attorney's fees under 17 U.S.C. §§ 504 and 505 are not available in this action. 17 U.S.C. § 412.

originality or creation of the Sui Designs evidences an intentional effort to hide material facts that are central to the case and Defendants' defenses.

## II.    PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY SHOULD BE DENIED

### A.    PLAINTIFF HAS NOT DISCOVERED ANY NEW INFRINGEMENTS

At the heart of Plaintiff's renewed motion is Plaintiff's contention that it has discovered "another" purported infringement. The garment cited by Plaintiff is not, in fact, a "new" infringement. This garment is shown in Exhibit 21B of the First Amended Complaint. However, the poor image quality of the photograph in that Exhibit made it impossible for Defendants to identify this garment from among the thousands of items of ladies' clothing that Defendants market. (See Exhibit 2 attached hereto).

In fact, each and every time Plaintiff has involved the Court with what it has consistently mischaracterized as "a new infringing garment," the reality is that there are several Exhibits in the First Amended Complaint that are not legible. (See e.g. First Amended Complaint at Exhibits 5, 9, 11, 12, 15, 21, 23 and 24). As a result, the garments corresponding to those Exhibits could not initially be identified or recalled by Defendants. Defendants exerted considerable effort to investigate allegedly infringing items, and were successful in identifying some items, even when Plaintiff did not provide identifying details. Plaintiff is aware of this issue and has been asked on several occasions to assist in identifying garments and to provide associated item codes. Plaintiff chose instead to seek the Court's intervention and not to assist in the identification process, even though Plaintiff is aware that Defendants can recall a garment within 48 hours, provided Defendants have identifying information such as the item code for the garment. It is difficult to comprehend Plaintiff's actions, particularly in light of Plaintiff's claim of irreparable harm.

6

Plaintiff has finally provided the item code for the garment shown in Exhibit 21B and Defendants immediately recalled this garment, just as Defendants have immediately recalled all other garments at issue once properly identified. It is important to note that Defendants have consistently recalled all goods at issue without consideration for the validity of Plaintiff's claims.

B.    PLAINTIFF'S REQUEST FOR DISCOVERY OF DEFENDANTS'
      FUTURE PRODUCTS IS OVERREACHING AND IMPROPER

Defendants believe that completing discovery is of paramount importance. Within twenty (20) business days of entry of an order on the present motion, Defendants will produce documents kept in the ordinary course of business or specially generated reports that provide the information contained in each work product document entitled "All Inventory & Sales & Distribution Summary," as requested in Paragraphs 1 and 2 of Plaintiff's Proposed Order. Defendants will further produce copies with limited redactions of costs for component parts of specific garments, but providing a complete unit cost for each document entitled "I.B.D. Cost Sheets," as requested in Paragraphs 4 and 5 of Plaintiff's Proposed Order.[2]

However, the discovery requested in Paragraphs 3 and 6 of Plaintiff's Proposed Order is unnecessary, overly broad and unduly burdensome. Plaintiff is requesting prospective review of every ladies' clothing design that Defendants may bring to market during the next six (6) months. Defendants have over 200,000 SKU's and roughly 400 retail stores. The avowed purpose and virtually certain effect of Defendants' request is to establish a stranglehold over Defendants' selection and marketing of new garments.

The copyright statutes neither contemplate nor provide for the extreme measures proposed by Plaintiff. Plaintiff may seek damages for alleged infringements that presently are discrete and identifiable. However, Plaintiff unreasonably seeks to extend this authority to

---

[2] These documents are prepared for and relate only to garments purchased by Defendants from foreign vendors and therefore do not exist for garments purchased from domestic vendors.

7

impose liability on Defendants now for any possible future infringement. Such extension would be completely speculative.

Plaintiff's papers grossly mischaracterize the subject matter of this litigation as "repeated willful infringements" by Defendants. Plaintiff's hyperbole aside, the issues in the present suit are simply a matter of Plaintiff properly identifying garments so that Defendants may initiate a recall. Defendants have recalled all garments that Plaintiff has properly identified, and have ceased sales of these items. Plaintiff has introduced no evidence of further sales of the recalled items. Nor have there been any "new" sales of allegedly infringing items – any "new" sales are more accurately described as sales of items that, despite Plaintiff's and Defendants' efforts, have been for sale all along but have only now been identified. Plaintiff's mischaracterization of this process as "new" infringements truly misleads the Court. Plaintiff's alleged "new" infringements are nothing more than an old items that neither party could identify, a problem that Plaintiff brought on itself by using poor images of goods in the Exhibits of its Complaint.

Finally, perhaps the most telling reason why Plaintiff's request for speculative discovery relating to garments Defendants may sell should be denied is simply that all of the alleged infringements relate to fabric designs identified in the First Amended Complaint and not to any new designs that may have been "in the works" since the First Amended Complaint was filed ten (10) months ago. The relief sought in paragraphs 3 and 6 of Plaintiff's Proposed Order should be denied.

## III. PLAINTIFF'S REQUEST TO PRECLUDE DEFENDANTS FROM FURTHER DISCOVERY IS IMPROPER

In Paragraph 7 of the Proposed Order, Plaintiff requests expedited completion of highly speculative and extensive discovery for Plaintiff's benefit, but also requests that Defendants be

foreclosed from taking further discovery. Such relief would be grossly prejudicial to Defendants' defense of its rights in this litigation. Furthermore, limiting discovery would be counterproductive and would likely delay, or even prevent, settlement.

A.    EVIDENCE RELATING TO CREATION
       AND AUTHORSHIP OF THE SUI DESIGNS

As stated in Section I herein in support of Defendants Cross-Motion to Compel, Defendants have requested documents and noticed a deposition in order to learn about the creation and authorship of the Sui Designs, but to date Plaintiff has produced virtually no responsive documents. These documents are essential to Defendants' evaluation of the originality of the Sui Designs and the validity of the attendant copyright registrations, and the denial of Defendants' requests for discovery of these materials significantly prejudices Defendants' ability to develop and present their defenses.

For example, Plaintiff is asserting numerous copyright registrations that it has repeatedly represented to this Court are original designs.[3] However, without complete discovery on the creation and authorship of these designs, Defendants are not able to test the veracity of Plaintiff's assertions. Importantly, the validity of Plaintiff's copyrights is particularly crucial in light of Defendants' recent discovery of vintage fabric designs that call into question the originality of some of Plaintiff's designs.

As discussed above, Defendants have located two (2) vintage fabric design swatches being sold at local shows that are virtually identical to Plaintiff's allegedly "original" designs. (Powley Decl. at ¶¶ 4-8). This new evidence directly calls into question Plaintiff's assertions of original authorship made to the U.S. Copyright Office and this Court. Further discovery on this

---

[3] Plaintiff has also made factual representations to the U.S. Copyright Office that may not be accurate and truthful.

issue not only seems logical, but now is essential in order to resolve what appear to be troubling questions relating to Plaintiff's rights in the designs it is asserting.

        B.      <u>CORRESPONDENCE WITH DEFENDANTS' VENDORS</u>

       During the April 11, 2008 conference, the Court directed Plaintiff to produce all correspondence relating to Plaintiff's cease and desist letters to Defendants' vendors, excluding documents specifically discussing settlement. The Court further directed Plaintiff to produce a log of correspondence that directly concerned settlement. Plaintiff's Proposed Order directly contradicts the Court's instructions and improperly denies discovery to which the Court has already determined Defendants are entitled.

**IV.**    **<u>ATTORNEY WORK PRODUCT DOCUMENTS</u>**

       Finally, the "All Inventory & Sales & Distribution Summary" documents are not maintained by Defendants in the ordinary course of business. (Kwon Decl. at ¶¶ 4-5). Instead, these documents were created by Defendants' employees at the request of Defendants' in-house counsel for the purpose of assisting in developing strategies and defenses in the present litigation. Consequently, these documents are protected from disclosure pursuant to the attorney work product privilege. <u>U.S. v. Construction Products Research, Inc.</u>, 73 F. 3d 464, 473 (2d Cir. 1996). Defendants' inadvertent disclosure does not destroy this privilege. <u>In re Natural Gas Commodity Litigation</u>, 229 F.R.D. 82, 86-90 (S.D.N.Y. 2005). Defendants have produced or will be producing reports and other documents providing Plaintiff the same information found in these documents and Plaintiff should therefore be ordered to return these documents to Defendants in accordance with the Court's instructions.

## V.   PLAINTIFF SEEKS INJUNCTIVE RELIEF WITH NO SHOWING OF THE REQUIRED FACTORS

Plaintiff's Proposed Order proscribes the equivalent of a preliminary injunction against

Defendants, yet Plaintiff has completely failed to satisfy the standard required for the grant of

such relief.  In order to prevail on a motion for preliminary injunction, Plaintiff must demonstrate

(a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits

to make them a fair ground for litigation and a balance of hardships tipping decidedly in the

movant's favor.  ABKCO Music Inc. v. Stellar Records Inc. 96 F.3d 60, 64 (2d Cir. 1996).

Further, the Second Circuit has stated that "in most cases, the moving party must first

demonstrate that [irreparable] injury is likely before the other requirements for the issuance of an

injunction will be considered"  Zervos v. Verizon New York, Inc., 252 F.3d 163, 172 (2d Cir.

2001).

### A.    LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiff's papers make numerous all-encompassing and sweeping allegations that, if true,

may lead to its success on the merits of its claims.  However, in light of Defendants' recent

discovery of two (2) pre-existing vintage fabric designs that appear to cast doubt on Plaintiff's

ownership of some of the copyrights it is asserting, the likelihood of Plaintiff succeeding on the

merits of its claims is now seriously in doubt.  As a result, Plaintiff has failed to establish a

likelihood of success on the merits, and its Proposed Order seeking the equivalent of a

preliminary injunction should be denied.[4]

---

[4] Defendants maintain that Plaintiff's request for a preliminary injunction should be denied unless it formally moves
the Court pursuant to FRCP 65 and a full evidentiary record is made available to Defendants and the Court.
Plaintiff's attempt to obtain a preliminary injunction via an expedited discovery motion is improper.

B.    PLAINTIFF'S DELAY BELIES ITS REQUEST FOR INJUNCTIVE RELIEF

It is well settled in this Circuit that a party's delay in acting to enforce its copyrights or request injunctive relief evidences a lack of irreparable injury sufficient to justify the denial of injunctive relief.  Bourne Co. v. Tower Records, Inc., 976 F.2d 99, 101, 24 U.S.P.Q.2d 1309 (2nd Cir. 1992) (grant of injunctive relief in a copyright infringement action reversed due to plaintiff's failure to show irreparable harm).  Preliminary injunctions in copyright cases are denied on this basis.  See also Richard Feiner and Company, Inc. v. Turner Entertainment Co., et al., 98 F.3d 33, 34, 40 U.S.P.Q.2d 1473 (2d Cir. 1996) (injunctive relief denied in part for no irreparable harm since plaintiff delayed over a year in seeking injunctive relief in its copyright action); Slifka v. Citation Fabrics Corp., 329 F.Supp. 1392, 1393-94 (S.D.N.Y. 1971) (a nearly 8-month delay in bringing the copyright infringement action along with a lack of candor merited denial of injunctive relief); Gianni Cereda Fabrics, Inc. v. Bazaar Fabrics, Inc., 335 F.Supp. 278, 280, 173 U.S.P.Q. 188 (S.D.N.Y. 1971) (7 1/2 month delay after receiving response to cease and desist letter until complaint filed bars preliminary relief);  Andersen Consulting LLP v. American Management Systems, Inc., No. 95 Civ. 5428, 1995 WL 510042, *3 (S.D.N.Y. Aug. 28, 1995) (plaintiff's delay in seeking injunctive relief for more than one year after it received report containing information concerning alleged copyright infringement and trade secret misappropriation and three (3) months after it became aware of infringements was unreasonable, constituted laches and precluded finding of irreparable harm).  Even a ten (10) week delay in seeking an injunction after the discovery of infringing activity was held to be evidence that plaintiff did not suffer irreparable harm to justify a preliminary injunction.  Citibank, N.A. v. Cititrust, 756 F.2d 273, 277, 225 U.S.P.Q. 708 (2d Cir. 1985).

Plaintiff contacted Defendants regarding the allegedly infringing items at issue in this lawsuit and filed its Complaint on April 23, 2007 - one year prior to the present request for injunctive relief.  Therefore, Plaintiff knew of Defendants' allegedly infringing activity for one year prior to seeking injunctive relief of any kind.  Plaintiff's unreasonable delay in requesting injunctive relief demonstrates that the harm, if any, suffered by the Plaintiff in the instant action is not so severe as to be "irreparable."  Feiner, 98 F.3d 33, 34, 40 U.S.P.Q.2d 1473 (2d Cir. 1996); Tough Traveler, Ltd. v. Outbound Products, 60 F.3d 964, 968, 35 U.S.P.Q.2d 1617 (2d Cir.1995) ("Though such delay may not warrant the denial of ultimate relief, it may, standing alone ... preclude the granting of preliminary injunctive relief because the failure to act sooner undercuts the urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury" [internal quotations and citations omitted]).  Under the applicable precedent, Plaintiff's unreasonable delay in seeking injunctive relief merits the denial of its request for such relief.  Moreover, Plaintiff's delay, when viewed in light of the absence of any fact or meaningful declaration within Plaintiff's moving papers as to "irreparable injury," underscores the failure of Plaintiff to establish "irreparable injury" sufficient to merit injunctive relief.

The fatal significance of Plaintiff's ultimate inability to establish irreparable harm has been underscored by the Second Circuit as "the single most important prerequisite for the issuance of a preliminary injunction."  Freedom Holdings, Inc. v. Spitzer, 408 F.3d 112,114, 2005 U.S. App. LEXIS 8886 (2d Cir. 2005) (quoting Rodriguez v. DeBuono, 175 F.3d 227, 233 (2d Cir. 1999)).  See also Zervos v. Verizon New York, Inc., 252 F.3d 163, 172, 49 Fed.R.Serv.3d 1401 (2d Cir. 2001).  While there are many unknown facts that need to be discovered in this case (not least of all Plaintiff's rights in the copyrights it is asserting), one fact

is clear – Plaintiff first learned of Defendants' allegedly infringing activities over one year ago.

Therefore, Plaintiff's unreasonable delay in seeking injunctive relief bars any claim that it will be

irreparably harmed absent such relief. Plaintiff is accordingly not entitled to injunctive relief and

therefore, Paragraph 8 in Plaintiff's Proposed Order should be denied.

      C.      PLAINTIFF'S REQUEST TO ENJOIN
              DEFENDANTS' ACTIVITIES IS TOO BROAD

It is well settled that an order entered by a court must be limited in scope and structured

such that the parties can comply with its terms. Fed.R.Civ. P. 65(d) requires that an order

granting an injunction "be specific in terms" and "describe in reasonable detail…the act or acts

sought to be restrained…"See Schmidt v. Lessard, 414 U.S. 473, 38 L. Ed. 2d 661, 94 S. Ct. 713

(1974). See also Fonar Corp. v. Deccaid Services, Inc., 983 F.2d 427, 1993 U.S. App. LEXIS

355 (2D Cir. 1993); Kasper v. Board of Election Comm'rs, 814 F.2d 332 (7TH Cir. 1987);

Georgevich v. Strauss, 772 F. 2d 1078 (3d Cir. 1985) (en banc), cert. denied 475 U.S. 1028, 106

S. Ct. 1229, 89 L. Ed 2d 339 (1986). Plaintiff's Proposed Order asks the Court to enjoin

Defendants from "further copying any of Plaintiff's designs." This relief is not only

extraordinary, but it is also vague, ambiguous and virtually impossible for Defendants to comply

with.

As an initial matter, the words "Plaintiff's designs" are not defined in the Proposed

Order. It is not clear if "Plaintiff's designs" refer to the Sui Designs or to any other designs

Plaintiff may own, most of which would not be known to Defendants. As a result, Plaintiff's

Proposed Order is overly broad, vague and impossible for Defendants to comply with.

14

## CONCLUSION

For the foregoing reasons outlined above, and the facts contained in the Young Kwon and Robert L. Powley declarations, Defendants request that the Court (i) deny the relief requested in Plaintiff's Proposed Order, (2) grant the relief requested in Defendants' Proposed Order, and (3) grant Defendants such other relief as the Court deems necessary.

Dated: April 22, 2008

Respectfully submitted,

By:         _____ s/ Robert L. Powley _____

Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
David J. Lorenz (DL 3072)

Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, New York 10013
Phone: 212-226-5054
Fax:   212-226-5085

Attorneys for Defendants
Forever 21, Inc., Forever 21 Retail
Inc., Forever 21 Logistics, LLC,
Do Won Chang and Jin Sook Chang

15

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION IN PART TO PLAINTIFF'S RENEWED MOTION FOR EXPEDITED DISCOVERY AND OTHER RELIEF AND DEFENDANTS' CROSS-MOTION TO COMPEL DISCOVERY FROM PLAINTIFF was served upon counsel for Plaintiff by ECF and First-Class Mail, postage prepaid, on this 22nd day of April 2008, addressed as follows:

> Marya Lenn Yee, Esq.
> Amy C. Opp, Esq.
> DONOVAN & YEE LLP
> The Soho Building
> 110 Greene Street, Suite 700
> New York, New York 10012
> (212) 226-7700

_____
Bruni Casiano