Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
David J. Lorenz (DL 3072)
Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

Attorneys for Defendants
Forever 21, Inc., Forever 21 Retail,
Inc., Forever 21 Logistics, LLC,
Do Won Chang and Jin Sook Chang

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
ANNA SUI CORP.,                                   :
                                                  :
                                                  :        07 Civ. 3235 (TPG)(JCF)
                         Plaintiff,               :
                                                  :
                                                  :
        -v-                                       :
                                                  :
FOREVER 21, INC., FOREVER 21 RETAIL,              :
INC., FOREVER 21 LOGISTICS, LLC,                  :
DO WON CHANG, JIN SOOK CHANG,                     :
GADZOOKS, INC., GERALD P. SZCZEPANSKI             :
and JOHN DOES 1 to 20,                            :
                                                  :
                                                  :
                         Defendants.              :
-----------------------------------------------------------------x

**MEMORANDUM OF LAW AND DECLARATON
OF YOUNG KWON IN SUPPORT OF DEFENDANTS'
SURREPLY IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION
FOR EXPEDITED DISCOVERY AND OTHER RELIEF AND IN SUPPORT OF
<u>DEFENDANTS' CROSS-MOTION TO COMPEL DISCOVERY FROM PLAINTIFF</u>**

Pursuant to Fed. R. Civ. P. 7(b) and 37(a), Defendants Forever 21, Inc., Forever 21 Retail, Inc., Forever 21 Logistics, LLC, Do Won Chang and Jin Sook Chang ("Defendants") respectfully submit this Surreply Memorandum and the Declaration of Young Kwon in Opposition to Plaintiff Anna Sui Corp.'s ("Plaintiff") Renewed Motion For Expedited Discovery and Other Relief and in Support of Defendants' Cross-Motion to Compel Discovery.

**INTRODUCTION**

Although the Court and Your Honor do not have a specific rule governing surreplies, Defendants ask that Your Honor accept this Surreply as it corrects numerous misstatements by Plaintiff and Plaintiffs Counsel. Defendants' sole intent in submitting this Surreply is to make sure the Court has of all the facts needed to decide the many pending motions so that the parties can proceed in this matter and hopefully work towards an amicable resolution.

**I.     DEFENDANTS HAVE PROMPTLY ISSUED RECALL NOTICES
         FOR EVERY GARMENT THAT HAS BEEN PROPERLY IDENTIFIED**

Plaintiff has alleged in the First Amended Complaint, in three subsequent letters and in its original and renewed motions for expedited discovery that certain of Defendants' garments are infringing and that, even after notification, certain of these items remain available for purchase from Defendants. Specifically, Plaintiff states that "[t]o date, Defendants have not recalled at least a dozen garments for which Plaintiff supplied all hangtags and labels that detail Defendants' own item numbers." (See Plaintiff's Reply at p. 4).

Interestingly, Plaintiff does not identify any of these garments, even though it knows that Defendants' understanding is that recall notices have been issued for all garments identified in the exhibits to the First Amended Complaint. (Kwon Decl. at ¶ 4). If Plaintiff is aware of twelve (12) additional garments that do not appear in the exhibits to the First Amended Complaint that allegedly infringe its copyrights, Plaintiff should identify these garments so that recalls can be

2

initiated. By withholding this information, Plaintiff's position that it is being irreparably harmed is difficult to understand.

As Plaintiff is well aware, Defendants identify and recall garments based on item codes or a physical review of a picture of the garment in question, not based on fabric designs. To the extent that Defendants had been unable to recall garments more quickly, it was because the garments can not be identified – by Defendants or Plaintiff – not because of Defendants' "new" and "willful" infringements as alleged by Plaintiff.

## II. THE "OCTOBER 2007 INFRINGING DRESS" WAS ORDERED BEFORE THAT GARMENT WAS EVER IDENTIFIED

In footnote 1 in Plaintiff's Reply, Plaintiff actually accuses Defendants of an "outright lie." Again, Plaintiff is wrong. Plaintiff states that Defendants ordered item 43053244 – the "October 2007 Infringing Dress" – after Plaintiff brought this garment to Defendants' attention. Defendants ordered item 43053244 on June 22, 2007, as shown in Defendants' Purchase Order for this garment, not August 29, 2007. (Kwon Decl. at ¶ 5). Plaintiff first raised this garment in the First Amended Complaint, filed on June 26, 2007. Defendants' order for this garment therefore predated the earliest appearance of item 43053244 in the present dispute. Moreover, although a picture of item 43053244 appeared in the First Amended Complaint, neither Plaintiff nor Defendants were able to identify that garment. As such, it was not until October 5, 2007 that Plaintiff properly identified the garment by item number. After Plaintiff provided the needed identifying information, Defendants recalled this garment on October 17, 2007.[1]

---

[1] Plaintiff makes much to do about Defendants' 48 hour recall procedure not being effective and alleging that earlier on in this litigation, terms that were finally properly identified were not recalled within 48 hours. However, Plaintiff was informed at the discovery conference on December 18, 2007 with Your Honor that Defendants had instituted a "new" recall procedure in an effort to expedite the recall process and assure Plaintiff that recalls were being addressed in a timely fashion. Defendants' 48 hour recall procedure was designed and implemented in late

Simply put, for item 43053244, Plaintiff has interpreted the "Purchase Date" specified in the "All Inventory & Sales & Distribution Summary" as the order date for this garment. This is an incorrect interpretation, as the "Purchase Date" listed in these work product documents, which were prepared at the request and for the benefit of General Counsel, is the date the garments were received by Defendants. (Kwon Decl. at 5). The actual order dates for all garments are identified in the Purchase Orders. (Kwon Decl. at ¶ 5). To date, Defendants have produced Purchase Orders for virtually every garment in this litigation and will complete production of all Purchase Orders shortly. Once again, Plaintiff would have been better served by getting the facts right before representing to the Court that Defendants lied.

### III. PLAINTIFF WILL RECEIVE SALES AND INVENTORY INFORMATION FOR ALL GARMENTS AND SHOULD RETURN ALL ATTORNEY WORK PRODUCT DOCUMENTS

With hallmark disregard for the facts, Plaintiff states that Defendants "have merely asserted that the ["All Inventory & Sales & Distribution Summary" sheets] were printed at their General Counsel's request." To the contrary, these documents were not preexisting records that were simply printed at in-house counsel's request; they were "*prepared* specifically" at in-house counsel's request and "are not kept in the ordinary course of business by Defendants." (Kwon Decl. at ¶ 5)(emphasis added). In other words, as is plain to everyone but Plaintiff, these documents would not exist but for in-house counsel's request and instructions – the very definition of work product.

Defendants are gathering documents that provide all of the information found in the "All Inventory & Sales & Distribution Summary" sheets and will produce those documents shortly. In the interim, consistent with Your Honor's instructions, Defendants expect Plaintiff

---

October/early November 2007. Therefore, Plaintiff's complaints regarding Defendants' 48 hour recall process before this time are misguided, as the procedure was not yet in effect.

to return the "All Inventory & Sales & Distribution Summary" sheets and destroy all copies made thereof.

### IV.   THE "APRIL 2008 INFRINGEMENT" WAS RECALLED IMMEDIATELY

Contrary to Plaintiff's assertions, Defendants believe that item 2039859720 – the "April 2008 Infringement"– is the garment shown in Exhibit 21B of the First Amended Complaint. (Kwon Decl. at ¶ 6). Plaintiff disputes Defendants' assertion but has provided no documents that would even suggest otherwise. The most that Plaintiff did in the beginning of this litigation was to provide a poor quality photograph of item 2039859720 in the First Amended Complaint. Now, almost one year later, Plaintiff finally supplied the item code and Defendants have attempted in good faith to identify this garment. Defendants believe it is the garment shown in Exhibit 21B and, accordingly, recalled the garment on the same day Plaintiff provided the item code. (Kwon Decl. at ¶ 6). Plaintiff's desperate attempt to claim this garment as a "new" infringement separate from Exhibit 21B again appears baseless.

Moreover, Plaintiff is simply wrong in stating that Defendants have not confirmed that the "April 2008 Infringement" has been recalled. Defendants made that representation to the Court in their Opposition papers filed on April 22, 2008, and Plaintiff was so informed on that day.

### V.   PLAINTIFF'S REQUESTED DISCOVERY IS UNNECESSARY

All of Plaintiff's fabric designs at issue in the First Amended Complaint have been shown to Defendants' employees responsible for ordering new garments, and to the best of Defendants' ability, it has been confirmed that no additional garments have been ordered that incorporate fabric designs substantially similar to any of Plaintiff's fabric designs. (Kwon Decl. at ¶ 7). Therefore, Plaintiff has no need to see Defendants' documents relating to future garment

orders.

## VI. AT LEAST ONE CLAIM OF INFRINGEMENT IS QUESTIONABLE AND RAISES FURTHER CONCERNS

As stated above, Defendants have recalled every garment that Plaintiff has brought to Defendants' attention and that has been identified by item code. Defendants fully appreciate the gravity of the current dispute and have conducted these recalls, without questioning the relative merit of Plaintiff's claims, for the purpose of working towards an amicable resolution. However, Defendants believe that Plaintiff has strained credulity with regard to one of the most recent garments complained of by Plaintiff.

Defendants' item 42115930034 was cited in the December 10, 2007 Affirmation of Marya Lenn Yee (Yee Aff. at ¶ 14, Exh. G) and has been recalled by Defendants. Plaintiff states that this garment "directly copies two of Plaintiff's copyrighted designs, Shadow Leaf Border and Floral Leaves Border" and further that "[b]oth of the copied Sui Designs are incorporated throughout the entire garment." (Yee Aff. at ¶ 14).

A comparison of Plaintiff's designs with Defendants' garment (Yee Aff. at Exh. G) leaves Defendants wondering where and how Plaintiff sees elements of even one of the designs, let alone both designs, in the garment. The primary distinguishing visual element found in both of Plaintiff's designs is plant leaves of different shapes attached to stems. Plaintiff's copyright protection extends only to designs incorporating leaves having the same or substantially similar shape as shown in Plaintiff's designs, not to leaves of other shapes or, generally, the concept of using leaves in designs. One of PIaintiff's designs also incorporates a type of cross-hatching as a secondary element.

The fabric design in Defendants' garment incorporates a pattern of flowers and

6

leaves, but any similarities to Plaintiff's designs end there. Plaintiff's designs do not include any element remotely resembling the large flowers prominently featured in Defendants' garment. Moreover, the leaves shown in Defendants' garment are not remotely similar to the scalloped-edge leaves shown in Plaintiff's first design and bear, at most, only the faintest resemblance to the leaves in Plaintiff's second design – certainly not rising to the threshold level of "substantially similar." Likewise, the fabric design in Defendants' garment features horizontal bands that are dissimilar to the interlocking cross-hatch of diagonal lines in Plaintiff's first design. Accordingly, Defendants' garment does not read on either of Plaintiff's designs.

That Plaintiff even alleged infringement by this garment, not to mention cited this garment as the precipitating factor in bringing Plaintiff's original motion for expedited discovery, calls into question the good faith basis for the prospective and far-reaching discovery that Plaintiff seeks regarding future garments that Defendants plan to market. Defendants order and sell thousands of ladies' clothing items at any given time, the vast majority of which have nothing to do with any of Plaintiff's designs. If granted the requested relief, Defendants believe that Plaintiff may be expected to make dubious claims against a disproportionately large number of those garments, tying up Defendants' new product pipeline and seriously prejudicing Defendants' rights. Moreover, under such circumstances, Defendants would not agree that many of the garments in dispute should be recalled or the orders for those garments cancelled. The parties would inevitably be before the Court, probably repeatedly - a result that provides no advantage or economy of judicial resources over the current proceedings.

Defendants wish nothing more than to cooperate with Plaintiff and conduct the present litigation in the most expeditious manner possible. However, the direction taken by Plaintiff in

7

its claims and in the relief that it requests compels Defendants to bring these issues to the Court's attention.

### VII. PORTIONS OF PLAINTIFF'S DECLARATIONS ARE NON-RESPONSIVE AND SHOULD BE STRICKEN

Paragraph 4 and Exhibit A of the April 28, 2008 Declaration of Marya Lenn Yee and Paragraph 15 of the April 24, 2008 Declaration of Anna Sui are non-responsive to any issues presented by the present motion and are entirely inappropriate and improper. Defendants move to strike these paragraphs and Exhibit A to the Yee Declaration from the record.

### CONCLUSION

For the foregoing reasons outlined above, and the facts contained in the Young Kwon and Robert L. Powley declarations, Defendants request that the Court (1) deny the relief requested in Plaintiff's Proposed Order, (2) grant the relief requested in Defendants' Proposed Order, and (3) grant Defendants such other relief as the Court deems necessary.

Dated: May 1, 2008                                  Respectfully submitted,

                                        By:   s/ Robert L. Powley

                                              Robert L. Powley (RP 7674)
                                              James M. Gibson (JG 9234)
                                              David J. Lorenz (DL 3072)

                                              Powley & Gibson, P.C.
                                              304 Hudson Street, 2nd Floor
                                              New York, New York 10013
                                              Phone: 212-226-5054
                                              Fax: 212-226-5085

                                              Attorneys for Defendants
                                              Forever 21, Inc., Forever 21 Retail Inc.,
                                              Forever 21 Logistics, LLC, Do Won
                                              Chang and Jin Sook Chang

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' SURREPLY IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR EXPEDITED DISCOVERY AND OTHER RELIEF AND DEFENDANTS' CROSS-MOTION TO COMPEL DISCOVERY FROM PLAINTIFF was served upon counsel for Plaintiff by ECF and First-Class Mail, postage prepaid, on this 1st day of May 2008, addressed as follows:

> Marya Lenn Yee, Esq.
> Amy C. Opp, Esq.
> DONOVAN & YEE
> LLP The Soho Building
> 110 Greene Street, Suite 700 New York, New York 10012 (212) 226-7700

_____
Bruni Casiano