Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
David J. Lorenz (DL 3072)
Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

Attorneys for Defendants
Forever 21, Inc., Forever 21 Retail,
Inc., Forever 21 Logistics, LLC,
Do Won Chang and Jin Sook Chang

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
ANNA SUI CORP.,                                                :
                                                               :
                                                               :   07 Civ. 3235 (TPG)(JCF)
                                                               :
                               Plaintiff,                      :
                                                               :
        -v-                                                    :
                                                               :
FOREVER 21, INC., FOREVER 21 RETAIL,                           :
INC., FOREVER 21 LOGISTICS, LLC,                               :
DO WON CHANG, JIN SOOK CHANG,                                  :
GADZOOKS, INC., GERALD P. SZCZEPANSKI                          :
and JOHN DOES 1 to 20,                                         :
                                                               :
                                                               :
                               Defendants.                     :
---------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR RECONSIDERATION OF THE ORDER
<u>DATED APRIL 18, 2008 GRANTING PLAINTIFF AN INJUNCTION</u>**

Pursuant to L. Civ. R. 6.3 and Fed. R. Civ. P. 59(e) and 65, Defendants Forever 21, Inc., Forever 21 Retail, Inc., Forever 21 Logistics, LLC, Do Won Chang and Jin Sook Chang ("Defendants") respectfully submit this Memorandum in Support of their Motion for Reconsideration of the Order Dated April 18, 2008 (the "Order") Granting Plaintiff an Injunction.[1]  For the reasons detailed below, Defendants respectfully request that Paragraph 8 of the Order be stricken.  In the alternative, Defendants respectfully request that Paragraph 8 of the Order be clarified pending a possible appeal of Paragraph 8 to the United States Court of Appeals for the Second Circuit.

I. **INTRODUCTION**

Paragraph 8 of the Order states that "Defendants are enjoined from further copying any of Plaintiff's designs."  This relief was granted even though Plaintiff Anna Sui Corp. ("Plaintiff") failed to demonstrate irreparable harm and, for certain of the alleged infringements, either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation.  Moreover, the Order does not specify any findings of fact or conclusions of law upon which the grant of injunctive relief was based.  Finally, Paragraph 8 of the Order is not sufficiently narrowly tailored or defined.  Accordingly, Defendants request that Your Honor strike Paragraph 8 from the Order.

If this request to strike is denied, Defendants request, in the alternative, that the language "Plaintiff's designs" in Paragraph 8 be clearly defined to encompass only Plaintiff's designs at issue in this lawsuit.  Other designs that may be owned by Plaintiff would not be known to Defendants, and the inclusion of such designs within the meaning of Paragraph 8 would render that provision overly broad, vague and impossible for Defendants to comply with.

---

[1] The Order was placed into effect by Your Honor's Order dated May 8, 2008, and thus this filing is timely under L. Civ. R. 6.3.

2

## II. PLAINTIFF HAS FAILED TO MEET ITS BURDEN OF PROOF FOR A PRELIMINARY INJUNCTION

"A preliminary injunction is an extraordinary remedy and should not be granted routinely. It is reserved for cases in which need for it is manifest." *P.F. Cosmetique, S.A. v. Minnetonka Inc.*, 605 F. Supp. 662, 666 (S.D.N.Y. 1985). "The party seeking preliminary injunctive relief bears a heavy burden of proof ... and accordingly a motion for a preliminary injunction will be denied 'absent a clear showing that the movant has met its burden of proof.'" *Liddy v. Cisneros*, 823 F. Supp. 164, 173 (S.D.N.Y. 1993) (citations omitted).

In order to prevail on a motion for preliminary injunction, Plaintiff must demonstrate (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor. *ABKCO Music Inc. v. Stellar Records Inc.*, 96 F.3d 60, 64 (2d Cir. 1996). Further, "in most cases, the moving party must first demonstrate that [irreparable] injury is likely before the other requirements for the issuance of an injunction will be considered." *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 172 (2d Cir. 2001).

The allegations underlying Plaintiff's motion lack factual support and should be accorded no probative weight. *Atari Games Corp. v. Nintendo*, 897 F.2d 1572, 1575 (Fed. Cir. 1990) ("a district court should be wary of issuing an injunction based solely upon allegations and conclusory affidavits"); *American Passage Media Corp. v. Cass Communications, Inc.*, 750 F.2d 1470, 1473 (9th Cir. 1985) (reversing grant of preliminary injunction based on affidavits that "are conclusory and without sufficient support in facts"). Plaintiff's initial moving papers repeatedly allege "irreparable harm" but fail to cite a single instance of factual support for that claim or to explain, for example, why any purported harm suffered by Plaintiff could not be adequately addressed by monetary damages.

On the other hand, as detailed in Defendants' Opposition to Plaintiff's Renewed Motion for Expedited Discovery and the accompanying Declaration of Robert L. Powley, the discovery of two (2) pre-existing vintage fabric designs appears to cast substantial doubt on Plaintiff's ownership of some of the copyrights it is asserting and, by extension, the likelihood that Plaintiff would succeed on the merits of its claims. (Def. Opposition at p. 4; Powley Decl. at Exhibits B and D). Plaintiff's omission of factual information in its copyright applications regarding whether the underlying work was derivative of an earlier work may affect the validity or effective date of the resulting copyright registrations. *Gibson Tex, Inc. v. Sears Roebuck & Co.*, 11 F. Supp.2d 439, 441-42 (S.D.N.Y. 1998); *Arch Associates, Inc. v. Hedaya Brothers, Inc.*, 1993 WL 426888, *3 (S.D.N.Y. Oct. 21, 1993).

Additionally, a party's delay in acting to enforce its copyrights or request injunctive relief evidences a lack of irreparable injury sufficient to justify the denial of injunctive relief. *Richard Feiner and Company, Inc. v. Turner Entertainment Co.*, 98 F.3d 33, 34 (2d Cir. 1996) (injunctive relief denied in part for no irreparable harm since plaintiff delayed over a year in seeking injunctive relief in its copyright action); *Citibank, N.A. v. Cititrust*, 756 F.2d 273, 277 (2d Cir. 1985) (ten (10) week delay in seeking injunction after discovery of infringing activity held to be evidence that plaintiff did not suffer irreparable harm to justify preliminary injunction); *Bourne Co. v. Tower Records, Inc.*, 976 F.2d 99, 101 (2d Cir. 1992) (grant of injunctive relief in a copyright infringement action reversed due to plaintiff's failure to show irreparable harm). Plaintiff's one-year delay in requesting injunctive relief is unreasonable and demonstrates that the harm, if any, suffered by the Plaintiff in the instant action is not so severe as to be "irreparable."

Moreover, it will not be possible for Defendants to comply with Paragraph 8 of the Order. The scope of Paragraph 8 is not literally limited to Plaintiff's designs at issue in the present lawsuit, as asserted in the First Amended Complaint, and therefore would potentially impose liability upon Defendants with respect to designs never brought to Defendants' attention and for which no evidence of any sort has been adduced in this litigation.

Finally, the operation of Paragraph 8 is not limited in duration, effectively giving Paragraph 8 the force of a permanent injunction even though no full trial on the merits has been conducted.

As established by these factors, Plaintiff has not satisfied the heavy burden required to justify a grant of injunctive relief.

## III. THE COURT FAILED TO SET FORTH FINDINGS OF FACT AND CONCLUSIONS OF LAW

Moreover, the Order sets forth no findings of fact or conclusions of law that support the need or grounds for Paragraph 8, as required by Fed. R. Civ. P. 52(a). "Without this information the defendant is unable to properly to exercise the appellate rights conferred by statute and the [appellate] court is equally unable to make appropriate appellate review." *Inverness Corp. v. Whitehall Laboratories*, 819 F.2d 48, 50 (2d Cir. 1987); *Knapp Shoes, Inc. v. Sylvania Shoe Manufacturing Corn.*, 15 F.3d 1222, 1227 (1st Cir. 1994). "[T]he rule also encourages the trial judge to ascertain the facts with due care and to render a decision in accordance with the evidence and the law." *Inverness*, 819 F.2d at 50.

An order granting injunctive relief will normally be vacated if the findings and the record are not sufficient to enable a reviewing court to be sure of the basis of the decision below or to assess whether a district court has properly exercised its jurisdiction. *Tekkno Laboratories, Inc. v. Perales*, 933 F.2d 1093, 1097 (2d Cir. 1991). In *Weitzman v. Stein*, a preliminary injunction

was vacated on the grounds that the district court made no findings as to irreparable harm, likelihood of success or any evidentiary fact pertinent to those issues and, furthermore, did not set forth the standard for the granting of a preliminary injunction. 897 F.2d 653, 658 (2d Cir. 1990). As in that decision, there is no basis here for the grant of injunctive relief in Paragraph 8 of the Order.

### IV.     ALTERNATIVELY, PARAGRAPH 8 SHOULD BE CLARIFIED

If Your Honor refuses Defendants' request to strike Paragraph 8 from the Order, Defendants respectfully submit that Paragraph 8 should be amended to read "Defendants are enjoined from further copying any of Plaintiff's *copyrighted* designs *at issue in this lawsuit and asserted in the First Amended Complaint*." (Emphasis added). This formulation establishes a more defined scope of the injunction and would not subject Defendants to potential liability regarding Plaintiff's designs that have never been asserted during the course of this lawsuit or of which Defendants do not otherwise have any knowledge.

Fed. R. Civ. P. 65(d) requires that an order granting an injunction "state its terms specifically" and "describe in reasonable detail…the act or acts restrained." If the foregoing clarification is not made, Paragraph 8 could impose liability concerning designs never raised in this lawsuit and not known to Defendants, and this provision would be overly broad, vague and virtually impossible for Defendants to comply with.

**V.     CONCLUSION**

On the grounds discussed above, Defendants request that the Court strike Paragraph 8 of the Order, or, in the alternative, clarify that provision pending appeal.

Dated: May 19, 2008                                               Respectfully submitted,

                                                                 By:      s/ Robert L. Powley

                                                                 Robert L. Powley (RP 7674)
                                                                 James M. Gibson (JG 9234)
                                                                 David J. Lorenz (DL 3072)

                                                                 Powley & Gibson, P.C.
                                                                 304 Hudson Street, 2nd Floor
                                                                 New York, New York  10013
                                                                 Phone: 212-226-5054
                                                                 Fax:    212-226-5085


                                                                 Attorneys for Defendants
                                                                 Forever 21, Inc., Forever 21 Retail
                                                                 Inc., Forever 21 Logistics, LLC,
                                                                 Do Won Chang and Jin Sook Chang

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OF THE ORDER DATED APRIL 18, 2008 GRANTING PLAINTIFF AN INJUNCTION was served upon counsel for Plaintiff by ECF and First-Class Mail, postage prepaid, on this 19th day of May 2008, addressed as follows:

>Marya Lenn Yee, Esq.
>Amy C. Opp, Esq.
>DONOVAN & YEE LLP
>The Soho Building
>110 Greene Street, Suite 700
>New York, New York 10012
>(212) 226-7700

>_____
>Julio Lopez