Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
David J. Lorenz (DL 3072)
Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

Attorneys for Defendants
Forever 21, Inc., Forever 21 Retail,
Inc., Forever 21 Logistics, LLC,
Do Won Chang and Jin Sook Chang

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
ANNA SUI CORP.,                                                :
                                                               :     07 Civ. 3235 (TPG) (JCF)
                                    Plaintiff,                 :
                                                               :
         -v-                                                   :
                                                               :
FOREVER 21, INC., FOREVER 21 RETAIL,                           :
INC., FOREVER 21 LOGISTICS, LLC,                               :
DO WON CHANG, JIN SOOK CHANG,                                  :
GADZOOKS, INC., GERALD P. SZCZEPANSKI                          :
and JOHN DOES 1 to 20,                                         :
                                                               :
                                    Defendants.                :
---------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS CLAIMS 2, 3, AND 4 OF PLAINTIFF'S
FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................... i,ii

BASIS OF THIS MOTION ..................................................................... 2

PRELIMINARY STATEMENT ............................................................... 2

ARGUMENT............................................................................................ 3

    I.    The Preemption Doctrine Under §301 of the Copyright Act........................... 3

    II.    Plaintiff's Claim of Unfair Competition and False Designation of Origin or Sponsorship in Violation of 15 U.S.C. §1125(a)......................... 4

        A.    Plaintiff's Claim of Unfair Competition and False Designation of Origin or Sponsorship in Violation of 15 U.S.C. §1125(a) Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) Because it is Preempted by §301 of the Copyright Act........................ 4

        B.    Plaintiff's Claim of Unfair Competition and False Designation of Origin or Sponsorship in Violation of 15 U.S.C. §1125(a) Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Upon Which Relief can be Granted................................... 6

    III.    Plaintiff's Claim of Unlawful Trade Practices ........................................... 8

        A.    Plaintiff's Claim of Unlawful Trade Practices Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) Because it is Preempted by §301 of the Copyright Act................................................................ 8

        B.    Plaintiff's Claim of Unlawful Trade Practices Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Upon Which Relief can be Granted................................................. 9

    IV.    Plaintiff's Claim of Common Law Unfair Competition............................. 10

        A.    Plaintiff's Claim of Common Law Unfair Competition Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) Because it is Preempted by §301 of the Copyright Act........................................ 10

        B.    Plaintiff's Claim of Common Law Unfair Competition Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Upon Which Relief can be Granted................................ 12

CONCLUSION........................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**                                                                                                      **Page(s)**

*American Movie Classics Co. v. Turner Entertainment Co.*, 922 F. Supp. 926, 933 (S.D.N.Y.1996).................................................................................................. 12

*Armstrong v. Virgin Records, Ltd.*, 91 F.Supp.2d 628, 633 (S.D.N.Y.2000)..................... 5

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004).......... 3,8,11

*Capital Records, Inc. v. Wings Digital Corp.*, 218 F. Supp. 2d 280,285-86 (S.D.N.Y.2002)................................................................................................................ 9

*Chivalry Film Productions v. NBC Universal, Inc.* 2006 WL 89944 (S.D.N.Y. 2006)......... 5

*Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d. 693, 716 (2d Cir. 1992)............... 3,8,11

*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, at 33, 37 (2003) ............. 5

*Eliya, Inc v. Kohl's Dept. Stores* 2006 WL 265196 (S.D.N.Y.2006)...........................10

*E.R. Squibb & Sons V. Cooper Laboratories, Inc.*, 536 F. Supp. 523, 526 (S.D.N.Y.1982)................................................................................................................ 12

*eScholar LLC v. Otis Educational Systems, Inc.*, 387 F. Supp. 2d 329, 331 (S.D.N.Y. 2005)....................................................................................................................... 3

*Faulkner v. National Geographic Society*, 211 F. Supp. 2d 450 (S.D.N.Y. 2002).............. 3

*Flaherty v. Filardi* 388 F.Supp.2d 274 (S.D.N.Y. 2005).................................................. 6

*Harlequin Enterprises, Ltd. v. Gulf & Western Corp*, 644 F.2d 946 (2d Cir. 1981)........... 12

*Hudson v. Image Entm't Corp.* 128 Fed Appx. 178, 179 (2d Cir. 2005)........................ 11

*Kregos v. Associated Press* 3 F3 3d 656, 666 (2nd Cir. 1993) ................................. 11,12

*Lipton v. The Nature Co.*, 71 F.3d 464, 473 (2d Cir.1995)............................................. 6

*Maurizio v. Goldsmith v.* 230 F.3d 518, 521 (2d Cir.2000).............................................. 9

*NBA v. Motorola, Inc.* 105 F.3d 841, 848 (2d Cir. 1997)................................................ 3

i

# TABLE OF AUTHORITIES

**Cases**                  **Page(s)**

*Olay Co. v. Cocacare, Inc.*, 218 U.S.P.Q. 1028, 1036
(S.D.N.Y.1983)............................................................................................. 12

*Orange County Choppers, Inc. v. Olaes Enterprises Inc.*, 497 F. Supp. 2d 541
(S.D.N.Y. 2007).................................................................................... ...3,8,9

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
85 N.Y. 2d 20, 623 N.Y.s.2d 529, 647 N.E.2d 741, 744 (1995)........................ 9

*Ralston Purina Co. v. Thomas J. Lipton, Inc.*, 341 F. Supp. 129, 133, 173 USPQ 820, 823
(S.D.N.Y. 1972)............................................................................................. 7

*Roy Export Company Establishment of Vaduz, Liechtenstein v. CBS, Inc.* 672 F2d
1095, 1106 (2d Cir. 1982)............................................................................. 11

*Securitron Magnalock Corp v. Schnabolk,* 65 F.3d 256, 264 (2d Cir.1995)..................... 9

*Something Old, Something New, Inc. v. UVC, Inc.*, No.98 Civ. 7450,
1999 WL 1125063......................................................................................... 9

*Weber v. Geffen Records, Inc.*, 63 F. Supp.2d 458, 463-464 (S.D.N.Y.1999).................... 4

BASIS FOR THIS MOTION

Defendants Forever 21, Inc., Forever 21 Retail, Inc., Forever 21 Logistics, LLC, Do Won Chang, and Jin Sook Chang (collectively hereinafter referred to as "Defendants"), move to dismiss Plaintiff Anna Sui Corp.'s (hereinafter referred to as "Plaintiff") claims for Unfair Competition and False Designation of Origin or Sponsorship in violation of 15 U.S.C. §1125(a), Unlawful Trade Practices in violation of New York General Business Law §349, and Common Law Unfair Competition in violation of New York State law (claims 2 through 4 of the First Amended Complaint, respectively) for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and because the claims are preempted under Section 301 of the Copyright Act, 17 U.S.C. §301.

PRELIMINARY STATEMENT

Plaintiff's First Amended Complaint alleges four separate claims of action (1) Copyright Infringement in violation of 17 U.S.C. §101, et seq., (2) Unfair Competition and False Designation of Origin or Sponsorship in violation of 15 U.S.C. §1125(a), (3) Unlawful Trade Practices in violation of New York General Business Law §349, and (4) Common Law Unfair Competition in violation of New York State law. Notwithstanding Plaintiff's four separate claims, it alleges as the basis for each and every claim its right to reproduce, distribute, and make derivative works of its allegedly original copyrighted designs. All four claims allege that Defendants copied and used Plaintiff's copyrighted designs. The claims do not allege any activity distinct from the alleged violation of Plaintiff's rights under the Copyright Act. Each claim is based solely upon allegations that Defendants unlawfully copied the "Sui Designs" and distributed them through the "Infringing Products." Therefore, the nature of each claim is identical, the acts alleged as the basis for each claim are essentially identical, and the relief

2

requested for each claim is virtually identical. As such, Plaintiff's claims for Unfair Competition and False Designation of Origin or Sponsorship, Unlawful Trade Practices, and Common Law Unfair Competition must be dismissed because they fail to state a claim upon which relief can be granted and are preempted under §301 of the Copyright Act.

## ARGUMENT

I.   The Preemption Doctrine Under §301 of the Copyright Act

The 1976 Copyright Act provides for preemption of claims that seek to vindicate rights "equivalent to any of the exclusive rights within the general scope of copyright" as specified within the Act. 17 U.S.C. §301 (a); *see also eScholar LLC v. Otis Educational Systems, Inc.*, 387 F. Supp. 2d 329, 331 (S.D.N.Y. 2005); *Orange County Choppers, Inc. v. Olaes Enterprises Inc.*, 497 F. Supp. 2d 541 (S.D.N.Y. 2007). Claims are preempted when "(1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§102 and 103, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. §106." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004); *NBA v. Motorola, Inc.* 105 F.3d 841, 848 (2d Cir. 1997).

In addition, the Second Circuit has adopted what is known as the "extra element" test to determine whether state law rights are equivalent to the exclusive rights within the scope of copyright law. *Faulkner v. National Geographic Society*, 211 F. Supp. 2d 450 (S.D.N.Y. 2002). A claim is not preempted if the "extra element" changes the "nature of the action so that it is *qualitatively* different from a copyright infringement claim." *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d. 693, 716 (2d Cir. 1992). To determine whether a claim is qualitatively

3

different, the court considers "what [the] plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced." *Briarpatch* at 306 (quoting *Altai, 982 F.2d at 716).*

II. Plaintiff's Claim of Unfair Competition and False Designation of Origin or Sponsorship in Violation of 15 U.S.C. §1125(a)

   A. Plaintiff's Claim of Unfair Competition and False Designation of Origin or Sponsorship in Violation of 15 U.S.C. §1125(a) Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) Because it is Preempted by §301 of the Copyright Act

Plaintiff's Unfair Competition and False Designation of Origin claim alleges that Defendants unfairly competed with Plaintiff by copying Plaintiff's designs; clearly a copyright claim. Plaintiff's Unfair Competition claim pursuant to Section 43(a) must be dismissed because the claim is predicated upon the same conduct as the underlying copyright claim, e.g., the unfair competition claim arises due to Defendants' alleged copying, exhibiting, transmitting, displaying, or distributing the Sui Designs. Such a claim is nothing more than a reincarnation of the copyright claim.

The preemption doctrine applies to federal claims brought under the Lanham Act §1125(a). When Plaintiff's claim is nothing more than a copyright claim dressed up in different clothing, the claim must be preempted. Courts of this district have barred Lanham Act claims where the trademark allegations merely restate the allegations of the copyright claim, and in particular, fail to show the "requisite affirmative action of falsely claiming originality beyond that implicit in any allegedly false copyright." *Weber v. Geffen Records, Inc.,* 63 F.Supp.2d 458, 463-464 (S.D.N.Y.1999) (in order for a Lanham Act claim to survive in addition to a copyright claim, "an aggrieved author must show more than a violation of the author's protected right to

4

credit and profit from a creation. The author must make a greater showing that the designation of origin was false, was harmful, and stemmed from some affirmative act whereby [the defendant] affirmatively <u>represented itself as the owner</u>."); *Armstrong v. Virgin Records, Ltd.*, 91 F.Supp.2d 628, 633 (S.D.N.Y. 2000) (finding that attribution of song authorship to defendant "does not venture beyond that implicit in any allegedly false copyright") (emphasis added); *Chivalry Film Productions v. NBC Universal, Inc.*, 2006 WL 89944 (S.D.N.Y. 2006) (dismissing with prejudice Plaintiff's 43(a) claim because the count failed to state a claim distinct from the copyright infringement claim.); *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, at 33, 37 (2003) (Lanham Act protects only "the producer of ... tangible goods that are offered for sale, and not ... the author of any idea, concept, or communication embodied in those goods. The right to copy creative works, with or without attribution, is the domain of copyright, not of trademark or unfair competition.").

Here, Plaintiff's entire First Amended Complaint is replete with allegations of copyright infringement of the "Sui Designs." The Sui Designs are defined as "unique and original print and fabric designs." (First Amended Complaint ¶ 17). Although Plaintiff states that it owns "numerous trademark registrations for its mark ANNA SUI," (First Amended Complaint ¶ 17) it does not assert these registrations.[1] Nor are there any facts plead that Defendants use the mark ANNA SUI or a mark confusingly similar thereto.

Simply put, Plaintiff owns no trademark rights in the fabric prints at issue in this lawsuit. That is why Plaintiff has attempted an end-run around the Copyright Statute by dressing up its copyright claim as an unfair competition/false designation of origin claim. The facts alleged in Plaintiff's First Amended Complaint all speak to copyright claims, not to Lanham Act claims.

---

[1] The reason Plaintiff does not assert its trademark registrations for the word mark "ANNA SUI" is simple – Defendants do not use this mark or any other mark that is confusing similar thereto.

5

For these reasons, this Court should find that Plaintiff's claims brought under the Lanham Act are preempted by the Copyright Statute.

> B. Plaintiff's Claim of Unfair Competition and False Designation of Origin or Sponsorship in Violation of 15 U.S.C. §1125(a) Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Upon Which Relief can be Granted

Even if Plaintiff's Lanham Act claim is found not to be preempted, Plaintiff has failed to properly plead this claim and it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to plead facts sufficient to state a claim upon which relief can be granted.

To prevail on a claim for unfair competition under the Lanham Act, a plaintiff must plead and prove that (1) the work at issue originated with the plaintiff, (2) the origin of the work was falsely designated by the defendant, (3) the false designation of origin was likely to cause consumer confusion, and (4) the plaintiff was harmed by the defendant's false designation of origin. 15 U.S.C. §1125(a); *Lipton v. The Nature Co.,* 71 F.3d 464, 473 (2d Cir.1995); *Flaherty v. Filardi* 388 F.Supp.2d 274 (S.D.N.Y. 2005).

Here, Plaintiff has not plead, nor could it prove, that Defendants have falsely designated their products as originating from Plaintiff, or that Plaintiff owns trade dress rights in the Sui Designs that are distinctive as to the source of Plaintiff's goods. Defendants' use Forever 21 trademarks on their goods and only sell their goods in their own retail stores and via their internet website. Defendants are in no way falsely designating their goods as those of Plaintiff.

Moreover, Plaintiff has not plead any facts nor submitted any evidence to support the notion that its alleged designs are inherently distinctive or have acquired secondary meaning. A trademark that is not inherently distinctive is registerable only after developing acquired distinctiveness or "secondary meaning," that is, proof that the mark has become distinctive as applied to the applicant's goods or services in commerce. 15 U.S.C. 1052(f). "The crux of the

6

secondary meaning doctrine is that the mark comes to identify not only the goods but the source of those goods." *Ralston Purina Co. v. Thomas J. Lipton, Inc.*, 341 F. Supp. 129, 133, 173 USPQ 820, 823 (S.D.N.Y. 1972).

The very nature of the Plaintiff's business, the fashion industry, dictates that designs, patterns, styles and fashion trends are changed yearly, sometimes even seasonally, such that any one design is unlikely to be used for any significant length of time. This standard practice evidences the lack of secondary meaning in each of the designs at issue in this matter, such that Plaintiff cannot prevail on a claim based on alleged trademark or trade dress rights, and Plaintiff has not plead any facts to the contrary.

Further, Plaintiff has plead no facts that support its position that Defendants' alleged copyright infringements of the Sui Designs are likely to cause confusion in the marketplace. In fact, given the facts of this case it is almost inconceivable for Plaintiff to assert a likelihood of confusion. Plaintiff's counsel has represented and alleged to this Court on several occasions that Defendants are known to be 'knock-off' specialists. In which case, any consumer purchasing a garment being sold by Defendants, garments which are only sold in its own Forever 21 stores or on its proprietary website, is not seriously going to believe it is purchasing an Anna Sui garment - price alone will eliminate any possible confusion. As such, Plaintiff's false designation of origin claim must be dismissed as Plaintiff does not own any trademark rights or trade dress rights in the fabric designs at issue in this lawsuit.

Accordingly, Plaintiff's Second Claim for Unfair Competition and False Designation of Origin should be dismissed in its entirety, with prejudice, as it is preempted by the Copyright Act, and because Plaintiff has failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

III.  Plaintiff's Claim of Unlawful Trade Practices

    A. Plaintiff's Claim of Unlawful Trade Practices Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) Because it is Preempted by §301 of the Copyright Act

Plaintiff's Third Claim alleges that Defendants' use of the Sui Designs is likely to deceive consumers into believing the Infringing Products are associated with Plaintiff. (First Amended Complaint ¶ 70). Plaintiff's claim, yet again, is predicated on the act of reproduction of the Sui Designs. This claim is redundant of the First Claim, seeks to recover for the same acts Plaintiff alleges constitute its claim for copyright infringement, fits squarely in the doctrine of preemption and should be dismissed from this action.

Plaintiff's unsupported allegations that Defendants' actions are "likely to deceive consumers" can not support its Unlawful Trade Practices Claim. Further, the alleged conduct is simply Defendants' alleged use of the Sui Designs. (First Amended Complaint ¶ 70). When a claim seeks recovery under state law for the same acts that constitute the alleged infringement of copyright, it is pre-empted by the Copyright Act. *See, e.g., Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004) (determining whether a state law claim is preempted, the court takes "a restrictive view" of extra elements that might make a state law claim different from a federal one).

Moreover, in *Orange County Choppers, Inc. v. Olaes Enterprises Inc.*, the court held that an "action will not be saved from preemption by elements such as awareness or intent, which alter 'the action's scope but not its nature'." 497 F. Supp. 2d 541 (S.D.N.Y. 2007) (citing *Computer Associates, Inc.* at 717). Thus, Plaintiff's allegation of Defendants' "knowing unauthorized use" is simply puffery and does not save the claim from being the subject of preemption. (First Amended Complaint ¶ 69).

8

This claim is indistinguishable from Plaintiff's alleged copyright claim, and the analysis expressed by the court in *Orange County Choppers, Inc., supra* should be followed. Plaintiff has not claimed, nor do the facts support a claim, that Defendants' actions did in fact cause a single consumer to be deceived as to the source of the parties' products.

Moreover, Plaintiff's requested relief from this claim is that this Court enter "an injunction prohibiting Defendants from using the "Sui Designs" or any designs substantially similar thereto" (see Plaintiff's First Amended Complaint ¶ 74); this is merely a copyright claim and remedy disguised as an unlawful trade practice claim. Therefore, Plaintiff's claim under §349 is merely a restatement of its copyright infringement claim and is, properly, the subject of preemption.

> B. Plaintiff's Claim of Unlawful Trade Practices Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Upon Which Relief can be Granted

Even assuming the claim is not preempted by §301, Plaintiff has failed to properly plead a claim under §349 of the New York General Business Law. To establish a *prima facie* case for a claim of deceptive trade practices under §349, a claimant must allege that "(1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." *Maurizio v. Goldsmith,* 230 F.3d 518, 521 (2d Cir. 2000); *see also Capitol Records, Inc. v. Wings Digital Corp.,* 218 F. Supp. 2d 280, 285-86 (S.D.N.Y. 2002); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.,* 85 N.Y.2d 20, 623 N.Y.S.2d 529, 647 N.E.2d 741, 744 (1995). "[T]he gravamen of the Complaint must be consumer injury or harm to the public interest." *Something Old, Something New, Inc. v. QVC, Inc.,* No. 98 Civ. 7450, 1999 WL 1125063, at *11 (S.D.N.Y. Dec. 8, 1999) (quoting *Securitron Magnalock Corp. v. Schnabolk,* 65 F.3d 256, 264 (2d Cir.1995)).

9

Plaintiff has not plead injury to the public, nor has Plaintiff alleged the Defendants' alleged acts were deceptive or directed at consumers. To the contrary, Plaintiff merely alleges the use of its designs is in "direct <u>competition</u> with the Sui Products" thus alleging that the acts are directed at Plaintiff and not consumers. (See First Amended Complaint ¶ 69) (emphasis added).

Section 349 "is, at its core, a consumer protection device," not a tool to resolve disputes between competitors. *Eliya, Inc. v. Kohl's Dept. Stores* 2006 WL 2645196 (S.D.N.Y. 2006) (citing *Securitron Magnalock Corp. v. Schnabolk,* 65 F.3d 256, 264 (2d Cir.1995). Therefore, for the statute to apply, a plaintiff must establish a "direct harm to consumers" that is greater than the "general consumer confusion." *Id.* at *7.

Plaintiff has not claimed, nor do the facts support a claim, that Defendants' actions have or will have a deceptive effect on consumers. Accordingly, Plaintiff's Third Claim for Unlawful Trade Practices should be dismissed in its entirety, with prejudice, as it is preempted by the Copyright Act, and because Plaintiff has failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

IV. <u>Plaintiff's Claim of Common Law Unfair Competition</u>

  A. Plaintiff's Claim of Common Law Unfair Competition Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) Because it is Preempted by §301 of the Copyright Act

The Fourth Claim in Plaintiff's First Amended Complaint alleges that Defendants unfairly competed with Plaintiff by copying Plaintiff's designs and offering for sale products bearing such designs. (See Plaintiff's First Amended Compliant ¶¶ 76 and 77).

It is well settled that unfair competition and misappropriation claims grounded solely in

10

the copying of a "plaintiff's protected expression" are preempted by the Copyright Act. *Hudson v. Image Entm't Corp.* 128 Fed. Appx. 178, 179 (2d Cir. 2005) (holding the particular work (copyrighted script) to which the state law claim is being applied falls within the type of works protected by the Copyright Act); *Orange County Choppers, Inc. v. Olaes Enterprises Inc.* 497 F. Supp. 2d 541 (S.D.N.Y. 2007) ("It is axiomatic that "unfair competition and misappropriation claims grounded solely in the copying of a "plaintiff's protected expression" are preempted" quoting *Samara Bros); Kregos v. Associated Press* 3 F.3d 656, 666 (2nd Cir. 1993) (common law of unfair competition in New York requires proof of no element that is in excess of those elements necessary to establish a copyright-infringement action. Plaintiff's unfair-competition and misappropriation claims, based solely on the copying of the protected expression in his forms, are preempted); *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir.2004); *Computer Assocs. Int'l v. Altai, Inc.*, 982 F.2d 693, 717 (2d Cir.1992) (noting that application of this "extra element" test has led to holdings that §301 preempts unfair competition and misappropriation claims grounded solely in the copying of a plaintiff's protected expression); *Roy Export Company Establishment of Vaduz, Liechtenstein v. CBS, Inc.* 672 F.2d 1095, 1106 (2d Cir. 1982) (unfair competition claim preempted where the underlying conduct is based on the same conduct on which a claim for copyright infringement is based).

The same principles apply in this case to Plaintiff's Unfair Competition claim. On its face, the Fourth Claim merely restates the claim that the Defendants copied and distributed goods bearing the Sui Designs. Plaintiff's common law unfair competition claim seeks to protect the same material - the Sui Designs; in the same manner - by prohibiting the copying, exhibition,

transmission, display and distribution of the Sui Designs; by enforcing the same rights - Plaintiff's exclusive right to copy and distribute the Sui Designs; and seeks identical relief - an injunction prohibiting the use of the Sui Designs. This claim mirrors Plaintiff's copyright claim and is precisely the type of claim to which the preemption doctrine is intended to apply. See *American Movie Classics Co. v. Turner Entertainment Co.*, 922 F. Supp. 926, 933 (S.D.N.Y.1996) (holding that unfair competition claim was preempted by the Copyright Act).

> B. Plaintiff's Claim of Common Law Unfair Competition Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Upon Which Relief can be Granted

The standard for unfair competition claims under New York law is virtually the same as §43(a) claims under the Lanham Act. *Kregos v. Associated Press* 795 F.Supp. 1325; *E.R. Squibb & Sons v. Cooper Laboratories, Inc.*, 536 F.Supp. 523, 526 (S.D.N.Y.1982). The essence of both causes of action is the likelihood that the public will be confused as to the source of the allegedly infringing product. *Id.; Olay Co. v. Cocacare, Inc.*, 218 U.S.P.Q. 1028,1036 (S.D.N.Y.1983) (citing *Harlequin Enterprises, Ltd. v. Gulf & Western Corp*, 644 F.2d 946 (2d Cir.1981)). Therefore, as discussed above, for the same reasons as this Court should dismiss Plaintiff's Section 43(a) claim, it should also dismiss Plaintiff's claim for common law Unfair Competition.

## CONCLUSION

For the foregoing reasons, Defendants move this Court to dismiss Plaintiff's claims for Unfair Competition and False Designation of Origin or Sponsorship (Second Claim of the First Amended Complaint), Unlawful Trade Practices (Third Claim of the First Amended Complaint), and Common Law Unfair Competition (Fourth Claim of the First Amended Complaint) under

Fed. R. Civ. P. 12 (b)(6) for failure to state a claim upon which relief can be granted and/or preemption under Section 301 of the Copyright Act, 17 U.S.C. §301.

Dated: June 20, 2008

Respectfully submitted,

Powley & Gibson, P.C.

By:     <u>s/ Robert L. Powley</u>
Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
David J. Lorenz (DL 3072)

304 Hudson Street, 2nd Floor
New York, New York 10013
Phone: 212-226-5054
Fax:   212-226-5085

Attorneys for Defendants
Forever 21, Inc., Forever 21 Retail
Inc., Forever 21 Logistics, LLC,
Do Won Chang and Jin Sook Chang

13

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CLAIMS 2, 3, AND 4 OF PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(6) was served upon counsel for Plaintiff by ECF and by Hand on this 20th day of June 2008, addressed as follows:

        Marya Lenn Yee, Esq.
        DONOVAN & YEE LLP
        The Soho Building
        110 Greene Street, Suite 700
        New York, New York 10012
        (212) 226-7700

_____
Julio M. Lopez