UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ANNA SUI CORP.,

                **Plaintiff,**

    -v.-

                                       07 Civ. 3235 (TPG)

FOREVER 21, INC., FOREVER 21 RETAIL, INC.,
FOREVER 21 LOGISTICS, LLC,
DO WON CHANG, JIN SOOK CHANG,
GADZOOKS, INC., GERALD P. SZCZEPANSKI
and JOHN DOES 1 to 20,

                **Defendants.**
------------------------------------------------------------------x

## DECLARATION OF MARYA LENN YEE IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTEMPT AND OTHER RELIEF

MARYA LENN YEE declares the following to be true under the penalties of perjury:

1. I am an attorney admitted to practice before the courts of New York, and a member of the law firm Donovan & Yee LLP, attorneys of record for Plaintiff Anna Sui Corp. ("Plaintiff").

2. I make this declaration in support of Plaintiff's Motion for Contempt and Other Relief (hereinafter "Motion for Contempt") pursuant to Rule 37 of the Federal Rules of Civil Procedure.

3. As this Court well knows, this litigation revolves around Defendants' repeated willful infringement of Plaintiff's copyrighted print and fabric designs (the "Sui Designs"). To date, Defendants stand accused of almost five dozen infringements of the Sui Designs (the "Infringing Designs") - those annexed as exhibits to Plaintiff's First Amended Complaint (the "First Amended Complaint") filed on June 26, 2007, and

additional Infringing Designs offered for sale in Forever 21 stores and on the Forever 21 website by Defendants after the First Amended Complaint was served and filed (as detailed in Plaintiff's correspondence with this Court and opposing counsel).

4. In order to redress Defendants' conduct and abate future infringements, Plaintiff filed a Motion for Expedited Discovery on December 10, 2007. Your Honor denied Plaintiff's Motion, but with leave to renew in the event that Plaintiff discovered any additional infringement by Defendants. A true and correct copy of the December 19, 2007 Order is annexed hereto as Exhibit A.

5. On April 14, 2008, while making an ordinary periodic review of Defendants' website, Plaintiff discovered yet *another* blatant and willful infringement by Defendants, which led to Plaintiff's Renewed Motion for Expedited Discovery, filed on April 16, 2008.

6. In response to Plaintiff's Renewed Motion for Expedited Discovery, this Court entered an Order dated April 18, 2008 (the "April 18 Order"), a true and correct copy of which is annexed hereto as Exhibit B. The April 18 Order required Defendants to deliver certain documents to Plaintiff on an expedited basis, the purpose of which *inter alia* was to provide Plaintiff with the necessary information to seek injunctive relief should Defendants have additional infringements of the Sui Designs in their pipeline.

7. The Court gave Defendants twenty business days, or until June 6, 2008, to comply with the terms of the April 18 Order. A true and correct copy of the May 8, 2008 Order is annexed hereto as Exhibit C.

8. On June 6, 2008, I received a letter from Defendants' counsel enclosing a mere 39 pages of documents (several of which were duplicates) responsive to the

documents demanded in Paragraphs 1, 2, 4 and 5 of the April 18 Order. For access to the remaining documents (hereinafter, the "Paragraphs 3 and 6 Discovery") Defendants unilaterally placed unwarranted and unlawful restrictions on Plaintiff. True and correct copies of Defendants' June 6, 2008, letter and Plaintiff's response are annexed hereto as Exhibit D.

9. Defendants' unilateral restrictions prohibited Plaintiff from obtaining any copies of the Paragraphs 3 and 6 Discovery. The documents offered for inspection were not originals from which copies would be difficult or ungainly to produce. They were poor quality redacted documents, for which the failure of copies prevented Plaintiff from utilizing the Paragraphs 3 and 6 Discovery as effective evidence for a motion for a preliminary injunction before this Court. Defendants' unilateral copying ban is in direct violation of the April 18 Order, Rule 34 of the Federal Rules of Civil Procedure and the Stipulated Protective Order entered by this Court on November 27, 2007.

10. Plaintiff objected to Defendants' unilateral restrictions on the copying of the Paragraphs 3 and 6 Discovery, but in an effort to move the process along, proceeded with an initial review in hopes of limiting this Court's involvement in ordering a proper production. The initial review was conducted by Plaintiff's counsel on June 11 and 12 at its offices.

11. Most of Defendants' Paragraphs 3 and 6 Discovery production was comprised of one particular type of document: a single page with six pictures of Forever 21 garments (without item codes or any other information sufficient for Plaintiff to identify the garment). They were reduced and redacted copies of copies and of such poor quality that it was impossible for Plaintiff to ascertain whether many of the garments

3

presented were in fact prints which copied the Sui Designs. All documents made available for inspection by Defendants were in black and white and appeared to have been copied many times over before production, thus exacerbating the poor quality of the documents.[1] A sample page created by Plaintiff is annexed hereto as Exhibit E.

12.     Annexed hereto as Exhibit F is a list of the delivered Paragraphs 3 and 6 Discovery inspected by Plaintiff for which Plaintiff needs more information and clearer pictures in order to determine whether they infringe the Sui Designs.

13.     There were numerous additional unwarranted and unlawful limitations in the production, all calculated to frustrate Plaintiff's efforts to seek appropriate relief. For example, Defendants' counsel presented the Paragraphs 3 and 6 Discovery to Plaintiff in stacks, withholding others so there was no opportunity for simultaneous and comparative reviews. The discovery was also not presented in bates-stamped order, without explanation. Plaintiff was therefore forced to keep track of the missing bates-ranges (by Plaintiff's calculation approximately 148 pages were missing from Defendants production without explanation). Annexed as Exhibit G, is a chart showing the order in which Defendants' made the Paragraphs 3 and 6 Discovery available for inspection, along with the missing bates-ranges.

14.     Defendants' complete and utter failure to abide by Paragraphs 3 and 6 of the April 18 Order should be enough to warrant an Order of Contempt; however their concurrent refusal to abide by even the most basic provisions of the April 18 Order highlights their intentional disregard. For example, Paragraphs 4 and 5 of the April 18

---

[1] In order to keep track of the Forever 21 garments pictured in the Paragraphs 3 and 6 Discovery that may constitute additional Infringing Designs, Plaintiff created its own identification system. For the documents on which Defendants listed only six Forever 21 garments, Plaintiff designated a letter, starting with the letter A, for each garment. *See* Exhibit E.

4

Order directed Defendants to produce unredacted versions of their internal I.B.D. Cost Sheets for each of the Infringing Designs heretofore identified. Of the approximately fifty-eight (58) Infringing Designs at issue in this case, Defendants' delivery failed to produce unredacted versions of their I.B.D. Cost Sheets for at least thirty-four (34) of the Infringing Designs. Annexed as Exhibit H is a list of Infringing Designs, identified by Forever 21 item code, for which Defendants' failed to produce unredacted I.B.D. Cost Sheets, without explanation and in direct violation of Paragraphs 4 and 5 of the April 18 Order.

15.     Defendants were also required, pursuant to Paragraphs 1 and 2 of the April 18 Order, to produce unredacted versions of the Forever 21 All Inventory & Sales Distribution Summaries, or a report providing identical information, for each of the Infringing Designs heretofore identified. Defendants failed to produce the All Inventory & Sales Distribution Summaries, or a report providing identical information, for at least 7 Infringing Designs, in direction violation of paragraphs 1 and 2 of the April 18 Order. Annexed as Exhibit I is a list of Infringing Designs, identified by Forever 21 item code, for which Defendants' failed to produce unredacted All Inventory & Sales Distribution Summaries, or a report providing identical information, without explanation and in direct violation of Paragraphs 1 and 2 of the April 18 Order.

16.     With respect to the Infringing Designs for which Defendants did produce a report listing similar information as the All Inventory & Sales Distribution Summaries (the "Supplemental Report"), for at least sixteen (16) of the Infringing Designs, the information provided in the Supplemental Report produced on June 6 was materially different from the initial All Inventory & Sales Distribution Summaries originally

produced by Defendants, again in direct violation of Paragraphs 1 and 2 of the April 18 Order. Annexed hereto as Exhibit J is a list of Infringing Designs, identified by Forever 21 item code, for which the Supplemental Report differs from the All Inventory & Sales Distribution Summaries, without explanation and in direct violation of Paragraphs 1 and 2 of the April 18 Order.

17. Indeed, Defendants have now requested that Plaintiff return the "inadvertently" previously delivered All Inventory & Sales Distribution Summaries, arguing that the Supplemental Reports made June 6 supply the identical information. *See* Exhibit K. The Supplemental Reports do not supply identical information and Defendants are in continued noncompliance with this delivery.

18. Together with their failed deliveries, Defendants have also recently beleaguered Plaintiff with demands for discovery unrelated to the April 18 Order, in direct violation of this Court's suspension of all other discovery. *See* Exhibit L. No further prosecution of Defendants' efforts to sidetrack this case should be allowed until the issues to be addressed by the April 18 Order are satisfactorily resolved. Defendants have blatantly and willfully disregarded each and every provision of this Court's April 18 Order and should be held in contempt.

19. No prior request for this relief has been made by Plaintiff.

Dated: New York, New York
    June 23, 2008

_____
MARYANN LENN YEE

6