Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
David J. Lorenz (DL 3072)
Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

Attorneys for Defendants
Forever 21, Inc., Forever 21 Retail,
Inc., Forever 21 Logistics, LLC,
Do Won Chang and Jin Sook Chang

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
ANNA SUI CORP.,                                       :
                                                      :        07 Civ. 3235 (TPG)(JCF)
                            Plaintiff,                :
                                                      :
        -v-                                           :
                                                      :
FOREVER 21, INC., FOREVER 21 RETAIL,                  :
INC., FOREVER 21 LOGISTICS, LLC,                      :
DO WON CHANG, JIN SOOK CHANG,                         :
GADZOOKS, INC., GERALD P. SZCZEPANSKI                 :
and JOHN DOES 1 to 20,                                :
                                                      :
                            Defendants.               :
---------------------------------------------------------------x

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO DISMISS CLAIMS 2, 3, AND 4 OF PLAINTIFF'S
FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON
WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV.P. 12(b)(6)**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES                                                                                  i, ii

PRELIMINARY STATEMENT                                                                         1

ARGUMENT                                                                                                       2

    I.    Plaintiff's Unfair Competition And False Designation Of Origin Claims Under The Lanham Act Must Be Dismissed As Foreclosed Pursuant To Supreme Court Authority                                                                                                   2

    II.   Anna Sui's State Law Claims For Unfair Competition And Unlawful Trade Practices, Premised On Reverse Passing Off, Must Fail Because Such Claims Are Pre-empted By Federal Copyright Law                                          7

    III.  Plaintiff Has Failed To State A Cause Of Action Upon Which Relief Can Be Granted For Unlawful Trade Practice Under New York Law      9

CONCLUSION                                                                                                    10

# TABLE OF AUTHORITIES

**Cases** — Page(s)

*American Movie Classics Company v. Turner Entertainment Co.*, 922 F.Supp. 926 (S.D.N.Y. 1996) — 7, 8, 9

*Atrium Group v. Abrams*, ___ F.Supp.2d ___, 2008 WL 2743517 (S.D.N.Y. 2008) — 3, 4

*Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) — 2

*Colour & Design v. U.S. Vinyl Manufacturing Corp.*, No. 04-CIV-8332 at *6, 2005 WL 1337864 (S.D.N.Y., June 3, 2005) — 8

*Contractual Obligation Productions, LLC v. AMC Networks, Inc.*, 546 F.Supp.2d 120 (S.D.N.Y. 2008) — 4

*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 439 U.S. 23, 123 S.Ct. 2041 (2003) — 1-6

*Eliya, Inc. v. Kohl's Department Stores*, No. 06-CIV-195 at *2, 2006 WL 2645196 (S.D.N.Y. Sept. 13, 2006) — 5, 8, 9

*Feiner v. N.Y. Times Co.*, No. 07-CIV-11218, 2008 WL 2963550 (S.D.N.Y. Aug. 1, 2008) — 4

*Fun-Damental Too, Ltd. v. Gemmy Industries Corp.*, No. 96-1103, 1996 WL 724734, at *2 (S.D.N.Y. Dec. 17 1996) — 8

*Hanly v. Powell Goldstein, L.L.P.*, Nos. 07-CIV-1440, 07-CIV-1591, 2008 WL 3992539 (2d Cir. 2008) — 2

*Integrative Nutrition Inc. v. Academy of Healing Nutrition*, 476 F.Supp. 2d 291, 297 (S.D.N.Y. 2007) — 7

*Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997) — 5

*Saratoga Vichy Spring Co., Inc. v. Lehman,* 491 F.Supp. 141, 12 U.S.P.Q.2d 1161 (S.D.N.Y. 1979) — 2

*Scholastic, Inc. v. Stouffer*, 124 F.Supp.2d 836 (S.D.N.Y. 2000) — 3

*Silverstein v. Penguin Putnam, Inc.*, 552 F.Supp.2d 579, 85 U.S.P.Q.2d 1559 (S.D.N.Y. 2007) — 7, 8

*Smith v. New Line Cinema*, No. 03-Civ-5274, 2004 WL 2049232 (S.D.N.Y. 2004) — 4

## TABLE OF AUTHORITIES

**Cases**   **Page(s)**

*SMJ Group, Inc. v. 417 Lafayette Restaurant LLC*, No. 06-CIV-1774, 2006 WL 2516519 at *5 (S.D.N.Y. Aug. 30, 2006) ... 9

*Sports Traveler, Inc. v. Advance Mag. Pub., Inc.*, No. 96-CIV-5150, 1997 WL 137443 (S.D.N.Y. Mar. 24, 1997) ... 9

*Thompson v. V.E.W. Ltd. et al.,* No. 06-CIV-15336 at *3, 2007 WL 1746739 (S.D.N.Y. June 15, 2007) ... 5

*Thomas Publishing Co., LLC. v. Technology Eval. Centers, Inc.,* No. 06-CIV-14212, 2007 WL 2193964 (S.D.N.Y. Jul. 27, 2007) ... 2, 4, 7

*U-Neek, Inc. v. Wal-Mart Stores, Inc.,* 147 F.Supp.2d 158, 2001 Copr.L.Dec. P 28,272 (S.D.N.Y. 2001) ... 7, 8

*Waldman Publishing Corp. v. Landoll, Inc.,* 848 F. Supp. 498, 505 (S.D.N.Y. 1994) ... 7, 8

*Wal-Mart Stores, Inc. v. Samara Brothers, Inc.,* 529 U.S. 205, 120 S. Ct. 1339 (2000) ... 5, 8

*Yurman Design, Inc. v. PAJ, Inc.,* 262 F.3d 101, 115-16 (2d Cir. 2001) ... 5

Defendants Forever 21, Inc., Forever 21 Retail, Inc., Forever 21 Logistics, LLC, Do Won Chang, and Jin Sook Chang (collectively hereinafter referred to as "Defendants"), respectfully submit this reply memorandum of law in further support of their motion to dismiss Plaintiff, Anna Sui Corp.'s (hereinafter referred to as "Anna Sui" or "Plaintiff") claims for Unfair Competition and False Designation of Origin or Sponsorship in violation of 15 U.S.C. 1125(a), Unlawful Trade Practices in violation of New York General Business Law, and Common Law Unfair Competition in violation of New York State law (claims 2 through 4 of the First Amended Complaint, respectively).

## PRELIMINARY STATEMENT

Anna Sui's claims for Unfair Competition (15 U.S.C.§ 1125 (a)), Common Law Unfair Competition, and New York State Unlawful Trade Practices should be dismissed with prejudice because they are contrary to Federal and State laws. At the core of this case are Anna Sui's allegations of copyright infringement. Anna Sui's papers stress alleged copyright violations of the "Sui Designs." Annexed to Anna Sui's Amended Complaint are copies of numerous Federal Copyright Registrations. The core facts and allegations giving rise to Anna Sui's claim – that Defendants copied Anna Sui's copyrighted fabric designs and sold goods encompassing the designs – all speak to copyright law.

Notwithstanding the obvious, now, in response to Defendants' motion to dismiss, and for the first time in this proceeding, Anna Sui raises the legal theory of "reverse passing off" in a futile effort to save its Unfair Competition and Unlawful Trade Practices claims from dismissal. It is clear that under federal law and New York State law these claims must be dismissed pursuant to *Dastar Corp. v. Twentieth Century Fox Film Corp.,* 439 U.S. 23, 123 S.Ct. 2041 (2003) and the preemption law governing New York State unfair competition claims.

1

**ARGUMENT**

I. **PLAINTIFF'S UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN CLAIMS UNDER THE LANHAM ACT MUST BE DISMISSED AS FORECLOSED PURSUANT TO SUPREME COURT AUTHORITY**

Here Anna Sui seeks to substantiate its unfair competition claims by alleging Defendants' "reverse passing off" of the "Sui Designs" and "silhouettes" by the selling of such designs in Forever 21's garments. (Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's Lanham Act and Common Law Claims ("Opposition") at pp. 7 and 11; Plaintiff's First Amended Complaint at ¶ 51). However, under the authority set forth by the Supreme Court's decision of *Dastar Corp. v. Twentieth Century Fox Film Corp.,* 439 U.S. 23, 123 S.Ct. 2041 (2003), Anna Sui's Lanham Act claims must fail, because "reverse passing off"[1] claims cannot be premised on the taking of intangible intellectual properties such as creative expressions or ideas. *See also Thomas Publishing Co., LLC. v. Technology Eval. Centers, Inc.,*

---

[1] We note that Anna Sui would not be able to successfully assert a more traditional trademark infringement or "passing off" claim because Anna Sui has alleged no facts that would support any recognizable trademark, trade dress or service mark rights in the "Sui Designs," nor has Anna Sui pled or offered any facts establishing any secondary meaning in the "Sui Designs." Indeed, the only materials offered in support of Anna Sui's unfair competition claims have been in the form of conclusory declarations submitted by Anna Sui's counsel with some news stories which fail to establish that any of the "Sui Designs" act in any way as a source identifier. Self-serving conclusory allegations unsupported by factual assertions, or legal conclusions masquerading as factual conclusions will fail even the liberal standard of Rule 12(b)(6) and are of no avail to Plaintiff. *See Hanly v. Powell Goldstein, L.L.P.*, Nos. 07-CIV-1440, 07-CIV-1591, 2008 WL 3992539 (2d Cir. 2008) ("[t]he line separating conclusory allegations from adequate ones is difficult to draw. But in our view, the relevant allegations in this case were clearly on one side of that line. Instead of alleging, for instance, what words were spoken or what actions were taken by Rawls to assist or encourage Zylberstein, the amended complaint asserts conclusions about how certain unspecified actions should be interpreted or labeled…. Merely reciting labels does not satisfy Rule 8(a)(2). *See Bell Atl. Corp. v. Twombly*, 127 S.Ct., 1955, 1964-65 (2007) ('[a] plaintiff's obligation to provide the grounds of his entitlement to relief [under Rule 8(a)(2)] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"). Here, the paltry allegations directed at the distinctiveness of Anna Sui's designs are conclusory in nature, incorporate legal conclusions, and are insufficient to support a trademark infringement or trade dress claim or a "passing off" claim. (Plaintiff's Amended Complaint ¶¶ 17-18, 61-80). Moreover, even if Anna Sui had made specific allegations as to secondary meaning, such allegations would not be borne out by the evidence because of the statement by Anna Sui's counsel that Anna Sui's garments are all unique and only have a shelf life of six to seven weeks. (Affirmation of Marya Yenn Lee filed December 10, 2007 in support of Plaintiff's Motion for Expedited Discovery). Establishing secondary meaning in six to seven weeks is virtually impossible. *See generally Saratoga Vichy Spring Co., Inc. v. Lehman,* 491 F.Supp. 141, 12 U.S.P.Q.2d 1161 (S.D.N.Y. 1979) ("it is doubtful that any product in a new and burgeoning market can acquire secondary meaning in such short time (three months for "Saratoga") [citations omitted]).

No. 06-CIV-14212, 2007 WL 2193964 (S.D.N.Y. Jul. 27, 2007) (plaintiff's Lanham Act claims, based on the taking of copyrighted material were foreclosed by *Dastar*.)

In *Dastar,* the Supreme Court limited the language of Lanham Act § 43(a) (codified as 15 U.S.C. § 1125(a)) to relate only to confusion as to the "origin" of the physical product, not as to confusion as to the source of any of the intangible expressions or ideas contained in a product:

> But as used in the Lanham Act, the phrase "origin of goods" is in our view incapable of connoting the person or entity that originated the ideas or communications that "goods" embody or contain. Such an extension would not only stretch the text, but it would be out of accord with the history and purpose of the Lanham Act and inconsistent with precedent. *Dastar, 123 S.Ct. at 2047.*

To hold otherwise, warned the Supreme Court, would be "akin to finding that § 43(a) created a species of perpetual patent and copyright, which Congress may not do." *Id*. at 37.

The Supreme Court's interpretation of Lanham Act § 43(a) in *Dastar* limits "reverse passing off" claims to situations where a plaintiff's actual physical goods (e.g., the physical dresses, as opposed to the floral designs of the dresses or the shape of the dresses) are re-branded and sold by a defendant. *Id*. at 2042-2043. Because the plaintiff's allegations of infringement in *Dastar* relate only to the plaintiff's *non-physical* creative expression which defendant used in defendant's own videos, there was no "passing off" of any of plaintiff's *physical* goods, and therefore the Supreme Court held that plaintiff's "reverse passing off" claim should have been dismissed by the lower court. *Id*.

Anna Sui argues the clearly rejected position in footnote 2 on page 11 of its Opposition that *Dastar* only relates to "copying of works that were in the public domain." However, as this Court ruled in *Atrium Group v. Abrams*, ___ F.Supp.2d ___, 2008 WL 2743517 (S.D.N.Y., July 11, 2008) *Dastar* bars "reverse passing off" claims premised on both copyrighted and uncopyrighted expressions. Moreover, this Court in *Atrium* expressly stated that the *Scholastic, Inc. v. Stouffer*, 124 F.Supp.2d 836 (S.D.N.Y. 2000) case (upon which Anna Sui heavily relies on

3

pages 12 and 13 of its Opposition to support contend that a reverse passing off claim under the Lanham Act is properly brought premised on the alleged taking of intangible creative expressions) is "pre-*Dastar*" and is "therefore no longer good law." *Atrium*, 2008 WL 2743517 at *7. Other decisions in this jurisdiction have followed and are consistent with the holding in *Dastar*. In *Smith v. New Line Cinema*, No. 03-Civ-5274, 2004 WL 2049232 (S.D.N.Y. 2004) this Court applied *Dastar* to infringement of a protectable screenplay, stating that "[a]s the Supreme Court recently made clear, the Lanham Act protects only 'the producer of the tangible goods that are offered for sale, and not … the author of any idea, concept or communication embodied in those goods." Accordingly, this Court in *Smith* found that, even assuming that plaintiff's work "was stolen and 'passed off' when [defendant's work] was released, [plaintiff's] claim is not actionable under the Lanham Act" because the Lanham Act does not apply to the taking of intangible expressions or communications. *Id*. at *4. *See also Feiner v. N.Y. Times Co.*, No. 07-CIV-11218, 2008 WL 2963550 (S.D.N.Y. Aug. 1, 2008) (*Dastar* forecloses reverse passing off claim premised on alleged taking of copyrighted Laurel and Hardy picture); *Thomas Publishing Co, LLC. v. Tech. Eval. Centers, Inc.,* No. 06-CIV-14212, 2007 WL 2193964 (S.D.N.Y. Jul. 27, 2007) (*Dastar* forecloses reverse passing off claim based on taking of copyrighted directory).

Anna Sui's contention as to the inapplicability of *Dastar* was again recently rejected by this Court in *Contractual Obligation Productions, LLC v. AMC Networks, Inc.,* 546 F.Supp.2d 120 (S.D.N.Y. 2008), which stated that "district court cases following *Dastar* have expressly rejected the argument that *Dastar* does not apply where, as here, the work in issue is copyrighted." Indeed, in *AMC Networks, Inc.,* this Court further found that the plaintiff's assertion against the weight of precedent that *Dastar* did not apply to copyrighted works, constituted bad faith meriting the award of defendant's attorneys fees in defending against the

4

Lanham Act claims. *Id*. Here, as in *AMC Networks, Inc.*, Anna Sui, fully cognizant of *Dastar* as demonstrated by its footnote on page 11 of Anna Sui's Opposition, either proceeds with its Lanham Act claim knowing that it is without merit or has failed to perform the minimal legal analysis required by Fed. R. Civ. P. 11.

Again, Anna Sui also places unfounded reliance on *Wal-Mart Stores, Inc. v. Samara Brothers, Inc.,* 529 U.S. 205, 120 S. Ct. 1339 (2000) to support Anna Sui's contention that its reverse passing off claims are properly brought under the Lanham Act. The claims at issue in *Wal-Mart* did not involve a "reverse passing off claim," but instead involved a trade dress infringement claim with the requisite showing of secondary meaning. *Id*.; *Dastar Corp*., 539 U.S. 23 at 36 (discussing *Wal-Mart* as a trade dress infringement case with the attendant heightened requirements of secondary meaning). Even if Anna Sui were to assert a trade dress infringement claim, which it heretofore has not, given that Anna Sui's Opposition at page 7 clarifies its Lanham Act claims as involving "reverse passing off," any such trade dress claim must also fail because Anna Sui has failed to plead the necessary factors to establish trade dress infringement. As stated by this court in *Thompson v. V.E.W. Ltd. et al.,* No. 06-CIV-15336 at *3, 2007 WL 1746739 (S.D.N.Y. June 15, 2007), "[t]o state a claim for trade dress infringement, a plaintiff must articulate 'the specific elements which comprise its distinct dress,' and 'a precise expression of the character and scope of the claimed trade dress.'" (quoting *Landscape Forms, Inc. v. Columbia Cascade Co.,* 113 F.3d 373, 381 (2d Cir. 1997)). Furthermore, a plaintiff "must establish (1) that its trade dress 'is distinctive as to the source of the good,' (2) 'that there is a likelihood of confusion between [the plaintiff's] good and the defendant's,' and (3) that the trade dress is not functional." *Eliya, Inc. v. Kohl's Department Stores*, No. 06-CIV-195 at *2, 2006 WL 2645196 (S.D.N.Y. Sept. 13, 2006) (quoting *Yurman Design, Inc. v. PAJ, Inc.,* 262 F.3d 101, 115-16 (2d Cir. 2001)). In the present litigation, we are left devoid of allegations that

would establish with the requisite specificity the elements of Anna Sui's "trade dress," whether such elements are distinctive, and whether such elements are functional. Indeed, given Anna Sui's prior statements as to the mere six to seven week shelf-life of garments in the world of haute couture which Anna Sui occupies (Affirmation of Marya Yenn Lee filed December 10, 2007 in support of Plaintiff's Motion for Expedited Discovery), and given that each garment conceivably incorporates different elements, it is extremely unlikely that Anna Sui could, in good faith, plead any allegations that its as-of-yet unspecified trade dress could have garnered source distinctiveness in the mere six to seven week period that any of its particular garments are sold to the public.

In sum, Anna Sui's reverse passing off claim must fail, because the situation at hand falls squarely within the facts presented by *Dastar*. In *Dastar*, the Supreme Court held that:

> [plaintiffs' Lanham Act claim] would undoubtedly be sustained if Dastar had bought some of [plaintiffs'] videotapes and merely repackaged them as its own. However, Dastar has instead taken a creative work in the public domain, copied it, made modifications (arguably minor), and produced its very own series of videotapes. If "origin" refers only to the manufacturer or producer of the physical "good" that is made available to the public (here, the videotapes), Dastar was the origin…. Because Dastar was the "origin" of the physical products it sold as its own, [plaintiffs] cannot prevail on their Lanham Act claim. *Id*. at 2042-2043.

In the present litigation, as in *Dastar*, it is clear that the basis of Anna Sui's claim is the sale of Defendants' own physical goods, which Anna Sui alleges infringe the *non-physical* intangible designs or patterns of Anna Sui. Because Defendant is the "origin" of the physical dresses which underlie the instant litigation, Anna Sui cannot prevail on its Lanham Act claim. As was the case in *Dastar*, Planitiff's claim here too must fail.

> II. **ANNA SUI'S STATE LAW CLAIMS FOR UNFAIR COMPETITION AND UNLAWFUL TRADE PRACTICES, PREMISED ON REVERSE PASSING OFF, MUST FAIL BECAUSE SUCH CLAIMS ARE PRE-EMPTED BY FEDERAL COPYRIGHT LAW**

Just as Lanham Act claims premised on reverse passing off are foreclosed by *Dastar*, claims brought under New York State law alleging unfair competition and unlawful trade practices, premised on "reverse passing off," are foreclosed as pre-empted by Federal Copyright Law. *See Thomas Publishing Co., LLC. v. Technology Eval. Centers, Inc.*, No. 06-CIV-14212, 2007 WL 2193964 (S.D.N.Y. Jul. 27, 2007) (state law reverse passing off claim preempted as containing "no extra element" to render the state claim non-equivalent to the federal copyright claim); *Silverstein v. Penguin Putnam, Inc.*, 552 F.Supp.2d 579, 85 U.S.P.Q.2d 1559 (S.D.N.Y. 2007) ("[i]t is well-settled that a [state law claim] for reverse passing off predicated on the theory that defendant's product replicates plaintiff's expressions contains no extra element and is therefore preempted"); *Integrative Nutrition Inc. v. Academy of Healing Nutrition*, 476 F.Supp. 2d 291, 297 (S.D.N.Y. 2007) ("Claims predicated on a theory of reverse passing off are preempted by §301"); *American Movie Classics Company v. Turner Entertainment Co.*, 922 F.Supp. 926, 934 (S.D.N.Y. 1996) (finding plaintiff's unfair competition claim that defendant reproduced the plaintiff's work and sold it under the defendant's name preempted); *Waldman Publishing Corp. v. Landoll, Inc.,* 848 F. Supp. 498, 505 (S.D.N.Y. 1994) (finding preemption for reverse passing off claims) *vacated on other grounds*, 43 F.3d 775 (2d Cir. 1994).

As in *Silverstein*, Anna Sui's Opposition constitutes an "attempt to rescue [its] unfair competition claim by seizing on the 'passing off cases'" and those cases must be deemed inapposite. *Id.* As stated in *Silverstein*, "[u]nlike a reverse passing off claim, a passing off claim does not involve acts of reproduction and does require proof of defendant's misrepresentation in

7

order to be actionable under state law. Therefore, a passing off claim is qualitatively different from a copyright infringement claim and is not preempted" whereas a "reverse passing off" claim is preempted. *Id. See also American Movie Classics Co.*, 922 F.Supp. at 933 (S.D.N.Y. 1996). Therefore, Anna Sui's reliance on cases such as *Wal-Mart Stores, Inc. v. Samara Brothers, Inc.,* 529 U.S. 205, 120 S.Ct. 1339 (2000), *Eliya, Inc. v. Kohl's Dept. Stores*, No. 06-CIV-195, 2006 WL 2645196 (S.D.N.Y., Sept. 13, 2006) and *U-Neek, Inc. v. Wal-Mart Stores, Inc.,* 147 F.Supp.2d 158, 2001 Copr.L.Dec. P 28,272 (S.D.N.Y. 2001) is misplaced, because these cases involve trade dress infringement claims and their attendant unfair competition claims for *"passing off"* as opposed to the claim of *"reverse passing off"* that Anna Sui alleges in the instant litigation. In other words, in *Wal-Mart, Eliya,* and *U-Neek*, the plaintiffs' alleged distinctive trade dress, if appropriated by the respective defendants, would have resulted in the defendants "passing off" defendants' goods as plaintiff's under the guise of plaintiff's trade dress. In the present lawsuit, however, Anna Sui argues the opposite context of "reverse passing off" – one where Defendants are alleged to have sold Anna Sui's intangible designs as Defendant's own. This brings the matter squarely within the subject matter of federal copyright law and therefore, as this Court held in *Silverstein*, Anna Sui's reverse passing off claims under state law must be deemed preempted. *Silverstein*, 3 F.3d 656 at 666.

Indeed, in *Colour & Design v. U.S. Vinyl Manufacturing Corp*., No. 04-CIV-8332 at *6, 2005 WL 1337864 (S.D.N.Y., June 3, 2005) (involving a non-preempted "passing off claim" as opposed to a "reverse passing off claim"), cited by Anna Sui in its own opposition papers at page 8, this Court succinctly explained this salient distinction:

> There are two types of passing off claims. "In reverse passing off, the wrongdoer sells plaintiff's products as its own. It contrasts with passing off, where the wrongdoer sells its products as the plaintiff's." [*Fun-Damental Too, Ltd. v. Gemmy Industries Corp.*, No. 96-1103, 1996 WL 724734, at *2 (S.D.N.Y. Dec. 17 1996)] (quoting *Waldman Publ'g Corp. v. Landoll, Inc.*, 848 F.Supp. 498, 5001-01 (S.D.N.Y.), *vacated in part on other grounds*, 43 F.3d 775 (2d Cir. 1994)). Unfair competition claims alleging the former are

8

preempted because they are "equivalent to a claim for copyright infringement." *See, e.g., Am. Movie Classics Co. v. Turner Entm't Co.*, 922 F.Supp. 926, 934 (S.D.N.Y. 1996) (citing *Waldman*, 848 F.supp. at 505)  *Id.*

Therefore, Anna Sui's claims of unfair competition and unlawful trade practices pursuant to New York State law are pre-empted by federal copyright law because they are premised on reverse passing off.

### III. PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED FOR UNLAWFUL TRADE PRACTICES UNDER NEW YORK LAW

Anna Sui's allegation of "reverse passing off" cannot establish a cognizable claim for "Unlawful Trade Practices in Violation New York General Business Law."  As this Court noted in *Eliya, Inc. v. Kohl's Dept. Stores*, No. 06-CIV-195 at *7, 2006 WL 2645196 (S.D.N.Y. Sept. 13, 2006) (citing *Sports Traveler, Inc. v. Advance Mag. Pub., Inc.*, No. 96-CIV-5150, 1997 WL 137443 (S.D.N.Y. Mar. 24, 1997)) "[w]here the only alleged harm is that which is generally associated with violations of intellectual property law, courts in this district have found that plaintiffs cannot state a claim under §349." *See also SMJ Group, Inc. v. 417 Lafayette Restaurant LLC*, No. 06-CIV-1774, 2006 WL 2516519 at *5 (S.D.N.Y. Aug. 30, 2006) (holding that even the allegation of consumer confusion as part of a trademark infringement case would not be the type of harm necessary to make out a claim under § 349).

The core of Anna Sui's claim, and indeed the entire Amended Complaint, is that Anna Sui is harmed by Defendants' alleged taking of its copyrighted designs and using said designs in competition with Anna Sui.  Under the controlling precedent, Anna Sui's assertions as to Defendants' alleged "reverse passing off" fail to state a cognizable unlawful trade practices claim and should be dismissed.

### IV. CONCLUSION

For the reasons stated above and in Defendants' moving papers, Defendants respectfully request that their motion to dismiss Plaintiff's claims for Unfair Competition and False Designation of Origin or Sponsorship in violation of 15 U.S.C. 1125(a), Unlawful Trade Practices in violation of New York General Business Law, and Common Law Unfair Competition in violation of New York State law be granted in its entirety.

Dated: September 5, 2008                         Respectfully submitted,

                                                 By:      s/ Robert L. Powley
                                                        Robert L. Powley (RP 7674)
                                                        James M. Gibson (JG 9234)
                                                        David J. Lorenz (DL 3072)

                                                        Attorneys for Defendants
                                                        Forever 21, Inc., Forever 21 Retail
                                                        Inc., Forever 21 Logistics, LLC,
                                                        Do Won Chang and Jin Sook Chang

                                                        Powley & Gibson, P.C.
                                                        304 Hudson Street, 2nd Floor
                                                        New York, New York 10013
                                                        Phone: 212-226-5054
                                                        Fax:    212-226-5085

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of

DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF

DEFENDANTS' MOTION TO DISMISS CLAIMS 2, 3, AND 4 OF PLAINTIFF'S

FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON

 WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV.P. 12(b)(6)

was served upon counsel for Plaintiff by ECF and First-Class Mail, postage prepaid, on

this 5th day of September, 2008, addressed as follows:

        Marya Lenn Yee, Esq.
        Amy C. Opp, Esq.
        DONOVAN & YEE LLP
        The Soho Building
        110 Greene Street, Suite 700
        New York, New York  10012
        (212) 226-7700

        _____
        Hewson Chen