UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

ANNA SUI CORP.,

               Plaintiff,

      - against -

FOREVER 21, INC., FOREVER 21
RETAIL, INC., FOREVER 21 LOGISTICS,
LLC, DO WON CHANG, JIN SOOK
CHANG, GADZOOKS, INC., GERALD P.
SZCZEPANSKI and JOHN DOES 1 to 20,

               Defendants.

------------------------------------------------x

07 Civ. 3235 (TPG)

**OPINION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/25/08

Plaintiff Anna Sui Corp. brings this action against defendants Forever 21, Inc., Forever 21 Retail, Inc., Forever 21 Logistics, LLC, Do Won Chang, Jin Sook Chang, Gadzooks, Inc., Gerald P. Szczepanski and John Does 1 to 20, asserting (1) willful copyright infringement in violation of 17 U.S.C. § 101, (2) unfair competition and false designation of origin or sponsorship in violation of 15 U.S.C. § 1125(a), (3) unlawful trade practices in violation of New York General Business Law, and (4) common law unfair competition in violation of New York state law.

Defendants Do Won Chang ("DWC") and Jin Sook Chang ("JSC") move to dismiss the amended complaint for lack of personal jurisdiction. The motion is denied.

**Facts**

On a motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of showing that the court has jurisdiction over the defendant. Where, as here, the parties have not engaged in discovery on the issue of jurisdiction, all pleadings and affidavits must be construed in the light most favorable to the plaintiff and all doubts must be resolved in the plaintiff's favor. Merck & Co. v. Mediplan Health Consulting, Inc., 425 F. Supp. 2d 402, 418-19 (S.D.N.Y. 2006).

Anna Sui is a well-known designer of women's fashions. She incorporated her business under the name Anna Sui Corp., which is a New York corporation with a principle place of business in New York. The Forever 21 entities ("Forever 21") are domiciled in Delaware and California. The headquarters of the business is in Los Angeles, California. Forever 21 operates women's clothing stores. Defendants Forever 21, Inc. and Forever 21 Retail, Inc. admit personal jurisdiction. Defendant Forever 21 Logistics, LLC, however, denies personal jurisdiction, as do the moving defendants DWC and JSC.

DWC is a co-founder and Chief Executive Officer of Forever 21, Inc. JSC is a co-founder of and Head Buyer for Forever 21, Inc. Plaintiff alleges that Forever 21 is primarily owned by DWC and JSC. Both DWC and JSC are residents of California. Plaintiff's amended complaint alleges that this court has personal jurisdiction over DWC and JSC,

because they "are conscious, active and dominant forces in the infringing activity" of Forever 21, which includes activity in New York. In their motion to dismiss, DWC and JSC contend that they have never undertaken any business activities in New York in their capacities as individuals.

It is uncontested that Forever 21 operates a number of stores in the state of New York, including several stores in New York City. Indeed, plaintiff alleges that a number of infringing designs have been discovered in Forever 21's Manhattan stores. Plaintiff's amended complaint contains numerous allegations to the effect that by virtue of their positions as owners and high ranking officials of Forever 21, DWC and JSC are responsible for the management and operation of Forever 21 stores, including the decision to implement a business plan centered on infringing protected designs. Plaintiff asserts that as owners of Forever 21, DWC and JSC have benefited financially from the sale of Forever 21 goods within New York, including the sale of infringing designs. Plaintiff further alleges that DWC and JSC own a holding company, Too Capital, which owns One Clothing, the largest vendor to Forever 21, which is a source of infringing designs.

## Discussion

In an action arising under federal question jurisdiction, the court will look to the law of the state where the court sits to resolve the question of personal jurisdiction over an out-of-state defendant. <u>Kinetic</u>

Instruments, Inc. v. Lares, 802 F. Supp. 976, 981 (S.D.N.Y. 1992). New York law thus controls on the issue of whether this court may exercise personal jurisdiction over defendants, DWC and JSC.

To determine whether personal jurisdiction may be properly exercised, this court must conduct a two-part analysis: whether New York state law permits personal jurisdiction, and if so, whether the exercise of personal jurisdiction under state law comports with federal due process requirements. Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001).

Exercise of Jurisdiction Under New York's Long-Arm Statute

Plaintiff relies on CPLR § 302(a)(2), which provides, in pertinent part:

> (a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> * * *
>
> 2. commits a tortious act within the state, ...

Copyright infringement is a commercial tort that can give rise to jurisdiction under § 302(a)(2). J. Racenstein & Co., Inc. v. Wallace, No. 96 Civ. 9222, 1997 WL 605107, at *2 (S.D.N.Y. Oct. 1, 1997). Indeed, offering "one copy of an infringing work for sale in New York, even if there is no actual sale, constitutes commission of a tortious act within the state sufficient to imbue this court with personal jurisdiction over the

infringers." Editorial Musical Latino Americana, S.A. v. MAR Int'l Records, Inc., 829 F.Supp. 62, 64 (S.D.N.Y.1993).

Here, plaintiff does not assert that there is jurisdiction over DWC and JSC on the basis of personal presence in New York and the personal commission of tortious acts in the state. Instead, plaintiff maintains that this court has jurisdiction over DWC and JSC on a theory of agency.

CPLR 302(a) provides that a defendant may be subject to long-arm jurisdiction for acts that he performed personally or "through an agent." Here, plaintiff alleges that Forever 21 engaged in infringing conduct "at the direction and supervision of" DWC and JSC. As it is uncontested that this court has personal jurisdiction over defendants Forever 21, Inc. and Forever 21 Retail, Inc., plaintiff contends that (and this court must assess whether) Forever 21 may be considered the agent of defendants, DWC and JSC, so that the purported infringing activities of Forever 21 in New York may be relied on to obtain personal jurisdiction over DWC and JSC under CPLR 302(a)(2).

Under New York law, "a corporation can act as the agent of a corporate officer and thus subject the officer to personal jurisdiction under section 302." Beatie & Osborn LLP v. Patriot Scientific Corp., 431 F. Supp. 2d 367, 389 (S.D.N.Y. 2006). To assert such an agency theory, a plaintiff must allege: "(1) that the corporation engaged in purposeful activities in New York in relation to the transaction; (2) that the corporation's activities were performed for the benefit of the individual

defendant; (3) that the corporation's activities were performed with the knowledge and consent of the individual defendant; and (4) that the individual defendant exercised some control over the corporation." Id.[1]

This court should conclude that plaintiff has satisfied this agency test. The first prong of the test is clearly met, as Forever 21 has engaged in purposeful activities in New York in connection with this action by operating a number of stores in the state, where plaintiff alleges a number of infringing designs were discovered. Plaintiff has also satisfied the "benefit" prong of the agency test by alleging that Forever 21 is primarily owned by DWC and JSC, and thus that they both derive financial benefit from the sale of Forever 21 goods in New York, including the sale of infringing designs. Plaintiff also adequately alleges that the infringing conduct of Forever 21 was performed with the knowledge and consent of DWC and JSC. Among other things, plaintiff alleges that DWC and JSC have an ownership interest in One Clothing, the largest vendor to Forever 21 and a vendor identified as the source of infringing designs.

Finally, plaintiff has satisfied the "control" prong of the agency test. Under New York law, a "corporate president who has a financial interest

---

[1] In Kreutter v. McFadden Oil Corp., the New York Court of Appeals rejected the fiduciary shield doctrine. 71 N.Y.2d 460, 470-72, 522 N.E.2d 40, 527 N.Y.S.2d 195 (1988). Therefore, defendants DWC and JSC will not be insulated from jurisdiction in New York simply because their contacts with the state were made pursuant to their employment with Forever 21. Under the fiduciary shield doctrine, a corporate employee sued in his personal capacity was not subject to jurisdiction if his contacts with the forum state were solely on behalf of his corporate employer. Kinetic Instruments, Inc., 802 F. Supp. at 981.

in the company and the ability to supervise or control an infringing activity will be held personally liable." Colour & Design v. U.S. Vinyl Mfg. Corp., No. 04 Civ. 8332, 2005 WL 1337864, at *3 (S.D.N.Y. June 3, 2005). Here, DWC and JSC are both high ranking officials and primary owners of Forever 21.

Plaintiff sufficiently alleges that both DWC and JSC have committed acts of infringement in New York State through their agents.

Constitutional Minimum Contacts

Before jurisdiction is proper, an additional inquiry must be made into whether the exercise of personal jurisdiction over DWC and JSC under New York law comports with federal due process requirements. Under the Due Process Clause of the Fourteenth Amendment, before an out-of-state defendant may be subject to personal jurisdiction in another state, the defendant must have "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). When such minimum contacts exist, the defendant should reasonably anticipate being brought into court in the forum state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 287 (1980).

Here, even though DWC and JSC reside in California, their alleged roles in Forever 21's distribution and sale of infringing designs within New York is sufficient to satisfy due process requirements. It is well

established that as long as "a party avails itself of the benefits of the forum, has sufficient minimum contacts with it, and should reasonably expect to defend its actions there, due process is not offended if that party is subjected to jurisdiction even if not 'present' in that State." Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 466, 522 N.E.2d 40, 527 N.Y.S.2d 195 (1988). These criteria are clearly satisfied as to DWC and JSC.

## Conclusion

The motion to dismiss for lack of personal jurisdiction over defendants DWC and JSC is denied.

Dated: New York, New York
Sept. 24, 2008

SO ORDERED

*Thomas P. Griesa*

Thomas P. Griesa
U.S.D.J.