```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ANNA SUI CORP.,                                                   x
                                                                  x
                       Plaintiff,                                 x
                                                                  x
       -v.-                                                       x
                                                                  x    07 Civ. 3235 (TPG)
FOREVER 21, INC., FOREVER 21 RETAIL, INC.,                        x
FOREVER 21 LOGISTICS, LLC,                                        x
DO WON CHANG, JIN SOOK CHANG,                                     x
GADZOOKS, INC., GERALD P. SZCZEPANSKI                             x
and JOHN DOES 1 to 20,                                            x
                                                                  x
                       Defendants.                                x
------------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/09

## PERMANENT INJUNCTION UPON CONSENT

WHEREAS, Anna Sui Corp. ("Anna Sui") filed a complaint in the above captioned action on April 23, 2007, as amended on June 26, 2007, charging the defendants, Forever 21 Inc., Forever 21 Retail, Inc., Forever 21 Logistics, Inc., Do Won Chang, and Jin Sook Chang (collectively, "F21 Defendants") with, *inter alia*, willful infringement of Anna Sui's registered and common law copyrights, unfair competition and false designation of origin or sponsorship, and unfair competition (Anna Sui and the F21 Defendants are referred to herein collectively as the "Parties"); and

WHEREAS, Anna Sui represents and warrants that Exhibit A hereto sets forth a complete and accurate listing of all current U.S. Copyright Registrations for the works asserted by Anna Sui in this action (collectively "AS Copyrighted Works"); and

WHEREAS, Anna Sui has alleged that certain garments sold or offered for sale by the F21 Defendants infringe the AS Copyrighted Works (collectively, the "Disputed Garments"); and

WHEREAS, the Parties have concurrently entered into a settlement agreement dated ⟨illegible⟩, 2009 (the "Settlement Agreement") in which each Party has made certain representations and warranties, all of which are expressly incorporated by reference herein, and

WHEREAS, the F21 Defendants hereby warrant and represent that none of the Disputed Garments were manufactured by any of the F21 Defendants; and

WHEREAS, Anna Sui and the F21 Defendants desire to settle the controversy between them, without any admission of liability, and have entered into the Settlement Agreement for that purpose it is:

ORDERED, ADJUDGED AND DECREED as between and among the Parties hereto:

1. This Court has jurisdiction over Anna Sui and the F21 Defendants in this action and over the subject matter in this action.

2. The breach of any representation or warranty made by a Party in the Settlement Agreement shall be deemed a breach of this Order.

3. Anna Sui owns all exclusive right title and interest in and to the copyrights for the AS Copyrighted Works.

4. The F21 Defendants, and their owners, partners, shareholders, officers, directors, employees, agents, affiliates, subsidiaries, representatives, and all persons acting by, through or in active concert with any of them, shall be and hereby are permanently restrained and enjoined from:

    a. Any use of the AS Copyrighted Works or any designs substantially similar thereto; and

    b. Any manufacture, reproduction, import, export, preparation, promotion, license, display, sale, offer for sale, distribution or marketing of apparel or any other goods bearing the AS Copyrighted Works, or any designs substantially similar thereto; and

    c. Representing, suggesting, or claiming that the F21 Defendants or their products or services are in any way sponsored by, affiliated with, or endorsed or licensed by Anna Sui; and

    d. Knowingly assisting, inducing, aiding or abetting any other person or entity engaging in the activities prohibited by this Order.

5.     The F21 Defendants shall, within thirty (30) days of execution of this Injunction, destroy all remaining inventory in the possession of the F21 Defendants and shall immediately provide a declaration confirming the same to Anna Sui pursuant to the Settlement Agreement.

6.     In accordance with the terms of the Parties' Settlement Agreement, within four (4) business days of receipt of written notice from Anna Sui, the F21 Defendants shall cease the promotion and sale of any goods which Anna Sui alleges infringe any copyrighted work owned by Anna Sui, including but not limited to the Anna Sui Copyrighted Works, and shall provide Anna Sui with an accounting for all complained-of goods within ten (10) business days. Within the period of twenty (20) business days following receipt by the F21 Defendants of written notice from Anna Sui, the Parties shall confer in good faith toward a resolution of the alleged infringement in accordance with the terms of the Parties' Settlement Agreement ("Meet and Confer Period"). Neither Party shall initiate any legal action or lawsuit during the Meet and Confer Period.

7. Jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Permanent Injunction Upon Consent, the enforcement thereof and the punishment of any violations thereof and any enforcement of the settlement agreement entered into by the Parties. The Parties consent to this Court's venue and personal jurisdiction for any such motion or proceeding.

8. The prevailing Party in any motion for contempt of this Order shall be entitled to its costs and reasonable attorney's fees associated with such motion, in addition to all other remedies to which it may be entitled in law and equity.

9. This Order shall be enforceable against the F21 Defendants for any of the F21 Defendants' actions in violation of this Order, whether such actions occur within the United States or outside of the United States.

10. This Order is a final adjudication of all claims alleged in the above captioned action and this Order is not appealable.

SO ORDERED

_____
U.S.D.J.

Dated April 17, 2009

## CONSENTS

The undersigned Parties, consent to the entry of the foregoing Permanent Injunction Upon Consent.

Dated: MARCH 27, 2009

**Anna Sui Corp.**

By: _____

Name: ROBERT F. SUI

Title: CFO

DONOVAN & YEE LLP
Attorneys for Plaintiff
Anna Sui Corp.

By _____
Andrea L. Calvaruso (AC 0514)
Amy C. Opp (AO 2677)
The Soho Building
110 Greene Street, Suite 700
New York, New York 10012
(212) 226-7700

**Forever 21, Inc.**

By: _____

Name:

Title:

**Forever 21 Retail, Inc.**

By: _____

Name:

Title:

5

## CONSENTS

The undersigned Parties, consent to the entry of the foregoing Permanent Injunction Upon Consent.

Dated: 4/2, 2009

**Anna Sui Corp.**

By:_____

Name:

Title:

DONOVAN & YEE LLP
Attorneys for Plaintiff
Anna Sui Corp.

By_____
Andrea L. Calvaruso (AC 0514)
Amy C. Opp (AO 2677)
The Soho Building
110 Greene Street, Suite 700
New York, New York 10012
(212) 226-7700

**Forever 21, Inc.**
By: _____
Name: Larry Meyer
Title: Executive Vice President

**Forever 21 Retail, Inc.**
By: _____
Name: Larry Meyer
Title: Executive Vice President

5

Forever 21 Logistics, LLC

By: *[signature]*

Name: Larry Meyer

Title: Executive Vice President

Do Won Chang

*[signature]*

Jin Sook Chang

*[signature]*

POWLEY & GIBSON, P.C.
Attorneys for Defendants

---

Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
304 Hudson Street
2nd Floor
New York, New York 10013
(212) 226 – 5054

6

Forever 21 Logistics, LLC

By:_____

Name:

Title:

Do Won Chang

_____

Jin Sook Chang

_____

POWLEY & GIBSON, P.C.
Attorneys for Defendants

*[signature]*

Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
304 Hudson Street
2nd Floor
New York, New York 10013
(212) 226 – 5054